DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

April 25, 2012

BY PERSONAL SERVICE

Mr. Aaron McLawhorn
Mr. Justin T. McLawhorn
McLawhorn Livestock Farm, Inc. (Banks)
5903, 5909, and/or 6001 Highway 17 South
New Bern, NC 28562

**Notice of Intent to Sue**

Dear Mssrs. Aaron McLawhorn and Justin McLawhorn:

Enclosed please find a copy of the Notice of Intent to Sue yourselves and the McLawhorn Livestock Farm, Inc. (Banks). Notice originally was served on Wednesday, December 22, 2010 to the official McLawhorn Livestock Farm, Inc. (Banks) address at 5909 Highway 17 South, New Bern, NC 28562. Several subsequent attempts to serve notice on McLawhorn Livestock Farm, Inc. (Banks) have also been made. We continue to monitor the facility and have found evidence of continued violations of the Clean Water Act ("CWA") and the Solid Waste Disposal Act ("SWDA").

Notice is being provided to you to satisfy the requirements of the CWA and SWDA citizen suit provisions. At the close of the relevant notice period, or shortly thereafter, if satisfactory steps are not taken to remedy these violations, Plaintiffs intend to file a citizen suit under Section 505(a) of the CWA and/or Section 7002 of the SWDA against you and McLawhorn Livestock Farm, Inc. (Banks) to compel compliance with CWA and the SWDA. During the relevant notice period, Plaintiffs would be willing to discuss effective remedies for violations noted in the letter. However, if you wish to pursue negotiations in the absence of litigation, you should initiate such negotiations within the next twenty days so that they be completed prior to expiration of the notice period.

Sincerely,

Bethany Davis Noll
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
t. 212-900-6270

Exhibit B

CC via certified mail:

    Lisa P. Jackson, Administrator
    United States Environmental Protection Agency
    Ariel Rios Building
    1200 Pennsylvania Ave., N.W.
    Washington, D.C. 20460

    Eric H. Holder, Jr., Attorney General
    United States Department of Justice
    950 Pennsylvania Ave., NW
    Washington, D.C. 20530

    Gwendolyn Keyes Fleming, Regional Administrator
    United States Environmental Protection Agency
    Region 4 Sam Nunn Atlanta Federal Center
    61 Forsyth Street, SW
    Atlanta, GA 30303-8960

    Dee Freeman, Secretary
    North Carolina Department of Environment and Natural Resources
    1601 Mail Service Center
    Raleigh, NC 27699

    Roy Cooper, Attorney General
    North Carolina Department of Justice
    Post Office Box 629
    Raleigh, North Carolina 27602

    Manly M. West, Commission Chairman
    North Carolina Division of Soil and Water
    1614 Mail Service Center
    Raleigh, NC 27699

    Murphy-Brown, LLC
    2822 Highway 24 West
    Warsaw, NC 28398

DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

January 11, 2011

BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED

Mr. Donald E. Taylor
498 East Pleasant Hill Road
Pink Hill, NC 28572

Site Manager and Managing Agent
McLawhorn Livestock Farms (Banks Facility)
360 Ben Banks Road
Trenton, NC 28585

**Notice of Intent to Sue McLawhorn Banks Facility**

Dear Mr. Taylor:

Enclosed please find a copy of the Notice of Intent to Sue the McLawhorn Livestock Farm, Inc. (Banks) delivered to Mr. Bobbie F. McLawhorn and Mr. Frederick A. McLawhorn, on Wednesday, December 22, 2010 to the official McLawhorn Livestock Farm, Inc. (Banks) address at 5909 Highway 17 South, New Bern, NC 28562 and to its address at 5903 Highway 17 South, New Bern, NC 28562, and faxed to (252) 637-2028; (252) 637-2125.

On December 27, 2010, a notice was publicly recorded showing a transfer of ownership of the McLawhorn Banks facility from Mr. Bobbie F. McLawhorn and Mr. Frederick A. McLawhorn to you, Mr. Donald E. Taylor, effective November 23, 2010. Accordingly, please find enclosed a Notice of Intent to sue the McLawhorn Banks facility addressed to you as the current owner of the facility.

Sincerely,

Bethany Davis Noll
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
t. 212-900-6270

Enclosures

CC: Mr. Bobbie F. McLawhorn
Mr. Frederick A. McLawhorn
McLawhorn Livestock Farm,
Inc. (Banks)
5909 Hwy 17 South
New Bern, NC 28562-9668

Mr. Bobbie F. McLawhorn
Mr. Frederick A. McLawhorn
McLawhorn Livestock Farm,
Inc. (Banks)
5903 Highway 17 South
New Bern, NC 28562

Lisa P. Jackson, Administrator
United States Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

Eric H. Holder, Jr., Attorney General
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, D.C. 20530

Gwendolyn Keyes Fleming, Regional Administrator
United States Environmental Protection Agency
Region 4 Sam Nunn Atlanta Federal Center
61 Forsyth Street, SW
Atlanta, GA 30303-8960

Dee Freeman, Secretary
North Carolina Department of Environment and Natural Resources
1601 Mail Service Center
Raleigh, NC 27699

Roy Cooper, Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602

Manly M. West, Commission Chairman
North Carolina Division of Soil and Water
1614 Mail Service Center
Raleigh, NC 27699

Murphy-Brown, LLC
2822 Highway 24 West
Warsaw, NC 28398

DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
Fax 212 909 6836
www.debevoise.com

**VIA FACSIMILE AND FEDEX**

December 22, 2010

Mr. Bobbie F. McLawhorn
Mr. Frederick A. McLawhorn
McLawhorn Livestock Farm, Inc. (Banks)
5909 Hwy 17 S
New Bern, NC 28562-9668
p. 252-637-6625
f. 252-637-2028; 252-637-2125

**RE: Notice of Intent to Sue McLawhorn Livestock Farm, Inc. (Banks) for Violations of the Clean Water Act and the Solid Waste Disposal Act**

Dear Messrs. McLawhorn and McLawhorn:

Please be advised that the Neuse Riverkeeper Foundation, Inc.; Mr. Lawrence Baldwin, in both his individual capacity and his official capacity as the Lower Neuse Riverkeeper; Mr. Richard Dove; the Waterkeeper Alliance; and the North Carolina Environmental Justice Network ("Plaintiffs") hereby give ninety days notice of their intent to sue McLawhorn Livestock Farm (Banks) ("McLawhorn Banks") pursuant to Section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and Section 7002 of the Solid Waste Disposal Act ("SWDA"), 42 U.S.C. § 6972. Specifically, in accordance with Section 505 of the CWA and applicable regulations, Plaintiffs are providing you with notice of their intent to commence a civil action against the McLawhorn Banks facility for illegal discharges of pollutants without a permit into Long Branch Creek and ultimately into the Trent and Neuse Rivers in violation of the CWA. Additionally, in accordance with Section 7002 of the SWDA and applicable regulations, Plaintiffs are providing you with notice of their intent to file a citizen suit against the McLawhorn Banks facility for illegal treatment, storage, and disposal of solid and/or hazardous waste in violation of the open dumping prohibitions in the SWDA, and for contributing to the treatment, storage, and disposal of solid and/or hazardous waste that may present an imminent and substantial endangerment to human health and the environment in the Trent River and Neuse River watersheds in violation of the SWDA.

The Neuse Riverkeeper Foundation, Inc. and Waterkeeper Alliance are both advocacy member organizations concerned with water quality and maintaining waterways for the use and enjoyment of their members and the general public. Richard

Dove and Lower Neuse Riverkeeper Lawrence Baldwin are residents of North Carolina that work, reside, recreate, and enjoy the waters on and around the Neuse River. Both Richard Dove and Lawrence Baldwin are members of the Neuse Riverkeeper Foundation and Waterkeeper Alliance. The North Carolina Environmental Justice Network is a member organization concerned both with the environmental and human health effects caused by industrial animal operations, and with protecting and preserving North Carolina waterways.

## I. WASTE DISPOSAL AND POLLUTION AT THE MCLAWHORN BANKS FACILITY

The McLawhorn Banks facility is a large concentrated animal feeding operation ("CAFO") that confines or stables approximately 4,380 wean-to-feeder swine and 10,320 feeder-to-finish swine that is located in Jones County, North Carolina and its mailing address is 5909 Hwy 17 S, New Bern, NC 28562-9668. Bobbie F. McLawhorn and Frederick A. McLawhorn are representatives, registered agents, owners, and operators of the McLawhorn Banks CAFO.

The McLawhorn Banks facility is located in the Trent River and Neuse River watersheds. It is bordered on the east by a tributary of Long Branch Creek and on the northwest, west, and southwest by Long Branch Creek, a tributary of the Trent River. The Trent River is a tributary of the Neuse River. An investigation of the McLawhorn Banks facility has revealed a pattern of historic and continuing illegal discharges of pollutants into navigable waters of the United States without a permit in violation of the CWA. It has further revealed the McLawhorn Banks facility's historic and current practice of illegally treating, storing, and disposing of solid and/or hazardous waste by operating an open dump in violation of the SWDA. Additionally, the McLawhorn Banks facility's illegal treatment, storage, and disposal of solid and/or hazardous waste and associated releases of pollutants into the soil, groundwater, and surface waters of the Trent River and Neuse River watersheds may and does present an imminent and substantial endangerment to human health and the environment in violation of the SWDA.

The McLawhorn Banks facility has disposed of large volumes of swine waste on fields in excess of any legitimate fertilization purpose, on bare ground, directly into waters, into drainage ditches that flow into waters, and generally in a manner that causes runoff of waste, leaching of pollutants to groundwater, and discharges of pollutants into waters of the United States. The McLawhorn Banks facility's past and ongoing management, disposal, and discharge of swine waste at the facility has caused and is causing the discharge of pollutants into waters of the United States including, but not limited to, biological material and other organic matter exerting chemical and biological oxygen demand in the waters; nutrients, including nitrogen and phosphorus; suspended dissolved solids; salts; metals; sewage; solid waste; agricultural waste; pathogens; pesticides; biocides; disinfectants; antibiotics; hormones; and other materials ("pollutants").

These waste disposal practices and discharges contribute to diminished water quality and violations of water quality standards, including, without limitation, nutrient, aesthetics, bacteria, and anti-degradation standards in the Trent and Neuse Rivers, including Long Branch Creek and a tributary thereto. Water quality impacts include, without limitation, the presence in the water of visible solids (accompanied by a distinctly visible reddish color); scum, foam, sludge, and silt deposits; bad odors; materials harmful to aquatic life; fecal bacteria and pathogens; and other conditions altering the integrity of impacted waters ("water quality impacts"). In addition, animal waste contains viral, bacterial, and parasitic pathogens, including influenza viruses, polio viruses, Hepatitis A and B viruses, Salmonella species, Escherichia coli, Yersinia, Leptospora, Cryptosporidium, and Giardia, that can endanger human health and the environment when improperly treated, stored, disposed of, or discharged. Animal waste runoff and leaching to surface water and groundwater also endangers human health and the environment by potentially contributing to the formation and proliferation of disinfection byproducts in public water supplies, toxic blue-green algae, and Pfiesteria piscicida, which is highly toxic to aquatic life and harmful to humans.

## II.    CLEAN WATER ACT VIOLATIONS

Section 505(a) of the CWA authorizes any citizen to commence a civil action "against any person . . . . who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or State with respect to such a standard or limitation." 33 U.S.C. § 1365(a)(1). The McLawhorn Banks facility has discharged and is discharging pollutants in violation of the CWA Section 301(a) prohibition against the discharge of pollutants except in compliance with permitting provisions of Section 402 of the CWA. 33 U.S.C. § 1311(a); 40 C.F.R. §§ 412.12, 412.13.

The CWA prohibits the discharge of any pollutant from a point source, including a CAFO, into the waters of the United States, except pursuant to and in compliance with a National Pollution Discharge Elimination System ("NPDES") permit. 33 U.S.C. §§ 1311(a), 1342, 1362(14); see also, 40 C.F.R. § 122.23(a). A pollutant is discharged if it is added to any jurisdictional waters from any point source. 33 U.S.C. § 1362(12). The Act defines "pollutant" to include solid waste, biological materials, and agricultural waste discharged into jurisdictional waters. 33 U.S.C. § 1362(6).

Regulations promulgated pursuant to the CWA state that "[c]oncentrated animal feeding operations are point sources subject to the NPDES permit program." 40 C.F.R. § 122.23(a). Therefore, the discharge of pollutants associated with swine waste into waters of the United States from a CAFO constitutes a regulated discharge from a point source and is prohibited unless in compliance with an NPDES permit. 33 U.S.C. §§ 1311(a), 1342; see also, 40 C.F.R. § 122.23. The McLawhorn Banks facility is a large CAFO under EPA regulations because it stables or confines either 2,500 or more swine each weighing 55 pounds or more or 10,000 or more swine each weighing less than 55

pounds. 40 CFR § 122.23(b)(iv) and (v).[1] As such, the McLawhorn Banks facility may not discharge any pollutants into waters of the United States unless such discharge is pursuant to and in compliance with an NPDES permit. To Plaintiffs' knowledge, the McLawhorn Banks facility is not presently operating under an NPDES permit and thus any discharges of pollutants from the McLawhorn Banks facility are prohibited under the CWA.[2]

Plaintiffs' investigation has revealed that the McLawhorn Banks facility has repeatedly discharged pollutants into waters of the United States without an NPDES permit in violation of the CWA and that such discharges are continuous and ongoing. For example, in addition to the information described in Section I above, sampling data and photographs demonstrate that the McLawhorn Banks facility discharged pollutants in violation of the CWA as follows:

- On or about September 29, 2008; October 20, 2008; October 27, 2008; November 6, 2008; December 12, 2008; January 14, 2009; February 19, 2009; March 16, 2009; August 4, 2009; November 23, 2009; December 3, 2009; February 23, 2010; June 17, 2010; August 5 and 25, 2010; October 1, 2010; November 17, 2010; and December 2, 2010, the McLawhorn Banks facility discharged fecal coliform into the Long Branch Creek in violation of the CWA discharge prohibition.

- On or about October 20, 2008; October 27, 2008; November 6, 2008; December 12, 2008; January 14, 2009; February 10 and 19, 2009; March 16 and 23, 2009; August 4, 2009; November 23, 2009; December 3, 2009; February 23, 2010; June 17, 2010; August 5 and 25, 2010; and October 5, 2010, the McLawhorn Banks facility also discharged nutrients (in the form of nitrogen and/or phosphorus) into the Long Branch Creek in violation of the CWA discharge prohibition.

- On or about December 1, 2009; August 25, 2010; October 1 and 4, 2010; and November 15, 2010, photographs document the discharge of swine waste effluent from the McLawhorn Banks facility into the Long Branch

---

1 An animal production facility is a point source CAFO if it is an animal feeding operation ("AFO") that meets certain EPA criteria. To be an AFO, the operation must: (1) confine its animals for at least forty-five days in a twelve-month period and (2) have no grass or other vegetation in the confinement area during the normal growing season. 40 C.F.R. § 122.23(b)(1).

2 The McLawhorn Banks facility is subject to Certificate of Coverage No. AWS520002 issued pursuant to North Carolina State Swine Waste Management System General Permit No. AWG100000. This coverage is not equivalent to an NPDES permit.

> Creek. These photographs show the color, flow, and quantity of effluent flowing from the McLawhorn Banks facility's sprayfields and into the Long Branch Creek. A number of photographs also show the direct application of effluent to drainage ditches, which is contrary to the agronomic use of effluent as fertilizer. Application of waste materials in this manner places substantial quantities of effluent directly into ditches; the ditches, in turn, direct the effluent off the property and into the Long Branch Creek.

Moreover, the McLawhorn Banks facility has a history of violations recorded by the North Carolina Department of Environment and Natural Resources, Division of Water Quality ("DWQ"). On January 28, 2010, the McLawhorn Banks facility was found by DWQ to have over-irrigated fields and thereby caused excessive ponding of animal waste. Additionally, on March 11, 2010, DWQ found that the McLawhorn Banks facility had land applied animal wastewater on bare ground. Such applications of animal manure and process wastewaster in excess of legitimate fertilization requirements necessarily causes the ongoing and continuous discharge of pollutants from this facility.

This information reveals ongoing violations of the CWA. The McLawhorn Banks facility is constructed, managed, and operated such that pollutants will continue to be discharged into waters of the United States. As such, the McLawhorn Banks facility will remain in violation of the CWA for each day that it operates without an individual federal or state equivalent NPDES permit and permanently modifies its operations such that discharges will no longer occur. The McLawhorn Banks facility is liable for civil penalties of up to $37,500 per day for each violation. 33 U.S.C. § 1319(d), (g); 40 C.F.R. § 19.4, Table 1. In filing an enforcement action, Plaintiffs intend to pursue penalties and/or injunctive relief as well as costs, attorney's fees, and litigation expenses pursuant to 33 U.S.C. § 1365(d). Further, since these discharges may be "negligent" or "knowing" violations, responsible parties may be subject to criminal penalties and enforcement by a governmental agency pursuant to 33 U.S.C. § 1319(c).

## III. SOLID WASTE DISPOSAL ACT VIOLATIONS

Section 7002(a)(1)(A) and (B) of the SWDA authorizes any citizen to commence a civil action against a person who is "in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to" the Act. 42 U.S.C. § 6972(a)(1)(A). Under SWDA Section 7002(a)(1)(B), a citizen may commence a civil action against any person who has "contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B).

Plaintiffs intend to sue the McLawhorn Banks facility for open dumping under Section 4005(a), 42 U.S.C. § 6945(a). Plaintiffs further intend to sue the McLawhorn Banks facility for contributing to the past and present treatment, storage, and disposal of

solid and/or hazardous waste that may and does present an imminent and substantial endangerment to health or the environment under Section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B).

Swine waste generated, treated, stored, and disposed of at the McLawhorn Banks facility is a solid waste and/or a hazardous waste. Under the SWDA, "'[s]olid waste' means any . . . discarded material, including solid, liquid, semisolid, or contained gaseous material resulting from industrial, commercial, mining, and agricultural operations . . . ." 42 U.S.C. § 6903(27). Animal waste is "solid waste" within the meaning of SWDA Section 4005(27), 42 U.S.C. § 6903(27), and 40 C.F.R. Part 261. The SWDA defines "hazardous waste" as:

> solid waste or combination of solid wastes, which because of its quantity, concentration, or physical, chemical, or infectious characteristics may . . . . cause, or significantly contribute to an increase in mortality or . . . serious irreversible, or incapacitating reversible, illness; or . . . . pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed.

42 U.S.C. § 6903(5). Animal waste is hazardous waste within the meaning of SWDA Section 1004(5), 42 U.S.C. § 6903(5), because, inter alia, it exhibits the characteristics of "toxicity" as determined by federal regulations, including those at 40 C.F.R. § 261.24.

SWDA Section 4005(a) prohibits "any solid waste management practice or disposal of solid waste . . . which constitutes the open dumping of solid waste[.]" 42 U.S.C. § 6945(a). "Disposal" means "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste . . . into or on any land or water[.]" 42 U.S.C. § 6903(3). As the facts set forth in Section I above demonstrate, the McLawhorn Banks facility has discharged, deposited, dumped, leaked, and placed swine waste, a solid and /or hazardous waste, onto lands surrounding the facility and into nearby surface water. Additionally, the McLawhorn Banks facility engaged in open dumping on the following occasions:

- On or about December 1, 2009; February 19, 2010; July 13, 2010; August 5, 2010; and October 4, 2010, photographs document excessive ponding, over-saturation, direct runoff, burnout, and/or dumping into ditches and on fields located on the McLawhorn Banks facility.

The McLawhorn Banks facility does not operate a "sanitary landfill" meeting the criteria in 42 U.S.C. § 6944 and therefore the facility operates an open dump under the meaning of SWDA Section 1004(14), 42 U.S.C. § 6903(14), and all regulatory definitions, including those in 40 C.F.R. Part 257.

　　　　SWDA Section 7002(a)(1)(B) also prohibits "any person . . . including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility," from contributing to the past or present treatment, storage, or disposal of solid and/or hazardous waste that "may present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6972(a)(1)(B). The McLawhorn Banks facility has contributed to the treatment, storage, and disposal of swine waste, a solid and/or hazardous waste, that may present an imminent and substantial endangerment to health and the environment in the Trent River and Neuse River watersheds.

　　　　As set forth throughout this letter, the McLawhorn Banks facility has disposed of large volumes of swine waste on land in excess of any legitimate fertilization purpose and in a manner that causes runoff, discharges, and leaching of the waste and associated pollutants into surface water and groundwater in the Trent River and Neuse River watersheds. The McLawhorn Banks facility has further discharged waste and associated pollutants into drainage ditches and surface waters surrounding the facility. As set forth in Section I above, improper disposal of swine waste on land and into water endangers human health and the environment through potential exposure to numerous pollutants, bacteria, viruses, and pathogens by direct contact with the waste and it constituents, as well as by runoff, discharge, and leaching of the waste and pollutants to surface water and groundwater. Runoff, leaching, and discharges of animal waste and its constituents impairs water quality, causes violations of water quality standards designed to protect human health and the environment, and further creates threats to human health and aquatic life by contributing to the formation of potentially carcinogenic disinfection byproducts in drinking water, toxic blue-green algae, and toxic Pfiesteria piscicida. These historic and continuing practices may and do present an imminent and substantial endangerment to human health and the environment in the Trent River and Neuse River watersheds in violation of the SWDA.

　　　　The McLawhorn Banks facility is constructed, managed, and operated such that it will continue to be in violation of the SWDA by open dumping in violation of 42 U.S.C. § 6945(a), and by the treatment, storage, and disposal of waste that may present an imminent and substantial endangerment to health and the environment in violation of 42 U.S.C. § 6972. In filing an enforcement action, Plaintiffs intend to pursue injunctive relief as well as costs, attorney's fees, and litigation expenses pursuant to SWDA Section 7002(e), 42 U.S.C. § 6972(e). Plaintiffs will seek injunctive relief including, without limitation, an order requiring the cessation of all storage, treatment, disposal, and releases of solid and hazardous waste in violation of the SWDA; an environmental assessment; a comprehensive cleanup program; and all other actions necessary to abate any endangerment to human health and the environment.

## IV. PARTIES GIVING NOTICE

Waterkeeper Alliance
50 South Buckhout Street
Suite 302
Irvington, New York 10533
t. 914.674.0622 x 20
f. 914.674.4560

Richard Dove
427 Boros Road
New Bern, NC 28560
t. 252. 447.5821

Neuse River Foundation
d/b/a Neuse Riverkeeper Foundation
Larry Baldwin, Lower Neuse Riverkeeper
and in his individual capacity.
1307 Country Club Road
New Bern, NC 28562
t. 252.637.7972
f. 252.514.0051

North Carolina Environmental
Justice Network
PO Box 61
Tillery, NC 27887-0061
t. 252-826-3244

## V. CONCLUSION

In sum, the McLawhorn Banks facility has violated (1) CWA Section 301(a), 33 U.S.C. § 1311(a), by discharging pollutants into waters of the United States without a valid federal or state equivalent National Pollution Discharge Elimination System ("NPDES") permit; and has violated (2) the SWDA Section 4005(a), 42 U.S.C. § 6945(a), prohibition against open dumping; and (3) the SWDA Section 7002, 42 U.S.C. § 6972(a)(1)(B), prohibition against storage, treatment, or disposal of solid and/or hazardous waste that may be imminently and substantially endangering human health or the environment.

Plaintiffs reserve the right to add additional claims to the specific CWA and SWDA violations set forth herein based on the same or a similar pattern of violations. Plaintiffs also reserve the right to seek additional remedies under state and federal law and do not intend by giving this notice to waive any other rights or remedies.

Notice is being provided to satisfy the requirements of the CWA and SWDA citizen suit provisions. At the close of the relevant notice period or shortly thereafter, if satisfactory steps are not taken to remedy these violations, Plaintiffs intend to file a citizen suit under Section 505(a) of the CWA and Section 7002 of the SWDA against the McLawhorn Banks facility to compel compliance with the CWA and the SWDA. During the relevant notice period, Plaintiffs would be willing to discuss effective remedies for the violations noted in this letter. However, if you wish to pursue negotiations in the absence of litigation, you should initiate such negotiations within the next twenty days so

that they may be completed prior to expiration of the notice period. Plaintiffs have retained the assistance of the counsel listed below.

All inquiries and responses to the issues raised in this letter should be directed to Bethany Davis Noll through the contact information listed below.

                                    Sincerely,

                                    Bethany Davis Noll
                                    Debevoise & Plimpton LLP
                                    919 Third Avenue
                                    New York, NY 10022
                                    t. 212-909-6270

CC:   Lisa P. Jackson, Administrator
       United States Environmental Protection Agency
       Ariel Rios Building
       1200 Pennsylvania Ave., N.W.
       Washington, D.C. 20460

       Eric H. Holder, Jr., Attorney General
       United States Department of Justice
       950 Pennsylvania Ave., NW
       Washington, D.C. 20530

       A. Stanley Meiburg, Acting Regional Administrator
       United States Environmental Protection Agency
       Region 4
       Sam Nunn Atlanta Federal Center
       61 Forsyth Street, SW
       Atlanta, GA 30303-8960

       Dee Freeman, Secretary
       North Carolina Department of Environment and Natural Resources
       1601 Mail Service Center
       Raleigh, NC 27699

       Roy Cooper, Attorney General
       North Carolina Department of Justice
       Post Office Box 629
       Raleigh, North Carolina 27602

Manly M. West, Commission Chairman
North Carolina Division of Soil and Water
1614 Mail Service Center
Raleigh, NC 27699

Murphy-Brown, LLC
2822 Highway 24 West
Warsaw, NC 28398