IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION FILE NO.: 4:12-cv-00154-D

| | |
|---|---|
| NORTH CAROLINA ENVIRONMENTAL JUSTICE NETWORK, NEUSE RIVERKEEPER FOUNDATION, INC., and WATERKEEPER ALLIANCE, INC., Plaintiffs<br><br>v.<br><br>MR. DONALD TAYLOR and MS. ANNIE TAYLOR, individually and d/b/a TAYLOR FINISHING, MR. JUSTIN T. MCLAWHORN, and MR. AARON MCLAWHORN, Defendants | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DONALD TAYLOR'S MOTION TO DISMISS** |

Defendant Donald Taylor, individually and d/b/a Taylor Finishing ("Taylor"), by and through his undersigned attorneys, hereby submits his Memorandum of Law in support of Motion to Dismiss.

## NATURE OF THE CASE

Plaintiffs North Carolina Environmental Justice Network, Neuse Riverkeeper Foundation, Inc., and Waterkeeper Alliance, Inc. (collectively, "Plaintiffs"), first filed this action on July 27, 2012, against Taylor Finishing, Inc., Mr. Donald Taylor, Mr. Frederick A. McLawhorn, Mr. Justin T. McLawhorn, and Mr. Aaron McLawhorn. Plaintiffs filed this action pursuant to the citizen suit provisions of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972 for alleged violations

of federal environmental laws by an animal feeding operation in Jones County, North Carolina. [Complaint, ¶¶ 1, 28.] Subsequently, Plaintiffs filed an Amended Complaint on August 31, 2012 (the "Amended Complaint"), removing Taylor Finishing, Inc., and Mr. Frederick A. McLawhorn as defendants and adding as a defendant Annie Taylor, both individually and d/b/a Taylor Finishing with Taylor.[1] [Amended Complaint, ¶¶ 27-28.]

Plaintiffs seek a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys' and expert witness fees, against Taylor as follows:

- for allegedly discharging pollutants into the waters of the United States without a National Pollutant Discharge Elimination System ("NPDES") Permit in violation of 33 U.S.C. §§ 1311, 1342, and 1362 [Amended Complaint, ¶¶ 3.a., 59-69];

- for allegedly violating RCRA prohibitions against open dumping of solid waste in violation of 42 U.S.C. § 6945 [Amended Complaint, ¶¶ 3.b., 71-83]; and,

- for allegedly contributing to the past and present treatment, storage, and disposal of solid waste under RCRA in violation of 42 U.S.C. § 6972 [Amended Complaint, ¶¶ 3.c., 85-96].

This matter is now before this Court on Taylor's Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that this Court lacks subject

---

[1] As of the date of filing Taylor's Motion to Dismiss and Memorandum of Law, service of process on Defendant Ms. Annie Taylor had not been perfected.

matter jurisdiction. Plaintiffs failed to serve Taylor with the statutorily required notice of the claims it intended to pursue against Taylor in a citizen suit under the CWA and RCRA. Service of such notice is jurisdictional. Because Plaintiffs failed to provide Taylor with proper notice, the Amended Complaint against Taylor should be dismissed.

## STATEMENT OF THE FACTS

On November 23, 2010, Taylor and Defendant Annie Taylor (collectively, the "Taylors") purchased from Bobbie F. McLawhorn and wife, Jane P. McLawhorn, certain real property in Pollocksville Township, Jones County, North Carolina, including approximately 219 acres upon which they intended to operate a swine finishing farm for Murphy-Brown, LLC. On or about January 19, 2011, Taylor delivered to the North Carolina Department of Environment and Natural Resources, Division of Water Quality ("DENR"), a request for a Certificate of Coverage under DENR's Swine Waste Management System General Permit AWG100000. On or about February 5, 2011, Taylor received from DENR Certificate of Coverage No. AWS520002 for the Taylor Finishing farm facility.

On January 11, 2011, less than two months after the Taylors purchased the farm, Plaintiffs sent a letter to Taylor informing him of Plaintiffs' intention to sue the "McLawhorn Banks Facility" for violations of the CWA and the Solid Waste Disposal Act ("SWDA")[2] (the "Notice Letter"). A true and correct copy of the Notice Letter sent to Taylor is attached and

---

[2] The Solid Waste Disposal Act (42 U.S.C. §§ 6901–6992k) consists of Title II of Public Law 89–272 and the amendments made by subsequent enactments. The SWDA popularly is referred to as the Resource Conservation and Recovery Act, or RCRA, after the short title of the law that amended the SWDA in its entirety in 1976 (P.L. 94-580). Hereinafter, Plaintiffs' claims under the SWDA will be referred to by the corresponding RCRA references.

incorporated herein by reference as <u>Exhibit 1</u>. The Notice Letter also is attached as Exhibit A to Plaintiffs' original and Amended Complaint. The Notice Letter was addressed to Taylor in Pink Hill, North Carolina, and to the "Site Manager and Managing Agent, McLawhorn Livestock Farms (Banks Facility)" in Trenton, North Carolina. The "McLawhorn Banks Facility," as defined by Plaintiffs, does not now exist, and has never existed, as a legal entity. It has no legal capacity in which to sue or be sued, has no consciousness with which to receive notice of anything, is not named as a Defendant in this action, and has not been served with process in this action.

The Notice Letter contained two parts, a cover letter and a letter containing an explanation of Plaintiffs' complaints about the McLawhorn Banks Facility. First, the cover letter informed Taylor of Plaintiffs' intent to sue the McLawhorn Banks Facility. [Amended Complaint, Exhibit A, p.1.] According to the cover letter, Plaintiffs sent the Notice Letter to Taylor "as the current owner of the facility." [Amended Complaint, Exhibit A, p.1.] Second, another letter to Taylor, also dated January 11, 2011, was captioned "Notice of Intent to Sue McLawhorn Livestock Farm, Inc. (Banks) for Violations of the Clean Water Act and the Solid Waste Disposal Act." [Amended Complaint, Exhibit A, p. 4.] This letter outlined complaints against the McLawhorn Banks Facility by Plaintiffs, Lawrence Baldwin ("Baldwin"), and Richard Dove ("Dove"). [Amended Complaint, Exhibit A, pp. 4-13.] Specifically, Plaintiffs, Baldwin, and Dove indicated in the second letter that they were providing notice to Taylor in accordance with Section 505 of the CWA and Section 7002 of the SWDA of their intent to commence a civil action

4

> against the McLawhorn Banks facility for illegal discharges of pollutants without a permit into Long Branch Creek and ultimately into the Trent and Neuse Rivers in violation of the CWA.... Plaintiffs are providing to you with notice of their intent to file a citizen suit against the McLawhorn Banks facility for illegal treatment, storage, and disposal of solid and/or hazardous waste in violation of the open dumping prohibitions of the SWDA, and for contributing to the treatment, storage, and disposal of solid and/or hazardous waste that may present an imminent and substantial endangerment to human health and the environment in the Trent River and Neuse River watersheds in violation of the SWDA.

(Emphasis added.) [Amended Complaint, Exhibit A, pp. 4-5.] Plaintiffs, Baldwin, and Dove were listed as the parties providing notice under the CWA and RCRA. [Amended Complaint, Exhibit A, p. 11.]

Nowhere in the Notice Letter did Plaintiffs, Baldwin, or Dove assert that Taylor or Defendant Annie Taylor, either individually or d/b/a Taylor Finishing, were responsible for any of the specifically identified alleged violations. Nor in the Notice Letter did Plaintiffs, Baldwin or Dove tie any alleged violations, which the Notice Letter attributes to others, to Taylor or Defendant Annie Taylor, either individually or d/b/a Taylor Finishing. Instead, Plaintiffs, Baldwin, and Dove claimed only that the McLawhorn Banks Facility discharged pollutants into waters of the United States and had a history of violations of the CWA on record with DENR during the time it was owned and operated by Bobbie F. McLawhorn, Frederick A. McLawhorn, Aaron McLawhorn, and/or Justin McLawhorn (the "McLawhorns"), or parties other than the Taylors. [Amended Complaint, Exhibit A, pp. 6-8.] Claims listed by Plaintiffs, Baldwin, and Dove in the Notice Letter of illegal dumping and disposal of animal waste in violation of the SWDA were limited to the ownership and operation of McLawhorn Banks Facility by the McLawhorns or parties other than the Taylors. [Amended Complaint, Exhibit A,

pp. 9-11.] In fact, the alleged sampling data and photographs referenced in the Notice Letter date back to September 2008 and run up to November 2010 during ownership and operation of the McLawhorn Banks Facility by McLawhorn Livestock Farm, Inc., and/or the McLawhorns and not by the Taylors. [Amended Complaint, Exhibit A, pp. 7-8, 10.] Only one sampling date in the Notice Letter, December 10, 2010, purports to coincide with the Taylors' ownership of the real property. [Amended Complaint, Exhibit A, p. 7.]

The January 11, 2011, Notice Letter was the only notice of Plaintiffs' intent to sue any party under the CWA and RCRA that Taylor received.[3] Neither Defendant Annie Taylor, individually, nor she and Taylor d/b/a Taylor Finishing, ever received any notice of an intent to sue them under the CWA and RCRA from Plaintiffs, Baldwin, or Dove.

On July 27, 2012, Plaintiffs filed their original complaint in this action, naming as defendants Taylor; Taylor Finishing, Inc.; Mr. Frederick A. McLawhorn; Mr. Justin T. McLawhorn; and, Mr. Aaron McLawhorn. The Complaint did not merely repeat the general allegations made in the Notice Letter. Contrary to indications in the Notice Letter, Baldwin and Dove were not included as parties in the lawsuit. Further, Plaintiffs made allegations in the Complaint that were not contained in the Notice Letter issued to Taylor, specifically:

- naming Taylor and Taylor Finishing, Inc., as defendants [Complaint, p. 1];
- alleging that Taylor was responsible for purported violations of the CWA and RCRA that were claimed in the Notice Letter to have been committed

---

[3] According to Plaintiffs' original and Amended Complaint, Plaintiffs issued notice letters of their intent to sue the McLawhorn Livestock Farm, Inc. on December 22, 2010, to Bobbie F. McLawhorn, Frederick A. McLawhorn, and McLawhorn Livestock Farm, Inc., and on April 25, 2012, to Aaron McLawhorn and Justin T. McLawhorn. [Amended Complaint, ¶ 7, Exhibit B.] Neither of those letters were addressed to or served on Taylor.

by the McLawhorns [Complaint, ¶¶ 31, 48-57, 62-66, 72-80, 89, 93-94]; and,

- alleging that Taylor is responsible for purported violations of the CWA and RCRA at Taylor Finishing occurring after the issuance of the Notice Letter. [Complaint, ¶¶ 52-56, 62-66, 72-80, 89, 93-94.]

On August 31, 2012, Plaintiffs filed the Amended Complaint in which they dropped Taylor Finishing, Inc.,[4] and Mr. Frederick A. McLawhorn as defendants and added Defendant Annie Taylor, both individually and d/b/a Taylor Finishing with Taylor. The allegations in the Amended Complaint as to Taylor remain essentially the same except that they now also include Annie Taylor as a co-Defendant. To date, the Taylors, either individually or collectively, have never received from Plaintiffs any notice of intent to sue them for alleged violations of the CWA and RCRA.

In Counts One and Two of the Amended Complaint, Plaintiffs allege violations of the CWA and RCRA against the Taylors. [Amended Complaint, ¶¶ 58-83.] In Count Three of the Amended Complaint, Plaintiffs allege violations of RCRA against all of the defendants. [Amended Complaint, ¶¶ 84-96.] For the reasons discussed below, Plaintiffs' Amended Complaint should be dismissed as to Taylor for Plaintiffs' failure to comply with the operative statutory and regulatory conditions precedent to filing suit by providing adequate and proper notice of their intent to sue Taylor in the Notice Letter. Plaintiffs have failed to properly invoke the jurisdiction of the Court, and their citizen suit claims, therefore, cannot proceed against Taylor .

---

[4] Taylor Finishing, Inc., does not now, and has never, existed as a legal entity.

7
Case 4:12-cv-00154-D   Document 31   Filed 09/13/12   Page 7 of 17

## ARGUMENT

### Plaintiffs' Amended Complaint Must Be Dismissed As Against Taylor Because The Notice Letter Fails To Meet The Citizen Suit Requirements Of The CWA And RCRA.

Any party bringing an action under the citizen suit provisions of the CWA or RCRA is required to give adequate written notice of the suit to the alleged violator in advance of filing. 33 U.S.C. § 1365(b); 42 U.S.C. § 6972(b). Federal courts consistently have interpreted the notice requirements of such environmental statutes as mandatory prerequisites, and no suit can be maintained under either the CWA or RCRA if the notice letter fails in any respect to meet the specific requirements governing its contents or the manner in which it is served. The United States Supreme Court specifically has held that the notice requirements in RCRA "are mandatory conditions precedent to commencing suit under the RCRA citizen suit provision; a district court may not disregard these requirements at its discretion." Hallstrom v. Tillamook County, 493 U.S. 20, 31 (1989). Courts subsequently deciding this issue consistently agree that strict adherence to statutory and regulatory notice requirements are mandatory for RCRA as well as for the CWA. Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 629 F.3d 387 (4th Cir. 2011)(compliance with the statutory and regulatory notice provisions of the CWA is a mandatory condition precedent to commencement of suit); Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F. Supp. 2d 602 (D. Md. 2011)(dismissing claims for failure to provide adequate notice of location of alleged CWA violations with reasonable specificity for alleged violator to attempt to correct the violation); Washington Trout v. McCain Foods, 45 F.3d 1351 (9th Cir. 1995)(citizens' notice letter failed to identify two of the organizations that

eventually became the only plaintiffs in the case, therefore dismissal of the suit for lack of jurisdiction due to inadequate notice of CWA violations was proper.) Thus, in cases where the plaintiffs have failed to comply with the statutory notice provisions of either RCRA or the CWA, the claims are dismissed. As detailed below, Plaintiffs in this case have failed to meet the notice requirements of both the CWA and RCRA, and all claims against Taylor must be dismissed.

The mandatory pre-suit notice provisions of the CWA require a citizen plaintiff to give sixty (60) days' notice of an alleged violation to the EPA, the State, and any person alleged to be in violation of an effluent standard or limitation prior to bringing suit. 33 U.S.C. § 1365(b). Likewise, RCRA requires that a similar sixty (60) days' notice be given to the alleged violator, the EPA, and the State prior to the filing of a citizen suit. 42 U.S.C. §§ 6972(a)(1)(A) and (b)(1)(A). Further, RCRA requires ninety (90) days' notice be given to the EPA, the State, and any person alleged to have contributed or to be contributing to the past or present handling, storage, treatment, transportation or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment, prior to filing a citizen suit. 42 U.S.C. §§ 6972(a)(1)(B) and (b)(2)(A).

It is insufficient for plaintiffs bringing suit merely to allege general violations in notice letters in order to comply with such provisions. Both the CWA and RCRA provide that notice "shall be given in such manner as the [EPA] Administrator shall prescribe by regulation." 33 U.S.C. § 1365(b); 42 U.S.C. § 6972(c). Accordingly, the EPA issued a corresponding regulation governing the content of notice in CWA citizen suits:

> Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, <u>shall include</u>

> sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a) (emphasis added). Likewise, there is a corresponding regulation governing the content of notice in RCRA citizen suits:

> Notice regarding an alleged violation of a permit, standard, regulation, condition, requirement, or order which has become effective under this Act shall include sufficient information to permit the recipient to identify the specific permit, standard, regulation, condition, requirement or order which has allegedly been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the date or dates of the violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 254.3(a) (emphasis added). In other words, in both CWA and RCRA citizen suits, plaintiffs must provide enough information to allow the receiver of the notice to identify the unlawful activity causing the violation and to identify the alleged polluter to be sued if the activity is not corrected. Without proper notice, an alleged polluter is not given a fair or reasonable opportunity to address and correct the alleged violation. Unless this opportunity is provided, citizen groups, like Plaintiffs, have no right to invoke the jurisdiction of the court for relief.

Such pre-suit notice requirements are mandatory, jurisdictional prerequisites, and there are compelling reasons underlying the courts' policy requiring strict adherence. In Hallstrom v. Tillamok, the plaintiffs issued a notice letter to the alleged violator but failed to give notice to the EPA or the State of Oregon prior to filing an action in federal court under RCRA.

10
Case 4:12-cv-00154-D Document 31 Filed 09/13/12 Page 10 of 17

The Supreme Court held that compliance with the citizen suit notice provision in RCRA was a mandatory precondition to suit and was <u>not</u> amenable to "a flexible or pragmatic construction" depending on the circumstances of a particular case. Id. at 26. The Court found that strict adherence to the notice requirements furthered the legislative purpose:

> [T]o strike a balance between encouraging citizen enforcement of environmental regulations and avoiding burdening the federal courts with excessive numbers of citizens suits. Requiring citizens to comply with the notice and delay requirements serves this congressional goal in two ways. First, notice allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits. In many cases, an agency may be able to compel the compliance through administrative action, thus eliminating the need for any access to the courts. Second, <u>notice gives the alleged violator "an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit."</u> This policy would be frustrated if citizens could immediately bring suit without involving federal or state enforcement agencies. <u>Giving full effect to the words of the statute preserves the compromise struck by Congress</u>.

Id. at 29 (internal citations omitted)(emphasis added). In other words, plaintiffs must provide enough complete and accurate detail to allow the agencies and the alleged polluter to identify specific alleged violations and responsible parties. Otherwise, there is no meaningful opportunity to address any valid concerns identified in a notice letter. The consequence of failing to give the statutorily required notice is dismissal, even after the merits of a citizen suit have been litigated. Id. at 33.

Following <u>Hallstrom</u>, the Fourth Circuit spoke conclusively to the importance of adequate notice under the CWA, declaring it "a mandatory condition precedent to the commencement of a suit under this Act .... Thus, to ensure evenhanded application of the Clean

11

Water Act, we further conclude that compliance with the requirements of 40 C.F.R. § 135.3(a) is a mandatory condition precedent to filing suit under the Act." Friends of the Earth, supra, 629 F. 3d at 399. In Friends of the Earth, two years after a bench trial and before the district court entered its judgment, the defendant asserted that the district court lacked authority to assess penalties for permit violations that were not alleged in the plaintiffs' notice letter submitted pursuant to CWA regulations. Id. at 393. In reviewing the district court's ultimate assessment of penalties on the defendant for CWA violations, the Fourth Circuit considered whether the plaintiffs' notice letter complied with the mandatory requirements of 40 C.F.R. § 135.3(a) to include "'sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated.'" Id. at 400. It found that certain discharge violations alleged in the complaint and found by the district court concerned pollutants that were never identified by the plaintiffs in their notice letter. Id. at 401. Therefore, the Fourth Circuit reversed the related violations and penalties because the notice letter failed to provide the defendant "with enough information to attempt to correct the violation and avert the citizen suit." Id. at 400, 403. Other Circuits are in agreement with this approach. See National Envtl. Found. v. ABC Rail Corp., 926 F.2d 1096, 1097-98 (11th Cir. 1991) (if a plaintiff fails to comply with the notice provisions under the CWA, the district court is required to dismiss the action); Catskill Mountains Chapter of Trout Unlimited, Inc. v. City of New York, 273 F.3d 481, 487-88 (2d. Cir. 2001)(notice letter must inform alleged violator of each violation and pollutant that will be the basis of each claim in the citizen suit), *aff'd in part, denied in part*, 451 F. 3d 77 (2d Cir. 2006); *cert. denied*, 549 U.S. 1252 (2007); Public Interest Research Group v. Hercules, Inc., 50 F.3d.

1239, 1249 (3d Cir. 1995)(even under broadly construed notice requirements, "the content of the notice must be adequate for the recipients of the notice to identify the basis for the citizen's complaint.")

More recently, the district court in Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, relied on Hallstrom and the Fourth Circuit's analysis in Friends of the Earth when analyzing citizen suit claims under RCRA and the CWA. 794 F. Supp. 2d at 609. In Chesapeake Bay, defendants moved the court to dismiss claims that it was in violation of its NPDES permit based on the plaintiffs' failure to provide adequate notice in the letter of intent to sue. Id. at 620-21. Defendants' NPDES permit established a variety of discharge limitations on specific pollutants at twenty-two different monitoring points. Id. at 621. However, plaintiffs did not provide sufficient information to identify the location of the alleged violations. Id. at 622. Following the Fourth Circuit's conclusions that compliance with both the statutory and regulatory notice requirements of the CWA are mandatory conditions precedent to filing suit, the court concluded that simply naming the facility as the location of the alleged violation does not comply with the "mandate that citizen-plaintiffs 'provide the alleged violator with enough information to attempt to correct the violation and avert the citizen suit.'" Id. at 622 (quoting Friends of the Earth, supra, at 400).

In the present case, the Notice Letter sent to Taylor by Plaintiffs fails to provide the requisite detail of any environmental violations allegedly committed by Taylor. Plaintiffs did not provide to Taylor any information in the Notice Letter to allow Taylor to identify himself as

a target of the forthcoming lawsuit for the operation of the Taylors' farm. This deficiency is fatal for two, independent reasons.

***First***, Plaintiffs never sent to the Taylors, individually or jointly, any pre-suit notice expressing an intent to sue the Taylors as the persons responsible for alleged violations of the CWA or RCRA. Rather, the Taylors were ambushed by Plaintiffs' Complaint and Amended Complaint: Taylor, by being named as a defendant to the CWA or RCRA claims contained in the Complaint that were not the subject of a notice expressing an intent to sue Taylor for such claims, and Defendant Annie Taylor, who has received no notice from Plaintiffs whatsoever. The Notice Letter only identified McLawhorn Livestock Farms, Inc., the McLawhorns, and the McLawhorn Banks Facility as alleged violators; it identified Taylor only as a new owner of the property. This notice is insufficient, as a matter of law, to comply with the statutory and regulatory conditions precedent to invoking the jurisdiction of this Court under the CWA or RCRA for the claims asserted against Taylor in the Amended Complaint.

Factually similar cases are instructive. Like the insufficient notice in Chesapeake Bay, that merely named a facility rather than specific outfalls, the Notice Letter failed to provide the mandatory notice required by 40 C.F.R. §§ 135.3(a) and 254.3(a). Under no circumstances could Taylor determine that he was the "person or persons responsible for the alleged violations" of the CWA and RCRA given the content of the Notice Letter. Taylor's name was merely inserted as an additional addressee on an earlier letter that had been sent to other parties. Thus, the Notice Letter did not provide Taylor with notice that Plaintiffs intended to sue Taylor and is insufficient as a matter of law.

***Second***, the Notice Letter fails to meet mandatory notice requirements because it contained no information to allow Taylor to identify the specific effluent limitation, permit, standard, regulation, condition, requirement or order which <u>his</u> activities allegedly violated. 40 C.F.R. §§ 135.3(a) and 254.3(a). Instead of including such information in the Notice Letter, as required by statute and regulation, Plaintiffs attempt, for the first time, to inject in the Complaint and Amended Complaint allegations containing information related to sampling and photographs taken by Plaintiffs after January 11, 2011. [Amended Complaint, ¶¶ 52, 54, 55.] Like the notice letter in <u>Friends of the Earth</u>, that failed to include certain pollutants the discharge of which were alleged in the complaint, Plaintiffs' Notice Letter fails to identify the environmental violations for which Taylor supposedly is responsible. The Notice Letter is fatally flawed because its language is insufficient to allow Taylor to identify his activities alleged to constitute a violation of an effluent limitation, permit, standard, regulation, condition, requirement or order during the operation of the Taylors' farm that would be pursued in the Complaint.

Plaintiffs deprived Taylor of the fundamental opportunity, which has been specifically reserved by the legislature, to cure any conduct that could lead to a violation of the nation's environmental laws. Such deficiencies in the Notice Letter "prevented attainment of the legislative objectives of encouraging pre-suit governmental involvement and securing violator compliance." <u>Friends of the Earth</u>, <u>supra</u>, at 402. Taylor had no effective opportunity to respond in a meaningful way to any valid concerns Plaintiffs may have had. Consequently, Plaintiffs have failed the mandatory, pre-suit notice requirements for citizen suits under the CWA and RCRA, and their claims against Taylor must be denied.

## CONCLUSION

Plaintiffs did not provide proper notice to Taylor with regard to either the CWA or the RCRA claims in the Amended Complaint. The Notice Letter fails to satisfy the mandatory pre-suit notice requirements set forth in 33 U.S.C. § 1365(b), 42 U.S.C. §§ 6972(b)(1)(A), 6972(b)(2)(A) and 40 C.F.R. parts 135 and 254. Compliance with these requirements is a jurisdictional condition precedent to Plaintiffs' right to assert the claims against Taylor that are alleged in the Amended Complaint. Therefore, Taylor respectfully requests that the Court deny Plaintiffs' pending claims and dismiss the Amended Complaint as to Taylor.

This the 13th day of September, 2012.

> /s/ Donalt J. Eglinton
> Donalt J. Eglinton
> N.C. State Bar I.D. No.: 010314
> email: dje@wardandsmith.com
> Frank H. Sheffield
> N.C. State Bar I.D. No.: 016398
> email: fhs@wardandsmith.com
> Amy P. Wang
> N.C. State Bar I.D. No.: 023322
> email: apw@wardandsmith.com
> For the firm of
> Ward and Smith, P.A.
> Post Office Box 867
> New Bern, NC 28563-0867
> Telephone: 252.672.5400
> Facsimile: 252.672.5477
> Attorneys for Defendant Donald Taylor, individually and d/b/a Taylor Finishing

CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2012, I electronically filed a MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DONALD TAYLOR'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Plaintiffs North Carolina Environmental Justice Network; Neuse Riverkeeper Foundation, Inc.; and Waterkeeper Alliance, Inc., c/o their attorneys of record, Stanley B. Green, Esq.; Chinelo E. Dike-Minor, Esq.; Kelly H. Foster, Esq.; Michael T. Lee, Esq.; and Bethany A. Davis Noll, Esq., and Defendants Mr. Frederick A. McLawhor, Mr. Justin T. McLawhorn and Mr. Aaron McLawhorn, c/o their attorneys of record, John R. King, Esq., and Lars Simonson, Esq..

/s/ Donalt J. Eglinton
Donalt J. Eglinton
N.C. State Bar I.D. No.: 010314
email: dje@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 867
New Bern, NC 28563-0867
Telephone: 252.672.5400
Facsimile: 252.672.5477
Attorneys for Defendant Donald Taylor, individually and
  d/b/a Taylor Finishing