UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CV-00154-D

| | |
|---|---|
| NORTH CAROLINA ENVIRONMENTAL ) <br> JUSTICE NETWORK, NEUSE ) <br> RIVERKEEPER FOUNDATION, INC., ) <br> and WATERKEEPER ALLIANCE, INC., ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MR. DONALD TAYLOR, MS. ) <br> ANNIE TAYLOR, individually and ) <br> d/b/a/ TAYLOR FINISHING, MR. ) <br> JUSTIN T. MCLAWHORN and ) <br> MR. AARON MCLAWHORN, ) <br> Defendants. ) | **MEMORANDUM IN SUPPORT <br> OF JUSTIN T. MCLAWHORN'S AND <br> AARON MCLAWHORN'S <br> MOTION TO DISMISS** |

This memorandum of law is submitted in support of Defendants Aaron McLawhorn's and Justin T. McLawhorn's (the "McLawhorns") Motion to Dismiss pursuant to Rule 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure.

## NATURE OF THE CASE

The Plaintiffs filed their original complaint against the McLawhorns on July 27, 2012. Plaintiffs dismissed their complaint against Taylor Finishing, Inc., and filed an amended complaint adding Annie Taylor as a defendant. In both their Complaint and Amended Complaint, Plaintiffs allege that the McLawhorns were the "representatives, registered agents, owners, and/or operators of Defendant Facility, known then as McLawhorn Livestock Farm (Banks), until on or about November 23, 2010." (Complaint paragraph, hereinafter "C.¶," 29, and Amended Complaint paragraph, hereinafter "A.C.¶," 29.) Plaintiffs allege in Count Three of their complaint and amended complaint that the McLawhorns "were generators of swine waste and/or were representatives, agents, owners, and/or operators of a treatment, storage, or disposal

1

facility for swine waste." (C.¶ and A.C.¶ 88.)  Plaintiffs assert that the McLawhorns are "subject to assessment of civil penalties, as well as all costs of litigation (including Plaintiffs' reasonable attorneys and expert witness fees), pursuant to 42 U.S.C. §§ 6972(a)(1)(B) and 6928(a) & (g)." Plaintiffs seek declaratory and injunctive relief, an order requiring Defendants to pay certain costs, civil penalties, as well as "such other relief as this Court deems appropriate."

The McLawhorns move to dismiss the Plaintiffs' complaints under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiffs' Notice of Intent to Sue was defective and not in strict compliance with the requirements of the Resource Conservation and Recovery Act ("RCRA,") 42 U.S.C. § 6972, thereby depriving this Court of subject matter jurisdiction and failing to state a claim upon which relief can be granted.  The Affidavit of Aaron McLawhorn has been filed in support of the McLawhorn's Rule 12(b)(1) motion pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.

## STATEMENT OF THE FACTS

McLawhorn Livestock Farm, Inc., an existing North Carolina Corporation (the "Corporation,") was the operator of a swine finishing operation located on a farm commonly known as the Banks farm (hereinafter the "Banks Farm.") (Document 1-2 and Document 25-2; Affidavit of Aaron McLawhorn, hereinafter "McLawhorn Aff.") The Banks Farm is the farm at issue in this lawsuit. At all times relevant to this lawsuit, the Corporation leased the Banks Farm from Bobbie and Jane McLawhorn. (McLawhorn Aff.) This lease was terminated when the Banks Farm was sold to Defendants Donnie Taylor and Annie Taylor on November 23, 2010. (Documents 1-1 and 25-1, page 5 of 13; McLawhorn Aff.; *see also* C. and A.C. ¶ 29.) Aaron McLawhorn is a minority shareholder, officer, employee and current registered agent for the Corporation. (McLawhorn Aff.) Justin McLawhorn is a former employee of the Corporation,

having been employed from approximately June of 2006 following his graduation from High School, until approximately November of 2010 when the Banks Farm was sold and the Corporation ceased its operations. *Id.*

On behalf of the Plaintiffs and others, attorney Bethany Davis Noll sent a letter dated December 22, 2010, addressed to Bobbie F. McLawhorn, Frederick A. McLawhorn, and McLawhorn Livestock Farms, Inc. (Document 1-2 and Document 25-2.) The letter's reference line identified it as a "Notice of Intent to Sue McLawhorn Livestock Farm, Inc. (Banks) for Violations of the Clean Water Act and the Solid Waste Disposal Act." *Id.* The letter advised that:

> The Neuse Riverkeeper Foundation, Inc.; Mr. Lawrence Baldwin, in both his individual capacity and his official capacity as the Lower Neuse Riverkeeper; Mr. Richard Dove; the Waterkeeper Alliance; and the North Carolina Environmental Justice Network ("Plaintiffs") hereby give ninety days notice of their intent to sue McLawhorn Livestock Farm (Banks) ("McLawhorn Banks") pursuant to Section 505 of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and Section 7002 of the Solid Waste Disposal Act ("SWDA"), 42 U.S.C. § 6972.

*Id.* More than a year later, a copy of the December 22, 2010 letter was sent to Justin McLawhorn and Aaron McLawhorn under a cover letter from Ms. Davis Noll dated April 25, 2012. *Id.* The cover letter merely referenced an enclosed notice of intent to sue that was neither addressed to nor in any way mentioned either Justin or Aaron McLawhorn. The enclosures consisted not only of the December 22, 2010 letter to Bobbie and Frederick McLawhorn, but also included a January 11, 2011 letter addressed to defendant Donald E. Taylor and "Site Manager and Managing Agent, McLawhorn Livestock Farm (Banks Facility)." *Id.* Nowhere did either the April 25, 2012 letter, the January 11, 2011 letter, or the December 22, 2010 letter identify either of the McLawhorns as being personally responsible for any violations. Rather, the alleged violator and targeted defendant was identified as "McLawhorn Livestock Farm, Inc. (Banks)." *Id.*

3

The December 22, 2010 letter alleged "ongoing violations of the CWA," and stated that the "McLawhorn Banks facility will remain in violation of the CWA for each day that it operates without an individual federal or state equivalent NPDES permit and permanently modifies its operations such that discharges will no longer occur." (Document 1-2 and 25-2, p. 10 of 15.) The letter further alleged that "[t]he McLawhorn Banks facility is constructed, managed, and operated such that it will continue to be in violation of the SWDA." (*Id*, p. 12 of 15.) However, by December 22, 2010, the Corporation had already ceased all operations on the Banks Farm. (Document 1-1, Document 1-2, McLawhorn Aff.) The Corporation and its employees, officers and shareholders, including Defendants Justin and Aaron McLawhorn, were no longer employed at or directly or indirectly involved in any activities at the "McLawhorn Banks facility." No Clean Water Act ("CWA") violations are alleged against the McLawhorns in either the Complaint or the Amended Complaint. The only claims against the McLawhorns are the RCRA claims asserted in Count Three of the Complaint and Amended Complaint.

## ARGUMENT

**Plaintiffs' Amended Complaint must be dismissed against the McLawhorns under Rule 12(b)(1) or 12(b)(6) because the Notice Letter fails to meet the Citizen Suit requirements of RCRA.**

RCRA mandates that a party bringing suit under the citizen suit provision provide specific, written notice to the alleged violator prior to filing suit. 42 U.S.C. § 6972(b). As stated in Defendant Donald Taylor's Memorandum in support of his motion to dismiss, this notice is a mandatory prerequisite to the filing of a suit; the failure of the notice to meet the specific statutory requirements mandates the dismissal of the suit. A primary purpose of the notice is to give alleged violators the opportunity to correct violations and avoid suit. The alleged notice of intent in the present case did not identify the McLawhorns, individually, as parties threatened

with suit, or as the alleged violators. The notice also failed to give adequate information to allow the McLawhorns to identify what actions were required of them, individually, to avoid a lawsuit. The remedy for failing to comply with the notice requirement is clear; "the district court must dismiss the action as barred by the terms of the statute." *Hallstrom v. Tillamook County*, 493 U.S. 20, 33 (1989).

> The RCRA Notice must meet very specific requirements. The notice
>
> shall include sufficient information to permit the recipient to identify the specific permit, standard, regulation, condition, requirement, or order which has allegedly been violated, the activity alleged to constitute a violation, **the person or persons responsible for the alleged violation**, the date or dates of the violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. 254.3(a) (emphasis added). RCRA's notice requirements "are mandatory conditions precedent to commencing suit under the RCRA citizen suit provision; a district court may not disregard these requirements at its discretion." *Hallstrom v. Tillamook County*, 493 U.S. 20, 31 (1989). The notice requirement serves two purposes. First, "notice allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits." *Id.* at 29. "Second, notice gives the alleged violator 'an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit.'" *Id.* The "[n]otice given by a citizen plaintiff under the Clean Water Act thus must provide the alleged violator with enough information to attempt to correct the violation and avert the citizen suit." *Friends of the Earth v. Gaston Copper*, 629 F.3d 387, 400 (4th Cir. 2011).

> The Ninth Circuit Court of Appeals has stated the parameters for the notice:
>
> [w]e have never abandoned the requirement that there be a true notice that tells a target precisely what it allegedly did wrong, and when. The target is not required to play a guessing game in that respect.

*Center for Biological Diversity v. Marina Point*, 566 F.3d 794, 801 (9th Cir. 2009). In the present case, the letters failed to tell the McLawhorns "precisely what [they] did wrong, and when." The letters did not identify either Aaron or Justin McLawhorn as "the person or persons responsible for the alleged violation" as required by 40 C.F.R. 254.3(a). Instead, the letters expressly identify the Corporation as the violator and target of the citizen suit. While the April 25, 2012 letter to Aaron McLawhorn, Justin McLawhorn, and McLawhorn Livestock Farms, Inc. references an enclosed "copy of a Notice of Intent to Sue yourselves and the McLawhorn Livestock Farm, Inc.," the enclosed January 11, 2011 letter to Donald E. Taylor and the December 22, 2010 letter to Bobbie and Frederick McLawhorn identify only the Corporation as a violator and target for suit. The December 22, 2010 letter expressly states in the reference line that it is a "Notice of Intent to Sue McLawhorn Livestock Farm, Inc." Additionally, the letter's title in the header on pages 2-10 is "McLawhorn Livestock Farm, Inc." The January 11, 2011 letter identifies the enclosure as "the Notice of Intent to Sue the McLawhorn Livestock Farm, Inc. (Banks) delivered to Mr. Bobbie F. McLawhorn and Mr. Frederick A. McLawhorn." *Id.*

The letters do not notify the McLawhorns that they, individually, are targets of a suit, nor do the letters state what they personally did that constitutes a violation which would expose them to suit. By the date of the earliest letter, December 22, 2010, McLawhorn Livestock Farm, Inc. had already discontinued its operations at the Banks Farm. The Plaintiffs' notice of intent essentially requested what had already taken place; the cessation of all further operations at the Banks Farm by the Corporation. If the letters did require individual action by either Aaron or Justin McLawhorn, the letters utterly failed to inform the McLawhorns what those actions were. Clearly, the notice did not "provide the [McLawhorns] with enough information to attempt to correct the violation and avert the citizen suit." *Friends of the Earth v. Gaston Copper*, 629 F.3d

at 400. Even today, after the service of both the complaint and amended complaint in this action, the McLawhorns remain uncertain of why they are named individually as defendants, and what they must do to satisfy the Plaintiffs' demands. The McLawhorns are left to play a guessing game in that respect.

The adequacy of the purported notice in this case must also be viewed in light of the circumstances of the case. The Corporation had ceased operations at the Banks Farm on November 23, 2010, when the farm was sold to Donald and Annie Taylor. (Documents 1-1 and 25-1, page 5 of 13; McLawhorn Aff.; *see also* C. and A.C. ¶ 29.) In the *Center for Biological Diversity* case, the Ninth Circuit faced a similar scenario. In that case, after the notice was served on the alleged violator, Marina Point, "all activity by Marina Point regarding the lake stopped." *Center*, 566 F.3d at 803. After another notice was sent by the plaintiff in that case, an "Initial Corrective Measures Order" was issued by the United States Army Corps of Engineers "directing Marina Point to perform and complete a number of corrective measures . . . for the purpose of protecting the lake from the kinds of problems alluded to by the [notice]." *Id*. In finding that the Plaintiffs' notice of intent to sue was inadequate, the Court noted "[i]n short, the notice had done its job, if, indeed, the job was not being done without the notice." *Id*.

> In fine, the notices were insufficient at their inception . . ., and to the extent that they were sufficient, if barely so, . . . their efficacy was limited by prompt Corps and Marina Point action. The district court did not have jurisdiction to hear [the action], and it should have dismissed the action at the outset.

*Id.* The purported notice letters sent by the Plaintiffs in the present case were inadequate in that they did not specifically identify the McLawhorns as violators or the targets for suit. The efficacy of the notice was further limited by the fact that, by the date of the original notice, the McLawhorns and the Corporation had ceased all activities on the farm, and were no longer involved in any alleged violations. Given the change in ownership of the farm, the letters sent by

the Plaintiffs to all of the defendants were, at best, utterly confusing, and inadequate to give notice of what alleged violations were targeted, who, specifically, was responsible for those violations, and what actions were required, if any, to comply and avert a suit.

The Supreme Court has identified dismissal as the proper remedy for the failure to provide the required notice:

> Indeed, the EPA, the federal agency charged with enforcement of RCRA, interprets the notice provision as requiring dismissal for non-compliance. Such a remedy for actions filed in violation of § 6972(b)(1) will further judicial efficiency; courts will have no need to make case-by-case determinations of when or whether failure to fulfill the notice requirement is fatal to a party's suit.

*Hallstrom v. Tillamook County*, 493 U.S. 20, 32 (1989). In the present case, the Plaintiffs were well aware of the existence of the Corporation, McLawhorn Livestock Farms, Inc. Their December 22, 2010 letter expressly identifies the Corporation in the letter's reference line, header and body as the target of the citizen suit. The January 11, 2011 letter to Donald E. Taylor expressly identifies the Corporation as the target of the Notice of Intent and the suit.

However, when this suit was filed, the Plaintiffs chose not to sue their originally intended target, perhaps precisely because the Corporation had already ceased all operations and was involved in no further alleged violations. Instead, the Plaintiffs chose to sue a former employee, Justin McLawhorn, and Aaron McLawhorn, an employee, officer, minority shareholder, and registered agent of the Corporation. Neither the Plaintiffs' letters nor the complaints specifically explain what the McLawhorns did to justify the Plaintiffs' claims against them, or what they could have done to avoid being sued. The Plaintiffs' letters in this case failed to meet the statutory notice requirements to support the claims asserted against the McLawhorns, and must therefore be dismissed.

## **CONCLUSION**

For the reasons state above, and in the interests of justice and judicial economy, the Defendants Justin and Aaron McLawhorn respectfully request that the Plaintiffs' claims against them be dismissed.

This 27th day of September, 2012.

*/s/ Lars P. Simonsen*
Lars P. Simonsen
N. C. Bar No. 17602
SIMONSEN LAW FIRM, P.C.
Post Office Box 848
Edenton, NC  27932
Telephone: (252) 482-2175
Facsimile: (252) 482-1355
E-mail: lars@simonsenlawfirm.com
*Attorney for Defendants Justin T. Mclawhorn, and Aaron McLawhorn*

*/s/ John W. King, Jr.*
JOHN W. KING, Jr.
N.C. State Bar No. 9306
STUBBS & PERDUE, P.A.
Post Office Box 1654
New Bern, North Carolina 28563-1654
Telephone: (252) 633-2700
Facsimile: (252) 633-9600
Email: jking@stubbsperdue.com
*Attorney for Defendants Justin T. Mclawhorn, and Aaron McLawhorn*

# CERTIFICATE OF SERVICE

I, John W. King, Jr. Post Office Box 1654, New Bern, North Carolina 28563, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 27th day of September, 2012, I served copies of the foregoing pleading on the parties shown below as indicated. I certify under penalty of perjury that the foregoing is true and correct.

This 27th day of September, 2012.

<u>*/s/ John W. King, Jr.*</u>
JOHN W. KING, Jr.
N.C. State Bar No. 9306
STUBBS & PERDUE, P.A.
Post Office Box 1654
New Bern, North Carolina 28563-1654
Telephone: (252) 633-2700
Facsimile: (252) 633-9600
Email: jking@stubbsperdue.com
*Attorney for Defendants Justin T. Mclawhorn,
and Aaron McLawhorn*

*Via CM/ECF:*

Bethany Davis Noll
Chinelo E. Diké-Minor
Michael T. Leigh
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
*Attorneys for Plaintiff North Carolina
Environmental Justice Network*

Amy P. Wang
Frank H. Sheffield, Jr.
Donalt J. Eglinton
Ward and Smith, P.A.
P. O. Box 867
New Bern, NC  28563-0867
*Attorney for Defendant Donald Taylor*

Stanley B. Green
Strauch Fitzgerald & Green, P.C.
118 South Cherry St.
Winston-Salem, NC 27101
*Attorney for Plaintiffs North Carolina
Environmental Justice Network,
Waterkeeper Alliance, Inc. and Neuse
Riverkeeper Foundation, Inc.*

Kelly H. Foster
Waterkeeper Alliance
P. O. Box 4483
Tulsa, OK  74159
*Attorney for Plaintiffs Waterkeeper Alliance
Inc., and Neuse River Foundation, Inc.*