UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| **North Carolina Environmental Justice Network, Neuse Riverkeeper Foundation, Inc., and Waterkeeper Alliance, Inc.** | |
| Plaintiffs, | Civil Action No. 4:12-cv-00154 |
| v. | |
| **Mr. Donald Taylor and Ms. Annie Taylor, individually and d/b/a Taylor Finishing, Mr. Justin T. McLawhorn, and Mr. Aaron McLawhorn,** | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS JUSTIN T. MCLAWHORN AND AARON MCLAWHORN'S MOTION TO DISMISS

DEBVOISE & PLIMPTON LLP
Bethany A. Davis Noll
Michael T. Leigh
Johanna N. Skrzypczyk *(of counsel)*
919 Third Avenue
New York, NY 10022
*Counsel for Plaintiff*
*North Carolina Environmental Justice Network*

WATERKEEPER ALLIANCE, INC.
Kelly H. Foster
P.O. Box 4483
Tulsa, OK 74159
*Counsel for Plaintiffs Waterkeeper Alliance,*
*Inc. and Neuse Riverkeeper Foundation*

STRAUCH FITZGERALD & GREEN, P.C.
Stanley B. Green
Lee Knight Caffery
118 So. Cherry Street
Winston-Salem, NC 27101
*Local Civil Rule 83.1 Counsel*
*Counsel for All Plaintiffs*

October 22, 2012

# TABLE OF CONTENTS

Introduction..................................................................................................................1

Nature of the Case........................................................................................................1

Statement of Facts ........................................................................................................3

    I.      Defendant Facility and Its Operation............................................................3

    II.    Plaintiff's Notice Letter to the McLawhorns ................................................5

    III.   The Amended Complaint ...............................................................................8

Standard of Review......................................................................................................10

Argument .....................................................................................................................11

    I.      Plaintiffs' Notice Letter Explicitly Identified Aaron and
          Justin McLawhorn as Potential Defendants in a RCRA Citizen Suit
          and Provided Adequate Notice of the Endangerment ................................13

    II.    Plaintiffs' Notice Letter Provided Adequate Notice of Defendants'
          Potential Individual Liability for Past Activities and What Actions
          Defendants Could Take to Avoid a Citizen Suit ........................................16

Conclusion ...................................................................................................................18

# TABLE OF AUTHORITIES

**STATUTES AND REGULATIONS**

Fed. R. Civ. P. 12..................................................................................................2, 9

40 C.F.R. § 254.3 ........................................................................................11, 12, 13

42 U.S.C. § 6902..................................................................................................11

42 U.S.C. § 6928....................................................................................................1

42 U.S.C. § 6972.......................................................................................... *passim*

**CASES**

*Assateague Coastkeeper v. Hudson Farm*, 727 F. Supp. 2d 433 (D. Md. 2010) ...........................15

*Aziz v. Acolac, Inc.*, 658 F.3d 388 (4th Cir. 2011).........................................................10

*Bd. of County Comm'rs of the County of La Plata, Colo. v. Brown Group Retail, Inc.*,
    598 F. Supp. 2d 1185 (D. Colo. 2009) .....................................................................13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).......................................................10

*Burlington N. and Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013 (10th Cir. 2007) .......................12, 17

*Center for Biological Diversity v. Marina Point*, 566 F. 3d 794 (9th Cir. 2009)..........................16

*Cox v. City of Dallas*, 256 F.3d 281 (5th Cir. 2001).................................................11, 12, 17

*Evans v. B.F. Perkins Co.*, 166 F.3d 642 (4th Cir. 1999) ...................................................10

*Friends of the Earth v. Gaston Copper Recycling Corp.*, 629 F.3d 387 (4th Cir. 2011)....................10

*Frontier Recovery, LLC v. Lane County*, 717 F. Supp. 2d 968 (D. Or. 2010)................................12

*Hallstrom v. Tillamook County*, 493 U.S. 20 (1990)....................................................10, 16

*Interfaith Cmty Org. v. Honeywell Intern., Inc.*, 399 F.3d 248 (3d Cir. 2005)..............................11

*KFD Enter., Inc., v. City of Eureka*, No. 08-4571,
    2011 WL 1654443 (N.D. Cal. Apr. 28, 2011) ..............................................................12

*Philips v. Pitt County. Mem'l Hosp.*, 572 F.3d 176 (4th Cir. 2009) ........................................10

*Purvis v. Douglasville Dev., LLC*, No. 06-cv-0416,
    2006 WL 3709610 (N.D. Ga. Nov. 9, 2006)................................................................15

*Singer v. Bulk Petroleum Corp.*, 9 F. Supp. 2d 916 (N.D. Ill. 1998) ..................................12, 17

ii

**INTRODUCTION**

Plaintiffs North Carolina Environmental Justice Network ("NCEJN"), Neuse Riverkeeper

Foundation, Inc. ("NRF"), and Waterkeeper Alliance, Inc. ("Plaintiffs"), by and through their

undersigned attorneys, submit this Memorandum of Law in Opposition to the Motion to Dismiss

filed by Defendants Aaron and Justin T. McLawhorn on September 27, 2012.

**NATURE OF THE CASE**

Plaintiffs filed this action against Defendants Aaron and Justin T. McLawhorn

("Defendants" or "McLawhorn Defendants"), as well as other parties, pursuant to the citizen suit

provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972.[1]  The

Amended Complaint seeks to remedy pollution and endangerment to human health and the

environment in the Neuse River Basin caused by past and ongoing illegal management, disposal,

and discharge of swine waste from a large concentrated animal feeding operation ("CAFO"),

historically known as the McLawhorn Livestock Farm (Banks) ("the facility").

Specifically, Plaintiffs' Amended Complaint alleges a single cause of action against the

McLawhorn Defendants, under 42 U.S.C. § 6972(a)(1)(B), as persons, including past generators,

transporters, operators, and/or owners of a treatment, storage, or disposal facility, who "have in

the past . . . . contribute[d] to the past or present handling, storage, treatment, transportation, or

disposal" of swine waste" which "may and does" present "[a]n imminent and substantial

endangerment to health or the environment[.]"  Am. Compl. ¶¶ 84–96, ECF No. 25.  The

Amended Complaint seeks declaratory and injunctive relief, as well as assessment of civil

---

[1]    The Resource Conservation and Recovery Act "RCRA", Pub. L. No. 94-580 (1976), amended in its entirety
       the Solid Waste Disposal Act, and the entirety of the Act is commonly referred to as RCRA.

penalties and all costs of litigation, pursuant to 42 USC § 6972(a)(1)(B) and 42 U.S.C. § 6928(a) and (g). *Id.* at ¶¶ 94–96.

The McLawhorn Defendants seek dismissal of the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the basis of alleged deficiencies in Plaintiffs' Notice Letters.[2] McLawhorn Mot., ECF No. 36. The McLawhorn Defendants contend that Plaintiffs' Notice Letters failed to "identify the McLawhorns, individually, as parties threatened with suit," failed to "state what they personally did that constitutes a violation which would expose them to suit," and failed to explain "what actions were required of them, individually, to avoid a lawsuit." McLawhorn Mem. Supp. Mot. to Dismiss 4, 5, 6, ECF No. 37 ("McLawhorn Mem."). Contrary to these assertions, Plaintiffs served notice, addressed individually to each of the McLawhorn Defendants, of Plaintiffs' explicit "intent to sue yourselves" for the precise past activities causing endangerment to human health and the environment that are alleged in the Amended Complaint. *Compare* Ex. B. to Am. Compl. 1, 10–12, ECF No. 25-2 ("Notice Letter")[3] *with* Am. Compl. ¶¶ 84–96. The Notice Letter made clear what actions Defendants could take to avoid suit: contact Plaintiffs to discuss effective remedies. Notice Letter 1, 13–14.

The McLawhorn Defendants further assert that Plaintiffs' Notice Letter was inadequate because "the McLawhorns and the Corporation had ceased all activities on the farm, and were no

---

[2] The caption of the McLawhorn Defendants' Motion references Rule 12(b)(7), failure to join a party under Fed. R. Civ. P. 19. McLawhorn Mot., ECF 36. However, the McLawhorn Defendants Motion states only that they "move . . . pursuant to Rules [*sic*] 12(b)(1) and Rule 12(b)(6)" and their Memorandum is devoid of any mention of Rule 12(b)(7). To the extent Defendants' arguments address Plaintiffs' failure to join the McLawhorn Livestock Farm, Inc. as a defendant, and without taking any position as to the merits of this claim, Plaintiffs intend to file a second amended complaint to add the McLawhorn Livestock Farms, Inc., that was administratively reinstated after the filing of this lawsuit, *see* Davis Noll Decl. Ex. 6, and is seeking consent from all Defendants to do so. Plaintiffs' second amended complaint would therefore moot the issue.

[3] Cited page numbers to the McLawhorn Notice refer to the page of the ECF-filed exhibit.

longer involved in any alleged violations." McLawhorn Mem. 7. However, this too overlooks the contents of the Notice Letter, which specifically alerted the McLawhorn Defendants to Plaintiffs' intent to sue them under RCRA, 42 U.S.C. § 6972(a)(1)(b), as persons whose past actions contributed to the treatment, storage and disposal of solid waste that may present an ongoing imminent and substantial endangerment to human health and the environment. Notice Letter 1, 6, 10–11. Because Plaintiffs' Notice Letter expressly alerted the McLawhorn Defendants to Plaintiffs' intent to sue them individually for the claim of endangerment to human health and the environment contained in the Amended Complaint, Defendants' motion must be denied.

## STATEMENT OF FACTS

### I.     Defendant Facility and Its Operation

The facility at issue in this matter is a swine CAFO located at 360 Ben Banks Road, Trenton, NC 28585. Notice Letter 1, 3; McLawhorn Mem. 2 ("The Banks Farm is the farm at issue in this lawsuit."). The facility confines or stables approximately 4,380 wean-to-feeder swine and 10,320 feeder-to-finish swine in a series of confinement barns and has swine waste storage lagoons and swine waste application fields on the property. *See* Declaration of Bethany A. Davis Noll, dated October 22, 2012 ("Davis Noll Decl."), Ex 1, Certificate of Coverage No. AWG100000; Davis Noll Decl. Ex. 2, Findings and Decision and Assessment of Civil Penalties ¶ I.B, dated April 20, 2011. The facility formerly was known as McLawhorn Livestock Farm, Inc. or McLawhorn Livestock Farms (Banks), and currently is known as "Taylor Finishing." *See* Ex. 2 ¶ I.B.

On or about November 23, 2010, the McLawhorn Defendants sold the facility to Defendants Donald and Annie Taylor. Aff. of Aaron McLawhorn ¶ 4; Notice Letter 3. The

McLawhorn Defendants concede that prior to the sale of the property to Defendants Donald and Annie Taylor, the McLawhorns were agents, representatives, and employees of McLawhorn Livestock Farm, Inc., the corporation through which they operated the facility. McLawhorn Mem. 2–3 (describing Aaron McLawhorn as a "minority shareholder, officer, employee and current registered agent" of the corporation, and Justin McLawhorn as "a former employee" of the corporation). In this capacity, Defendants were persons that contributed to the treatment, storage and disposal or solid waste, generators and transporters of solid waste, and operators of a waste treatment, storage, and disposal facility. *See* Aff. of Aaron McLawhorn ¶ 2–4; Davis Noll Decl., Ex. 3, Letter from North Carolina Dep't of Env't and Nat. Resources to Justin T. McLawhorn and Aaron McLawhorn, dated January 10, 2011; Davis Noll Decl. Ex. 4, Division of Water Quality Compliance Inspection, dated October 22, 2007 (listing certified operator as Frederick A. McLawhorn[4] and Back-up Operator as Justin T. McLawhorn).

During the time the McLawhorn Defendants operated the facility, the North Carolina Department of Environment and Natural Resources ("NCDENR") repeatedly fined the facility for violations of its state swine permit. For example, on April 20, 2011, NCDENR assessed penalties of $16,853 against Bobbie F. McLawhorn, former secretary of McLawhorn Livestock Farm, Inc., for six separate violations of the facility's permit.[5] Davis Noll Decl. Ex 2 at 4; *see also* Davis Noll Ex. 3 (describing a history of inadequate freeboard levels, irrigation outside acceptable crop windows, and excessive ponding); Davis Noll Decl. Ex. 5, NCDENR Notice for Referral for the Banks Farm, Facility Number 52-2, dated September 27, 2007 (describing over-

---

[4]    Upon information and belief Frederick A. McLawhorn and Aaron McLawhorn are the same person.

[5]    On information and belief, Bobbie McLawhorn is Frederick A. McLawhorn's father and passed away on or about March 21, 2012; thus he was not served with Plaintiffs' April 25, 2011 Notice Letter, or named in Plaintiffs' Amended Complaint.

application of swine waste).  Notably, NCDENR corresponded with individuals designated as responsible for the operation of the facility, including Defendants Justin T. McLawhorn and Aaron McLawhorn, not the McLawhorn Livestock Farm, Inc. itself.  *See* Davis Noll Decl. Exs. 2, 3, 4.

Shortly after the November 23, 2010 sale of the facility to Defendants Donald and Annie Taylor, McLawhorn Livestock Farms, Inc. was administratively dissolved effective December 15, 2010 for "failure to file annual reports."  Davis Noll Decl. Ex. 6, North Carolina Secretary of State Administrative Reinstatement, dated September 13, 2012.  The McLawhorn Defendants admit that up until November 23, 2010, they and the McLawhorn Livestock Farm, Inc. entity operated the facility; after that date, and claim that at all times since, Defendants Donald and Annie Taylor have operated the facility.  McLawhorn Mem. 2; Aff. of Aaron McLawhorn ¶¶ 2–6. Although according to the McLawhorn Defendants, McLawhorn Livestock Farm, Inc. no longer does business at or with the facility and had been administratively dissolved for nearly two years, it was revived as a North Carolina corporation in September 2012.  *See* Davis Noll Decl. Ex. 6. Defendant Aaron McLawhorn signed the reinstatement application as Vice President.  *Id.*

## II.     Plaintiff's Notice Letter to the McLawhorns

On December 22, 2010, Plaintiffs served Defendant Aaron McLawhorn, Bobbie F. McLawhorn, and McLawhorn Livestock Farm, Inc. with their Notice Letter.  Notice Letter 1, 3, 6.  Multiple and continued attempts to serve them by certified mail at the official address of McLawhorn Livestock Farm, Inc. were returned to Plaintiffs.  On April 25, 2012, Plaintiffs re-served the Notice Letter on Aaron McLawhorn, Justin T. McLawhorn, and McLawhorn

5

Livestock Farms, Inc. (Banks) via personal service at the McLawhorn Livestock Farm, Inc. business address.[6]  Davis Noll Decl. Ex. 7, Aff. of Process Server, dated April 25, 2012.

Plaintiffs' Notice Letter expressly stated that Plaintiffs intended to sue Defendants Aaron McLawhorn and Justin McLawhorn individually under RCRA, 42 U.S.C. § 6972.  Specifically, the Notice Letter was addressed to each of the McLawhorn Defendants individually and included the salutation "Dear Mssrs. Aaron McLawhorn and Justin McLawhorn."[7]  Notice Letter 1.  The Notice Letter expressly informed the McLawhorn Defendants that it was a "Notice of Intent to Sue yourselves and McLawhorn Livestock Farms, Inc.," that notice was being provided to "you" to satisfy the RCRA citizen suit notice provisions, and that, "[a]t the close of the relevant notice period, or shortly thereafter, if satisfactory steps [were] not taken to remedy these violations, Plaintiffs intend to file a civil suit under . . . Section 7002 of [RCRA] against you and McLawhorn Livestock Farms, Inc. (Banks) to compel compliance with . . . the [RCRA]."  Notice Letter 1.  Defendants acknowledge as much.  McLawhorn Mem. 6.

Plaintiffs' Notice Letter described in detail Plaintiffs extensive, multi-year investigation of the facility during the time that it was operated by the McLawhorn Defendants.  Plaintiffs' Notice Letter explained that their investigation revealed "historic and current . . . illegal[] treatment, storage, and disposal of solid . . . waste and associated releases of pollutants into the soil, groundwater, and surface waters of the Trent River and Neuse River watersheds [that] may and does present an imminent and substantial endangerment to human health and the

---

[6]     Plaintiffs noticed Aaron and Justin McLawhorn after the McLawhorn Livestock Farm, Inc. had been dissolved by the state and because Bobbie McLawhorn had passed away since Plaintiffs' December 22, 2010 Notice Letter.

[7]     Plaintiffs' April 25, 2012 Notice Letter attached a copy of the December 22, 2010 Notice Letter Plaintiffs originally served on Aaron McLawhorn, Bobbie McLawhorn, and McLawhorn Livestock Farms, Inc. (Banks), and explicitly referred the McLawhorn Defendants to the contents of that Notice Letter.  Notice Letter 1.  As a courtesy, Plaintiffs also attached a copy of the January 11, 2011 Notice Letter served on Defendants Donald and Annie Taylor as the new owners of the facility.  *Id.* at 3.

6

environment in violation of [RCRA]." Notice Letter 7. Plaintiffs stated that their investigation showed that the facility had "disposed of large volumes of swine waste on fields in excess of any legitimate fertilization purpose and in a manner that causes runoff, discharges, and leaching of the waste and associated pollutants into surface and groundwater in the Trent River and Neuse River watersheds." *Id.* at 12. Plaintiffs informed the McLawhorn Defendants that the illegal waste management practices revealed in Plaintiffs' investigation were documented in public records, water samples, and photographs. *Id.* at 9–10, 11.

Plaintiffs also described the impacts of the McLawhorn Defendants' illegal activities that caused swine waste and associated pollutants to present an ongoing endangerment to human health and the environment. The Notice Letter explained that animal waste is a "solid waste" within the meaning of RCRA. *Id.* at 11. The Notice Letter stated that the McLawhorn Defendants' improper disposal of swine waste endangers human health and the environment "through potential exposure to numerous pollutants, bacteria, viruses, and pathogens," through "impair[ed] water quality," and contributed "to the formation of potentially carcinogenic disinfection byproducts in drinking water, toxic blue-green algae, and toxic Pfiesteria piscicida." *Id.* at 12.

The Notice Letter expressly stated Plaintiffs' intent to sue for the past "treatment, storage, and disposal of solid . . . waste that may and does present an imminent and substantial endangerment to health or the environment under Section 7002(a)(1)(b), 42 U.S.C. § 6972(a)(1)(B)." Notice Letter 10–11. The Notice Letter also advised Defendants of the type of remedies Plaintiffs intended to seek, including, *inter alia*, injunctive relief, such as an order requiring "an environmental assessment; a comprehensive cleanup program; and all other actions necessary to abate any endangerment to human health and the environment." *Id.* at 12.

Lastly, at the close of both the original, December 22, 2010 Notice Letter and the re-issued April 25, 2012 Notice Letter, Plaintiffs spelled out what Defendants could do if they wished to avoid suit: "During the relevant notice period, Plaintiffs would be willing to discuss effective remedies for the violations noted in the letter. However, if you wish to pursue negotiations in the absence of litigation, you should initiate such negotiations within the next twenty days so that they may be completed prior to the expiration of the notice period." *Id.* at 1, 13–14. Unlike the Taylor Defendants, who engaged Plaintiffs in pre-suit settlement discussions, *see* Pls'. Mem. Opp'n to Def. Donald Taylor's Mot. to Dismiss 8–9, ECF No. 38; Declaration of Bethany Davis Noll, dated Oct. 9, 2012, Exs. 6 & 7, ECF No. 39, the McLawhorn Defendants declined the opportunity to discuss the activities and violations detailed in the Notice Letter, making no attempt to contact or respond in any way to Plaintiffs' Notice Letter and concomitant offer to negotiate. As a result, and due to the continued imminent and substantial endangerment to human health and the environment Plaintiffs believe is caused by the McLawhorn Defendants' past activities and the Taylor Defendants' past and ongoing activities, Plaintiffs filed suit as soon as the notice period expired after service of the April 25, 2012 Notice Letter.

### III. The Amended Complaint

Plaintiffs' Amended Complaint alleges that, prior to the Taylor Defendants' ownership, the McLawhorn Defendants "were the representatives, registered agents, owners, and/or operators of" the facility. Am. Compl. ¶ 29. Like the Notice Letter that preceded it, the Amended Complaint alleges that the McLawhorn Defendants "were or are engaged in, and are and/or were responsible for, the operation of a swine animal feeding operation, the generation of large volumes of swine waste and the handling, storage, disposal and discharges of swine waste and associated pollutants onto lands and into waters surrounding" the facility. *Id.* at ¶ 31. The

8

Amended Complaint further alleges that the McLawhorns are "persons" within the meaning of RCRA. *Id.* at ¶ 32.

The Amended Complaint alleges, based on Plaintiffs' extensive investigation of the facility and surrounding environment, that the facility has a history of illegal discharges and releases of pollutants from swine waste to land, groundwater, and surface waters that "pose an imminent and substantial endangerment to human health and the environment in the Trent and Neuse River watersheds." *Id.* at ¶ 49. The Amended Complaint specifically alleges that "[r]unoff, leaching, and discharges of animal waste and its constituents impairs water quality, causes fish and shellfish closures, adversely affects aquatic life and wildlife, makes water unsafe for drinking and recreation, causes violations of water quality standards, and contributes to the formation of potentially carcinogenic disinfection byproducts in drinking water, toxic blue green algae and toxic Pfiesteria piscicida," and that the McLawhorn Defendants' past waste management practices "presents potential exposure to numerous pollutants, bacteria, viruses, and pathogens." *Id.* at ¶¶ 90–91; *see id.* ¶¶ 33–35 (describing adverse effects on human health of specific pollutants found in swine waste).

The Amended Complaint alleges one count against the McLawhorn Defendants, under 42 U.S.C. § 6972(a)(1)(B), alleging that they "were generators of swine waste and/or were representatives, agents, owners, and/or operators of a treatment, storage, or disposal facility for swine waste"; are "persons" under the RCRA, who contributed to the past "handling, storage, treatment, transportation, or disposal of swine waste" at the facility; and that "[a]n imminent and substantial endangerment to health or the environment in the Neuse River Basin may be presented, and in fact is presented," by the McLawhorn Defendants' past contribution to

"handling, storage, treatment, transportation, or disposal of swine waste [at the facility]." *Id.* at ¶¶ 84–96.

## STANDARD OF REVIEW

Defendants move pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim, respectively, "because of Plaintiffs' failure to serve a proper notice of intent to sue on the McLawhorns." McLawhorn Mot. ¶ 4.

To succeed on their motion to dismiss under Rule 12(b)(6), Defendants bear the burden of showing that Plaintiffs' Amended Complaint contains insufficient factual allegations, taken as true, to state a plausible claim for the relief sought. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Aziz v. Acolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011). In considering a motion to dismiss under Rule 12(b)(6), the Court may consider the pleadings and take judicial notice of matters of public record. *Philips v. Pitt County. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

In examining whether the Court has jurisdiction, the Court may take the Complaint and any materials outside of the pleadings as evidence of whether jurisdiction exists, and should grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).[8]

---

[8] The McLawhorn Defendants assert that failure to provide adequate notice "deprives the Court of subject matter jurisdiction" in addition to "constitut[ing] a procedural defect, resulting in a failure to state a claim upon which relief can be granted." McLawhorn Mot. ¶ 2. Neither the Supreme Court nor the Fourth Circuit, however, has expressly decided whether providing adequate notice in citizen suits is jurisdictional. *Hallstrom v. Tillamook*, 493 U.S. 20, 31 (1990) ("[W]e need not determine wither § 6972(b) is jurisdictional."); *Friends of the Earth v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 399 (4th Cir. 2011) ("Because we conclude that Gaston's defense was timely raised, we need not determine whether the mandatory notice requirement of § 1365(b)(1)(A) is 'jurisdictional in the strict sense of the term.'"). Both courts explicitly declined to decide whether the adequacy of the *contents* of a CWA or RCRA pre-suit notice are a procedural or jurisdictional prerequisite. In any event, the court need not resolve whether this is a jurisdictional inquiry, because the notice

## ARGUMENT

Defendants' arguments that Plaintiffs' Notice Letter failed to alert them to the potential for their individual liability, and that McLawhorn Livestock Farm, Inc. had ceased all operations at the facility and thus the Notice Letter failed to alert Defendants as to what actions they could take to avoid suit, McLawhorn Mem. 3, 6–7, are unavailing. Contrary to Defendants' arguments, Plaintiffs went far beyond the minimum RCRA notice requirements in this case.

RCRA was passed in order to, *inter alia*, promote the protection of health and the environment from solid and hazardous waste. *See* 42 U.S.C. § 6902. In enacting RCRA, Congress sought to close "the last remaining loophole in environmental law, that of unregulated land disposal of discarded materials and hazardous wastes." *Interfaith Cmty Org. v. Honeywell Intern., Inc.*, 399 F.3d 248, 260 (3d Cir. 2005) (quoting H.R. Rep. No. 1491, 94th Cong., reprinted in 1976 U.S.C.C.A.N. 6238, 6241). In furtherance of this goal, RCRA provides for two types of citizen suits. The first type of suit, under Section 6972(a)(1)(A), allows citizens to enforce a permit, standard, or other regulation. 42 U.S.C. § 6972(a)(1)(A). The second type of suit, under Section 6972(a)(1)(B), allows citizens to seek abatement of activities that may pose an imminent and substantial endangerment to human health or the environment. 42 U.S.C. § 6972(a)(1)(B). Plaintiffs' allegations and claims against the McLawhorn Defendants fall under the latter subsection, (a)(1)(B).

A claim under Section 6972(a)(1)(B) requires that:

> the defendant [] be a person, including, although not limited to, one
> who was or is a generator or transporter of solid or hazardous
> waste, or one who was or is an owner or operator of a solid or

---

letter informed the defendants of the alleged endangerment and gave them an opportunity to come into compliance with the law. Moreover, whether judged under the statute, 42 U.S.C. § 6972(b)(2)(a), or under the regulation, 40 C.F.R. § 254.3(a), Plaintiffs' notice was adequate as a matter of law.

> hazardous waste treatment, storage, or disposal facility; (2) that
> this defendant contributed to, or is contributing to, the handling,
> storage, treatment, transportation, or disposal of solid or hazardous
> waste; and (3) that such waste may present an imminent and
> substantial endangerment to the health or the environment.

*Burlington N. and Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1020 (10th Cir. 2007); *see also*

42 U.S.C. § 6972(a)(1)(B). Under an (a)(1)(B) suit, "the endangerment must be ongoing, but the

conduct that created the endangerment need not be." *Cox v. City of Dallas*, 256 F.3d 281, 299

(5th Cir. 2001) (internal quotation omitted); *see also Singer v. Bulk Petroleum Corp.*, 9 F. Supp.

2d 916, 919 (N.D. Ill. 1998) ("Subsection (a)(1)(B) authorizes suits against all past or present

owners or operators."). Unlike other provisions of RCRA, liability under an (a)(1)(B) suit

extends to activities that are wholly past activities. *Cox*, 256 F.3d at 298 ("Section 6972(a)(1)(B)

is clear that it applies to both past and present acts."); *Singer*, 9 F. Supp. at 920.

Plaintiffs seeking to enforce RCRA through a citizen suit must comply with the general

notice provisions of 42 U.S.C. § 6972(b)(2)(A). That section provides that:

> No action may be commenced under subsection (a)(1)(B) of this
> section prior to ninety days after the plaintiff has given *notice of
> the endangerment* to – (i) the Administrator [of the EPA]; (ii) the
> State in which the alleged endangerment may occur; and (iii) any
> person alleged to *have contributed* or to be contributing to the *past
> or present* handling, storage, treatment, transportation, or disposal
> of any solid or hazardous waste referred to in subsection (a)(1)(B)
> of this section[.]

42 U.S.C. § 6972(b)(2)(A) (emphasis added). There are no specific regulations regarding notice

or service requirements for (a)(1)(B) imminent and substantial endangerment claims. *See KFD*

*Enter., Inc., v. City of Eureka*, No. 08-4571, 2011 WL 1654443, at *2 (N.D. Cal. Apr. 28, 2011)

(finding 40 C.F.R. § 254.3(a) inapplicable to (a)(1)(b) claim, and that plaintiff did not need to

identify a violation of a particular permit, regulation, order, or other violation); *Frontier*

*Recovery, LLC v. Lane County*, 727 F. Supp. 2d 968, 973 (D. Or. 2010) (noting that 40 CFR

12

§ 254.3(a) applies to claims for "permit and rule violations"); *Bd. of County Comm'rs of the County of La Plata, Colo. v. Brown Group Retail, Inc.*, 598 F. Supp. 2d 1185, 1197 (D. Colo. 2009) ("Unlike Section 6972(a)(1)(A), Section 6972(a)(1)(B) does not have a corresponding regulation indicating the minimum requirements of the notice letter.").[9] Accordingly, prior to filing a RCRA (a)(1)(B) imminent and substantial endangerment claim, Plaintiffs were required to give Defendants pre-suit notice only of the endangerment. 42 U.S.C. § 6972(b)(2)(a).

I.     **Plaintiffs' Notice Letter Explicitly Identified Aaron and Justin McLawhorn as Potential Defendants in a RCRA Citizen Suit and Provided Adequate Notice of the Endangerment**

The McLawhorn Defendants assert that they did not receive adequate notice because Plaintiffs' April 25, 2012 Notice Letter "merely referenced an enclosed notice of intent to sue that was neither addressed to nor in any way mentioned either Justin or Aaron McLawhorn," and that "[n]owhere did either the April 25, 2012 letter, the January 11, 2011 letter, or the December 22, 2010 letter identify either of the McLawhorns as being personally responsible for any violations. Rather, the alleged violator and targeted defendant was McLawhorn Livestock Farm, Inc." McLawhorn Mem. 3.

These arguments are contrary to the explicit language in Plaintiffs' April 25, 2012 Notice Letter. Plaintiffs sent the McLawhorn Defendants a Notice Letter on April 25, 2012 containing an express statement that they intended to sue both of them individually, as well as the facility, for RCRA violations described in detail in the December 22, 2010 Notice Letter. Notice Letter 1. The Notice Letter explained that a RCRA citizen suit would be filed against both of them if RCRA violations were not corrected prior to expiration of the notice period. Notice Letter 1.

---

[9]     Defendants' citation to 40 C.F.R. § 254.3(a) is misplaced. McLawhorn Mem. 5–6. That provision applies to notice of a "Violation of permit, standard, regulation, condition, requirement, or order" under 42 U.S.C. § 6972(a)(1)(A) and is inapplicable where a claim is alleged under (a)(1)(B), as is the case here.

Moreover, Aaron McLawhorn also was named in the December 22, 2010 Notice Letter. Notice Letter 6. It is simply not credible for the McLawhorn Defendants to claim that they did not know they were among the "target[s]" of the threatened citizen suit described in the Notice Letter. *See* McLawhorn Mem. 6. Aaron and Justin McLawhorn each were the recipients of a RCRA citizen suit Notice Letter addressed to them and that expressly stated that Plaintiffs intended to sue them to abate an imminent and substantial endangerment under RCRA at a facility they had operated under the name McLawhorn Livestock Farm (Banks).

Plaintiffs' Notice Letter also provided the McLawhorn Defendants ample detail concerning the activities and solid waste and associated pollutants Plaintiffs allege to be causing an ongoing imminent and substantial endangerment to human health and the environment. Notice Letter 10–12 (describing how the disposal of swine waste causes violations of water quality standards, and endangers health and the environment through potential exposure to numerous pollutants, bacteria, viruses and pathogens, including toxic blue-green algae and *Pfiesteria piscicida*). Contrary to Defendants' assertion, Plaintiffs are not required to provide specific allegations in the Notice Letter telling the Defendants "what they personally did that constitutes a violation[.]" McLawhorn Mem. 6.

As an initial matter, Defendants appear to misunderstand the nature of this suit. *Id.* at 5 (relying on language in statute and regulation applicable to permit, standards, and regulatory violation claims under RCRA Section (a)(1)(A)); 6 (arguing that because the McLawhorn Defendants ceased operations at the facility the Notice Letter was defective). Plaintiffs have not brought a Section (a)(1)(A) claim against the McLawhorn Defendants for current violations of a permit, standard, or regulation. Rather, they have brought a Section (a)(1)(B) claim for *past* actions that contributed to the creation of an imminent and substantial endangerment, and thus

are required to notify Defendants only of the alleged endangerment. 42 U.S.C. § 6972(b)(2)(A).

It is apparent on the face of Plaintiffs' Notice Letter that Plaintiffs intended to bring this claim

against the McLawhorn Defendants and that Plaintiffs went far beyond the minimum notice

requirements for RCRA imminent and substantial endangerment claims in their Notice. Notice

Letter 1, 6–8, 10–13.

Additionally, even applying the standards applicable to regulatory notice requirements for

Section (a)(1)(A) claims, Plaintiffs' Notice Letter provided sufficient information from which

Defendants could identify the past activities that Plaintiffs alleged may and were causing an

ongoing and imminent endangerment to human health and the environment, and for which

Plaintiffs expressly told the McLawhorn Defendants they would be sued in a RCRA citizen suit.

Plaintiffs are not required to identify the specific actions taken by each of the McLawhorn

Defendants as part of their operation of the facility. Rather, Plaintiffs need only put the

Defendants on notice that they could be responsible for their past or ongoing conduct and that

Plaintiffs intend to sue them; at that point, Defendants should assume they potentially are

responsible for the entirety of the conduct described and should investigate their own conduct if

they want to avoid liability. *See Purvis v. Douglasville Dev., LLC*, No. 06-cv-0416, 2006 WL

3709610, at *5 (N.D. Ga. Nov. 9, 2006) (holding regulatory requirements of CWA met where

notice letter included names of ten potential violators without specifying which potential violator

was responsible for which specific violation); *see also Assateague Coastkeeper v. Hudson Farm*,

727 F. Supp. 2d 433, 439, 441–42 (D. Md. 2010) (holding that Plaintiffs are not required to

provide notice of information uniquely known to Defendants "[o]nce Defendants were on notice

that the Hudson Farm CAFO was allegedly discharging pollutants in the form of poultry manure

into a water source, they, not Plaintiffs, had the information to determine from where specifically

within the CAFO the discharge may have been coming and to correct the problem."). Plaintiffs'

Notice Letter was adequate as a matter of law to achieve the congressional goal of requiring pre-

suit notice in order to potentially obviate the need for private litigation by (i) allowing

"Government agencies to take responsibility for enforcing environmental regulations" and (ii)

providing the person alleged to have contributed to the endangerment "an opportunity to bring

itself into complete compliance with the Act[.]" *Hallstrom v. Tillamook County*, 493 U.S. 20, 29

(1990) (internal quotations omitted).

II.     **Plaintiffs' Notice Letter Provided Adequate Notice of Defendants' Potential
        Individual Liability for Past Activities and What Actions Defendants Could Take to
        Avoid a Citizen Suit**

Defendants assert that because they had "ceased all activities on the farm, and were no

longer involved in any alleged violations," McLawhorn Mem. 7, the Plaintiffs' Notice Letter

"essentially requested what had already taken place," *id.* at 6, and failed to tell the McLawhorn

Defendants what actions they could take to avoid suit, *id.* at 6–7. Defendants' argument fails for

two reasons. First, the Notice Letter put each of the McLawhorn Defendants on notice of

Plaintiffs' intent to sue for past activities. Second, the Notice Letter did, in fact, tell Defendants

what actions they could take to avoid a lawsuit.

Plaintiffs' Notice Letter clearly stated that Plaintiffs intended to sue each of the

McLawhorn Defendants for their contribution to the past handling, storage, treatment,

transportation, and/or disposal of swine waste at the McLawhorn Banks facility. Plaintiffs

addressed the Notice Letter to each of the McLawhorn Defendants, and explained in great detail

the past practices at the facility that "may and do[] present an imminent and substantial threat to

health or the environment under Section 7002(a)(1)(B), 42 U.S.C. § 6972(a)(1)(B)," including

dates of those past practices. Notice Letter 1, 6, 10–11. Plaintiffs alleged that animal waste is

"solid waste" within the meaning of RCRA, the environmental and human health hazards presented by animal waste, that large volumes of swine waste had been disposed of in a manner causing runoff, leaching, and discharges of pollutants that may and do pose an imminent and substantial endangerment to human health and the environment, and the nature of that endangerment. Notice Letter 7–8, 10–12.

Under these circumstances, the cessation of operations is irrelevant to the adequacy of Plaintiffs' Notice Letter. Plaintiffs alleged in the Notice Letter and the Amended Complaint that the McLawhorn Defendants' past contributions to the disposal of solid waste may and does pose an ongoing imminent and substantial endangerment to human health or the environment; such allegations are a valid basis to assert a RCRA imminent and substantial endangerment claim.[10] *Burlington N. and Santa Fe R.R. Co.*, 505 F.3d at 1020; *Cox*, 256 F.3d at 299; *see also Singer*, 9 F. Supp. 2d at 919.

The Notice Letter also advised the McLawhorn Defendants of the type of remedies that Plaintiffs intended to seek, including an order requiring an "environmental assessment; a comprehensive cleanup program; and all other actions necessary to abate any endangerment to human health and the environment." Notice Letter 12. Had Defendants been interested in attempting to avoid suit and assist in the abatement of the environmental effects of their past actions, they specifically were told that Plaintiffs "would be willing to discuss effective remedies" and "pursue negotiations in the absence of litigation[.]" Notice Letter 1, 13. As such, Plaintiffs' Notice Letter adequately alerted the McLawhorn Defendants of the alleged

---

[10] *Center for Biological Diversity v. Marina Point*, 566 F. 3d 794 (9th Cir. 2009), relied on by Defendants, has no applicability to Plaintiffs' RCRA suit based on Section (a)(1)(B). In that case, Plaintiffs brought a Clean Water Act claim based on *ongoing* violations of the CWA, not a RCRA imminent and substantial endangerment claim for past actions. *Id.* at 798. Because all ongoing harmful activities had ceased, the court held that the suit could not go forward. *Id.* 801–04.

endangerment, their potential liability for their past actions, and what steps they could take to avoid suit.

## CONCLUSION

Because Plaintiffs' pre-suit Notice Letter was addressed to the McLawhorn Defendants individually, contained sufficient information to permit the McLawhorn Defendants to identify the endangerment to human health and the environment for which Plaintiffs intended to sue them, and the opportunity to remediate those problems, Plaintiffs' Notice Letter was adequate as a matter of law, and the Court should deny the McLawhorn Defendants' Motion to Dismiss.

Dated: October 22, 2012

Respectfully submitted,

| | |
|---|---|
| /s/   Michael T. Leigh | /s/   Kelly H. Foster |
| Bethany A. Davis Noll, NY State Bar No. 4541116 | Kelly H. Foster, OK State Bar No. 17067 |
| Michael T. Leigh, NY State Bar No. 4873394 | Waterkeeper Alliance |
| Johanna N. Skrzypczyk, NY State Bar | P.O. Box 4483 |
| No. 4918371 *(of counsel)* | Tulsa, OK  74159 |
| Debevoise & Plimpton LLP | (918) 619-9073 |
| 919 Third Avenue | kfoster@waterkeeper.org |
| New York, NY  10022 | *Counsel for Plaintiffs Waterkeeper* |
| (212) 909-6000 | *Alliance, Inc. and Neuse Riverkeeper* |
| badavisn@debevoise.com | *Foundation* |
| mtleigh@debevoise.com | |
| jnskrzypczyk@debevoise.com | /s/   Stanley B. Green |
| *Counsel for Plaintiff NCEJN* | Stanley B. Green, NC State Bar No. |
| | 25539 |
| | Lee Knight Caffery. NC State Bar No. |
| | 34767 |
| | Strauch Fitzgerald & Green, P.C. |
| | 118 So. Cherry St |
| | Winston-Salem, NC  27101 |
| | (336) 837-1064 |
| | sgreen@sfandglaw.com |
| | lcaffery@sfandglaw.com |
| | *Local Civil Rule 83.1 Counsel* |
| | *Counsel for All Plaintiffs* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law and is admitted to practice in the state of North Carolina, is attorney for plaintiffs, and is a person of such age and discretion as to be competent to serve process.

That on the 22nd day of October he served a copy of the foregoing Memorandum of Law in Opposition to Defendants Justin T. McLawhorn and Aaron McLawhorn's Motion to Dismiss via electronic filing through the Eastern District of North Carolina CM/ECF system, which will send notification of such filing to the following parties:

Donalt J. Eglinton
Frank H. Sheffield
Amy P. Wang
Smith & Ward, P.A.
P.O. Box 867
New Bern, NC 28563
*Counsel for Defendants Donald Taylor*
*and Annie Taylor, individually, and d/b/a*
*Taylor Finishing*

John W. King
Stubbs & Perdue, P.A.
P.O. Box 1654
New Bern, NC 28563
*Counsel for Defendants McLawhorn*
*Livestock Farm, Inc., Justin McLawhorn,*
*and Aaron McLawhorn*

Lars P. Simonsen
Simonson Law Firm, P.A.
P.O. Box 848
Edenton, NC 27932
*Counsel for Defendants McLawhorn*
*Livestock Farm, Inc., Justin McLawhorn,*
*and Aaron McLawhorn*

 /s/  Stanley B. Green
Stanley B. Green, NC State Bar No. 25539
Strauch Fitzgerald & Green, P.C.
118 So. Cherry St
Winston-Salem, NC 27101
(336) 837-1064
sgreen@sfandglaw.com
*Local Civil Rule 83.1 Counsel*
*Counsel for All Plaintiffs*