IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION FILE NO.: 4:12-cv-00154-D

| | |
|---|---|
| NORTH CAROLINA ENVIRONMENTAL JUSTICE NETWORK, NEUSE RIVERKEEPER FOUNDATION, INC., and WATERKEEPER ALLIANCE, INC., Plaintiffs<br><br>v.<br><br>MR. DONALD TAYLOR and MS. ANNIE TAYLOR, individually and d/b/a TAYLOR FINISHING, MR. JUSTIN T. MCLAWHORN, and MR. AARON MCLAWHORN, Defendants | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ANNIE TAYLOR'S MOTION TO DISMISS** |

Pursuant to Local Rule 7.1(d), Defendant Annie Taylor ("Annie Taylor") hereby submits this Memorandum of Law in Support of her Motion to Dismiss, which is being filed contemporaneously herewith.

## NATURE OF THE CASE[1]

On August 31, 2012, Plaintiffs North Carolina Environmental Justice Network, Neuse Riverkeeper Foundation, Inc., and Waterkeeper Alliance, Inc. (collectively, "Plaintiffs"), filed their Amended Complaint (the "Amended Complaint") against Annie Taylor, both

---

[1] Rather than burdening the Court with additional legal memoranda, Annie Taylor hereby adopts and incorporates by reference (to the extent applicable to Annie Taylor's Motion to Dismiss) the Memorandum of Law in Support of Defendant Donald Taylor's Motion to Dismiss, filed September 13, 2012, and the Reply to Plaintiffs' Opposition to Defendant Donald Taylor's Motion to Dismiss filed October 30, 2012. [Documents 31 and 45.] Annie Taylor is proceeding on her Motion to Dismiss on the basis of similar, but not identical, operative facts and controlling legal authority as Defendant Donald Taylor. In this Memorandum, Annie Taylor will focus attention on facts and issues as relate specifically to her.

individually and d/b/a Taylor Finishing with Defendant Donald Taylor ("Annie Taylor"), among others. [Document 25.]² Plaintiffs seek a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys' and expert witness fees, against Annie Taylor pursuant to the citizen suit provisions of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, for alleged violations of federal environmental laws by an animal feeding operation in Jones County, North Carolina. [Document 25, pp. 1-3.]

This matter is now before this Court on Annie Taylor's Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that this Court lacks subject matter jurisdiction. Plaintiffs failed to serve Annie Taylor with any written notice of the claims it intended to pursue against her in a citizen suit, as required under the CWA and RCRA. Therefore, the Amended Complaint against Annie Taylor should be dismissed.

## STATEMENT OF THE FACTS

On November 23, 2010, Defendant Donald Taylor and his wife, Annie Taylor (collectively, the "Taylors"), purchased certain real property in Pollocksville Township, Jones County, North Carolina, upon which they intended to operate a swine finishing farm for Murphy-Brown, LLC. [Document 31, p. 3.] On January 11, 2011, less than two months after the Taylors purchased the farm, Plaintiffs sent a letter to Defendant Donald Taylor, as the new owner of the farming facility, informing him of their intent to sue McLawhorn Livestock Farms, Inc. (Banks)(the "McLawhorn Corporation") for violations of the CWA and the Solid Waste Disposal Act (the "Notice Letter"). [Document 25-1, Ex. A.] A true and correct copy of

---

² Citations refer to the Document number and page of the ECF-filed Document.

the Notice Letter sent to Defendant Donald Taylor is attached as Exhibit A to Plaintiffs' Amended Complaint and as Exhibit 1 to this Memorandum.

The Notice Letter was not addressed or sent to Annie Taylor. Nowhere in the Notice Letter did Plaintiffs assert that Annie Taylor, either individually or d/b/a Taylor Finishing, was a person responsible in any way for any of the alleged violations identified therein. The Notice Letter cited alleged violations spanning two years of Plaintiffs' investigation of the McLawhorn Corporation's activities. Only one date listed in the Notice Letter occurs during the Taylors' ownership of the farming facility, December 2, 2012 – nine days after their purchase – but with no attribution to either of the Taylors. [Document 25-1, p. 7.] None of the photographs referenced in the Notice Letter were taken during the Taylors' operations; none of the violations issued by DENR listed in the Notice Letter occurred during the Taylors' operations; and, none of the alleged RCRA violations listed in the Notice Letter occurred during the Taylors' operations. [Document 25-1, pp. 8-11.]

Annie Taylor has never received from Plaintiffs a written notice of their intent to sue her for any violations alleged in the Amended Complaint.

The Amended Complaint should be dismissed as to Annie Taylor because Plaintiffs failed to comply with the operative statutory and regulatory notice requirements for a citizen suit under the CWA and RCRA and, therefore, have failed to properly invoke the jurisdiction of the Court. Accordingly, Plaintiffs cannot, as a matter of law, proceed on the claims they asserted against Annie Taylor.

# ARGUMENT

**The Amended Complaint Should be Dismissed Against Annie Taylor Because Plaintiffs Failed to Meet any Notice Requirements of the Citizen Suit Provisions of the CWA and RCRA.**

The law requires citizen suit plaintiffs to provide pre-litigation written notice to a person alleged to be in violation of the CWA or RCRA, in compliance with statutory and regulatory notice provisions. 33 U.S.C. § 1365(b); 42 U.S.C. § 6972(b) and (c); 40 C.F.R. §§ 135.3(a) and 254.3(a); Friends of the Earth, Inc. v. Gaston Copper Recycling Corp., 629 F.3d 387, 399 (4th Cir. 2011); Hallstrom v. Tillamook County, 493 U.S. 20, 31 (1989). Thus, in cases where plaintiffs have failed to comply with mandatory notice provisions, the claims are dismissed. See City of Newburgh v. Sarna, 690 F. Supp. 2d 136 (S.D.N.Y., 2010) and Bettis v. Town of Ontario, 800 F. Supp. 1113 (W.D.N.Y., 1992). As detailed below, Plaintiffs in this case have failed to meet the notice requirements of both the CWA and RCRA, and all claims against Annie Taylor must be dismissed.

The plain language of the CWA mandates that a citizen suit may not "be commenced" before 60 days after the plaintiff has given notice of the alleged violation to the EPA, to the state in which the violation occurred, and to the alleged violator. 33 U.S.C. § 1365(b)(1)(A). Likewise, RCRA requires that a similar pre-filing notice be given to the alleged violator, the EPA, and the State. 42 U.S.C. §§ 6972(a) and (b). Such notice must be in writing, and, if it is directed towards an individual, it must be delivered by personal service or by certified mail. 40 C.F.R. §§ 135.2(a)(1) and 254.2(a)(1).

In this case, Annie Taylor received no written notice of Plaintiffs' intent to sue her, prior to being named as a defendant in the Amended Complaint filed on August 31, 2012. [Document 25.] This Court, therefore, lacks subject matter jurisdiction over Annie Taylor and

should dismiss the action for Plaintiffs' failure to comply with mandatory citizen suit notice requirements. National Envtl. Found. v. ABC Rail Corp., 926 F.2d 1096, 1097-98 (11th Cir. 1991); Assateague Coastkeeper v. Alan and Kristin Hudson Farm, 727 F. Supp. 2d 433, 437 (D. Md. 2010).

The purpose of proper notice is to give an alleged polluter the opportunity to address and correct the alleged violation and render a citizen suit unnecessary. Center for Biological Diversity v. Marina Point Development, 566 F.3d 794, 800 (9th Cir. 2008). Unless this opportunity is provided, citizen groups, like Plaintiffs, have no right to invoke the jurisdiction of the court for relief. Id. at 804. For the following reasons, Plaintiffs cannot pursue Annie Taylor.

*First*, failure to send a notice letter to a named defendant, prior to filing a citizen suit, is fatal to Plaintiffs' claims. The courts have addressed the failure of citizen plaintiffs to provide the required notice to parties named in a complaint, and the results have been dismissal. In City of Newburgh v. Sarna, the municipal plaintiff asserted a claim for violations of the CWA, as well as state-law tort claims, against individual, corporate, and other municipal defendants. 690 F. Supp. 2d at 140. The plaintiff alleged that the defendants collectively caused the discharge of untreated stormwater into a pond in its jurisdiction. Id. at 142. The plaintiff further alleged that easements owned or controlled by defendant Town of New Windsor included all or portions of the suspect stormwater management system. Id. The plaintiff's City Manager sent a nine-page notice letter, that set forth a condensed version of the violations alleged in the complaint, to federal and state regulatory agencies and to most of the defendants. Id. at 144. However, the notice letter was neither sent to the Town of New Windsor, nor did it mention the Town of New Windsor as an alleged violator or possible defendant. Id. The court concluded

that since the notice letter was not sent to the Town of New Windsor, it "did not provide adequate (or any) notice to the Town," and *sua sponte* dismissed the complaint in its entirety as against the Town of New Windsor. Id. at 147.

Likewise, in Bettis v. Town of Ontario, individual plaintiffs brought CWA and state tort claims against municipal, corporate, and individual defendants, for filling in wetlands and diverting a stream for a residential development in which the plaintiffs purchased homes. 800 F. Supp. at 1114-15. The plaintiffs sent several letters to federal and state government agencies asking for assistance and sent a notice letter of the state tort claims to the Town of Ontario. Id. at 1116-117. However, most of the defendants in the case were never named in the notices or letters. Id. at 1118. After reviewing the documents, the court found that

> neither individually nor collectively do they meet the CWA notice requirements. As to the individual and corporate defendants, service was not made by certified mail or personal service upon the individual, or the owner or manager of the entity, alleged to be in violation. 40 C.F.R. § 135.2(a)(1). Most of Mr. Bettis's letters plainly do not meet the requirements, since they were not sent to the alleged violators, but to government agencies which Bettis wanted to investigate his problem . . . . [T]he notices therefore failed to identify "the person or persons responsible for the alleged violation . . ."

(Internal citation omitted). Id. at 1117-118. The court did not find all of the notice defects equally serious, particularly given the plaintiffs' *pro se* status when some of the letters were written. Id. at 1118. The court was willing to forgive some technical flaws, but only "if the notice requirements as a whole had been substantially complied with. The problem is that they were not. Defendants were simply not apprised of any allegation that they had violated CWA. Most of the defendants, in fact, were not apprised of anything at all, since they never received a notice of any kind." Id.

Annie Taylor is in the same position as the Bettis defendants, having never received notice of any kind, and Plaintiffs' claims against her should be dismissed as well. Under facts less extreme than those at hand, the courts have seen fit to dismiss claims for lack of identification of, or notice to, parties. In Assateague Coastkeeper, the court dismissed two plaintiffs from the lawsuit that were not identified in the notice letter, for failure to comply with the Supreme Court's and the Fourth Circuit's position that the 60-day notice provision be strictly followed. 727 F. Supp. 2d at 438 (*citing* Hallstrom v. Tillamook, supra, Monongahela Power v. Reilly, 980 F.2d 272, 275 n. 2 (4th Cir. 1992), and Washington Trout v. McCain Foods, Inc., 45 F.3d 1351, 1354 (9th Cir. 1995)). See also Canada Community Improvement Society, Inc. v. City of Michigan City, Indiana, 742 F. Supp. 1025, 1029 (D. In. 1990). (Notice defective for insufficient identification of persons responsible, and failure to satisfy service requirements for defendant U.S. Army Corps of Engineers.) Clearly, "'the notice requirement is not a mere technical wrinkle of statutory drafting or formality to be waived by the federal courts.'" Walls v. Waste Resource Corp., 761 F.2d 311, 316 (C.A. Tenn. 1985). (Internal citations omitted.) However, Plaintiffs attempt to skirt those requirements entirely. Annie Taylor has the individual right to receive her own notice in accordance with the CWA and RCRA, notice which the Plaintiffs have refused to provide. Their claims against Annie Taylor, therefore, should be dismissed.

*Second*, Plaintiffs cannot proceed further against Annie Taylor because the Notice Letter sent to Defendant Donald Taylor does not provide sufficient information to permit Annie Taylor or the applicable federal and state agencies to identify her as a person responsible for the alleged violations. Plaintiffs never directed a claim against Annie Taylor until they filed this lawsuit. The Notice Letter was sent to Defendant Donald Taylor as the new owner of a farming

facility that became the subject of Plaintiffs' lawsuit. [Document 25-1, p. 1.] The Notice Letter directs claims against the McLawhorn Corporation, not against Annie (or Defendant Donald) Taylor. [Document 25-1, p. 4.] The Notice Letter was not sent to Annie Taylor, nor does it direct potential claims at any of her activities. Moreover, even if the Notice Letter had been addressed and sent to Annie Taylor, which it was not, the Notice Letter does not provide sufficient information for Annie Taylor to identify **herself** as a "person responsible" for violations that ultimately were alleged in the Amended Complaint. [Document 25.] There is no provision in either the CWA or RCRA that notice provided to an individual is sufficient to provide adequate, actual, or constructive notice to an individual's spouse. The notice requirements are "to be taken seriously as a means of carrying out important public policy," and are not meant to cause an individual to guess as to whether they are an alleged violator. Center for Biological Diversity, supra, 566 F.3d at 801-02.

*Third*, the Notice Letter fails to give appropriate federal and state agencies any information that Annie Taylor would be sued, as required by the applicable statutes and regulations. 40 C.F.R. §§ 135.3(a) and 254.3(a). As argued in Defendant Donald Taylor's Reply to Plaintiffs' Opposition to Defendant Donald Taylor's Motion to Dismiss, one of the central reasons behind the notice requirements for citizen suits is to "effectuate Congress's preference that the Act [CWA] be enforced by governmental prosecution." [Document 45, pp. 7-8.] ABC Rail Corp., 926 F.2d at 1099; *see also* Community of Cambridge Envt'l Health and Community Dev. Group v. City of Cambridge, 115 F. Supp. 2d 550, 558-59 (D. Md. 2000). However, the Notice Letter was insufficient to trigger any enforcement by the appropriate government agencies against Annie Taylor, because it was void of any information that Annie Taylor was responsible for any alleged violations about which Plaintiffs would sue. Such lack of

information negates the agencies' ability to enforce environmental regulations against Annie Taylor, and therefore, the claims should be dismissed.

*Fourth,* Plaintiffs likely will continue to argue, based on their subsequent communications with the Taylors, that Annie Taylor received actual notice which is adequate to comply with the applicable statutory and regulatory requirements. [Document 38, pp. 20-21.] This argument is without merit.

Plaintiffs cannot substitute correspondence from the Taylors for their failure to provide written notice to Annie Taylor that she would be the target of their ultimate lawsuit. See National Parks and Conserv. Assn., Inc. v. Tennessee Valley Authority, 502 F.3d 1316, 1330 (11th Cir. 2007.) The Taylors purchased the farming facility through a realtor on November 23, 2010, with no interactions with the McLawhorn Corporation and no knowledge of its history with the Plaintiffs. [Document 39-1, p. 2.] When Defendant Donald Taylor received the Notice Letter, he and his wife got in touch with Plaintiffs to protect their new investment. As responsible owners attempting to run their business in compliance with the law, they contacted Plaintiffs "to have a meeting in person to fully understand the issues you have with the facility and to explain steps we are taking to clean up and improve the facility from previous management standards." [Document 39-6, p. 3.] The Taylors understood from the Notice Letter that the McLawhorn Corporation was the "person responsible" for the alleged violations, not themselves.

Plaintiffs' reliance on Assateague Coastkeeper, supra, is misplaced. Assateague Coastkeeper does not stand for Plaintiffs' proposition that the Taylors' actions, after receiving the Notice Letter, provide evidence that Annie Taylor had actual notice that she would be sued, which was adequate to comply with the specific applicable notice requirements imposed by law.

Indeed, the court in <u>Assateague Coastkeeper</u> rejected this proposition by making it clear that "actual notice could not be a substitute for strictly complying with the requirements." <u>Id.</u> at 440.

In this case, there is no compliance with notice requirements where Annie Taylor is concerned. Annie Taylor cannot be charged with anything approaching actual or constructive notice of a lawsuit against herself from her husband's receipt of the Notice Letter that identifies Plaintiffs' intent to sue the McLawhorn Corporation. <u>See</u> <u>Walls v. Waste Resources</u>, <u>supra</u>, 761 F.2d at 317. (Court of appeals rejected citizen-plaintiffs' argument that agencies had been on constructive notice for more than 60 days, "so that further notice would be meaningless.") Here, it is clear beyond cavil, from Exhibits A and B to Plaintiffs' Amended Complaint, that Plaintiffs did not provide <u>any</u> written notice to Annie Taylor of the matters about which they seek to complain.

Plaintiffs deprived Annie Taylor of the fundamental opportunity, which has been specifically reserved by the legislature, to identify herself as a potentially responsible party and cure any conduct that could lead to a violation of the nation's environmental laws. Such deficiencies in the Notice Letter "prevented attainment of the legislative objectives of encouraging pre-suit governmental involvement and securing violator compliance." <u>Friends of the Earth</u>, <u>supra</u>, 629 F.3d at 402. Annie Taylor had no effective opportunity to respond in a meaningful way to any valid concerns Plaintiffs may have had. Consequently, Plaintiffs have failed the mandatory, pre-suit notice requirements for citizen suits under the CWA and RCRA, and their claims against Annie Taylor must be denied.

## **CONCLUSION**

Plaintiffs did not provide any notice to Annie Taylor with regard to the CWA and RCRA claims in the Amended Complaint. Plaintiffs failed to comply with the pre-suit notice

requirements set forth in 33 U.S.C. § 1365(b); 42 U.S.C. §§ 6972(b)(1)(A), 6972(b)(2)(A); and 40 C.F.R. parts 135 and 254. Compliance with these requirements is a mandatory condition precedent to Plaintiffs' right to assert the claims against Annie Taylor that are alleged in the Amended Complaint. Therefore, Annie Taylor respectfully requests that the Court deny Plaintiffs' pending claims and dismiss the Amended Complaint as to Annie Taylor.

This the 9th day of November, 2012.

>*/s/ Donalt J. Eglinton*
> Donalt J. Eglinton
> N.C. State Bar I.D. No.: 010314
> email: dje@wardandsmith.com
> Frank H. Sheffield
> N.C. State Bar I.D. No.: 016398
> email: fhs@wardandsmith.com
> Amy P. Wang
> N.C. State Bar I.D. No.: 023322
> email: apw@wardandsmith.com
> For the firm of
> Ward and Smith, P.A.
> Post Office Box 867
> New Bern, NC 28563-0867
> Telephone: 252.672.5400
> Facsimile: 252.672.5477
> Attorneys for Defendants Donald Taylor and Annie Taylor,
> individually and d/b/a Taylor Finishing

CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2012, I electronically filed a MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ANNIE TAYLOR'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Plaintiffs North Carolina Environmental Justice Network, Neuse Riverkeeper Foundation, Inc., and Waterkeeper Alliance, Inc., c/o their attorneys of record, Stanley B. Green, Esq., Chinelo E. Dike-Minor, Esq., Kelly H. Foster, Esq., Michael T. Lee, Esq., Bethany A. Davis Noll, Esq., and Lee Knight Caffery, Esq., and Defendants Mr. Frederick A. McLawhorn, Mr. Justin T. McLawhorn, and Mr. Aaron McLawhorn, c/o their attorneys of record, John R. King, Esq. and Lars P. Simonsen, Esq.

/s/ Donalt J. Eglinton
Donalt J. Eglinton
N.C. State Bar I.D. No.: 010314
email: dje@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 867
New Bern, NC 28563-0867
Telephone: 252.672.5400
Facsimile: 252.672.5477
Attorneys for Defendants Donald Taylor and Annie Taylor, individually and d/b/a Taylor Finishing

040232-00002
ND: 4848-4267-6753, v. 3