United States District Court
Eastern District of North Carolina – Eastern Division

| | |
|---|---|
| North Carolina Environmental Justice Network, Neuse Riverkeeper Foundation, Inc., and Waterkeeper Alliance, Inc.<br><br>                        Plaintiffs,<br><br>        v.<br><br>Mr. Donald Taylor and Ms. Annie Taylor, individually and d/b/a Taylor Finishing, Mr. Justin T. McLawhorn, and Mr. Aaron McLawhorn,<br><br>                        Defendants. | Civil Action No. 4:12-cv-00154<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br>Fed. R. Civ. P. 15 |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

DEBVOISE & PLIMPTON LLP
Bethany A. Davis Noll
Michael T. Leigh
Johanna N. Skrzypczyk *(of counsel)*
919 Third Avenue
New York, NY  10022
*Counsel for Plaintiff
North Carolina Environmental
Justice Network*

WATERKEEPER ALLIANCE, INC.
Kelly H. Foster
P.O. Box 4483
Tulsa, OK  74159
*Counsel for Plaintiffs Waterkeeper Alliance, Inc. and Neuse Riverkeeper Foundation*

STRAUCH, FITZGERALD & GREEN
Stanley B. Green
Lee Knight Caffery
530 North Trade Street, Suite 303
Winston-Salem, NC  27101
*Local Civil Rule 83.1 Counsel
Counsel for All Plaintiffs*

November 28, 2012.

# Table of Authorities

**STATUTES**

33 U.S.C. § 1311................................................................................................................1

33 U.S.C. § 1342................................................................................................................1

33 U.S.C. § 1362................................................................................................................1

33 U.S.C. § 1365................................................................................................................1

42 U.S.C. § 6903................................................................................................................4

42 U.S.C. § 6945................................................................................................................1

42 U.S.C. § 6972................................................................................................................1

Fed. R. Civ. P. 15...........................................................................................................3, 4

**CASES**

*Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc.*, No. 06-cv-160,
  2007 WL 4118519 (E.D.N.C. Nov. 16, 2007)................................................................4

*Joy v. Countrywide Fin. Corp.*, No. 10-cv-218,
  2011 WL 3652697 (E.D.N.C. Aug. 19, 2011)................................................................4

# NATURE OF THE CASE AND PRELIMINARY STATEMENT

Plaintiffs' North Carolina Environmental Justice Network ("NCEJN"), Waterkeeper Alliance, Inc. ("Waterkeeper"), and Neuse River Foundation, Inc. ("NRF") filed this action against Defendants Aaron and Justin McLawhorn (the "McLawhorn Defendants") and Defendants Donald and Annie Taylor individually and d/b/a "Taylor Finishing" (the "Taylor Defendants"), pursuant to the citizen suit provisions of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972. Plaintiffs' citizen suit seeks to remedy pollution and endangerment to human health and the environment in the Neuse River Basin caused by past and ongoing illegal management, disposal, and discharge of swine waste from a large concentrated animal feeding operation ("CAFO") historically known as the McLawhorn Livestock Farm (Banks) and currently known as "Taylor Finishing" (the "facility").

Specifically, Plaintiffs' Amended Complaint alleges a single cause of action against the McLawhorn Defendants, under 42 U.S.C. § 6972(a)(1)(B), as persons, including past generators, transporters, operators, and/or owners of a treatment, storage, or disposal facility who "have in the past . . . . contribute[d] to the past or present handling, storage, treatment, transportation, or disposal" of swine waste that "may" and does "in fact present[]" "[a]n imminent and substantial endangerment to health or the environment[.]" Am. Compl. ¶¶ 84–96, ECF No. 25. Plaintiffs' Amended Complaint alleges three causes of action against the Taylor Defendants: under 33 U.S.C. §§ 1311, 1342, and 1362, for illegally discharging pollutants without a permit required by the CWA; under 42 U.S.C. §§ 6945 and 6972(a)(1)(A), for violating the RCRA prohibition against open dumping of swine waste; and under 42 U.S.C. § 6972(a)(1)(B), for treating, storing, and disposing of swine waste in a manner that creates an imminent and substantial endangerment to human health or the environment. Am. Compl. ¶¶58–96. Plaintiffs seek declaratory and

injunctive relief, civil penalties, all costs of litigation, and such other relief as the Court deems appropriate. Am. Compl. ¶¶ 97–110.

Plaintiffs, by and through their undersigned attorneys, submit this Memorandum of Law in support of their Motion for Leave to File a Second Amended Complaint. Specifically, Plaintiffs seek to add the newly revived McLawhorn Livestock Farm, Inc. entity as a defendant to the action. McLawhorn Defendants have consented to this amendment. Only the Taylor Defendants object. The McLawhorn Livestock Farm, Inc. is the entity through which the McLawhorn Defendants operated the facility during their period of ownership. Because Plaintiffs seek to add a party that clearly has potential liability under RCRA and has only recently been revived as a legal entity and Plaintiffs have obtained consent from the McLawhorn Defendants, leave should be granted to Plaintiffs to file a Second Amended Complaint. A proposed Second Amended Complaint is attached to this motion as Exhibit A.

## RELEVANT FACTUAL AND PROCEDURAL HISTORY

Plaintiffs commenced this action on July 27, 2012, asserting CWA and RCRA claims against "Taylor Finishing, Inc., Mr. Donald Taylor, Mr. Frederick A. McLawhorn, Mr. Justin T. McLawhorn, and Mr. Aaron McLawhorn." Compl., ECF No. 1. Shortly thereafter, counsel for the Taylor Defendants contacted Plaintiffs' counsel, and followed up by letter dated August 24, 2012, to alert Plaintiffs that Donald and Annie Taylor operate the facility as individuals under the d/b/a of "Taylor Finishing" and that "'Taylor Finishing, Inc.' does not exist as a corporation or a corporate legal entity." Letter from Frank H. Sheffield, Jr., Esq. to Stanley B. Green, Esq, dated Aug. 24, 2012, ECF No. 39-2. Upon learning that information, Plaintiffs voluntarily dismissed "Taylor Finishing, Inc." from the action and filed an Amended Complaint on August 31, 2012,

correcting the caption to name "Mr. Donald Taylor and Ms. Annie Taylor individually and d/b/a Taylor Finishing" as defendants. Am. Compl., ECF No. 24, 25.[1]

On September 14, 2012, counsel for the McLawhorn Defendants provided counsel for Plaintiffs information concerning the entity known as McLawhorn Livestock Farm, Inc. That information demonstrated that the McLawhorn Livestock Farm, Inc., through which the McLawhorn Defendants operated the facility until in or about November 2010, was administratively dissolved by the state of North Carolina effective December 15, 2010, and that the McLawhorn Defendants had revived it effective September 13, 2012. North Carolina Secretary of State Administrative Reinstatement, dated Sept. 13, 2012, ECF No. 43-6. Plaintiffs now seek to file a Second Amended Complaint to add the newly reinstated McLawhorn Livestock Farm, Inc. as a defendant in this action, and sought written consent from all Defendants to do so. The McLawhorn Defendants provided consent. The Taylor Defendants did not consent. Plaintiffs now seek the Court's leave to file a Second Amended Complaint to add the McLawhorn Livestock Farm, Inc. as a defendant in this action.

## ARGUMENT

I. **Plaintiffs Should Be Permitted to Amend Their Complaint to Add McLawhorn Livestock Farm, Inc. as a Defendant.**

Federal Rule of Civil Procedure 15 permits a party to amend its pleading at any time with the "court's leave," with a statutory instruction that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court should deny leave to amend "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of

---

[1] Plaintiffs' Amended Complaint also removed "Mr. Frederick A. McLawhorn" as a defendant because, on information and belief through service of the initial complaint and summons, Frederick A. McLawhorn and Aaron McLawhorn are the same person.

the moving party, or the amendment would have been futile." *Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc.*, No. 06-cv-160, 2007 WL 4118519, at *3 (E.D.N.C. Nov. 16, 2007) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)). Rule 15(a) requires leave to amend be "freely given" unless the amendment is "clearly insufficient or frivolous on its face" to the cause of action alleged. *Joy v. Countrywide Fin. Corp.*, No. 10-cv-218, 2011 WL 3652697, at *4 (E.D.N.C. Aug. 19, 2011).

Here, Plaintiffs' Motion for Leave to File a Second Amended Complaint to add McLawhorn Livestock Farm, Inc. as a defendant is sought in good faith and would not be futile. Plaintiffs proposed amendments seek only to add the corporate entity through which the facility at issue in this case was operated for many years now that it has been revived. Moreover, without question the RCRA claim for which Plaintiffs have sued the McLawhorn Defendants contemplates liability for corporations that contributed to past treatment, storage, handling, or disposal of solid waste. 42 U.S.C. § 6903(15) ("The term 'person' means an . . . corporation . . . .").

Permitting Plaintiffs to add McLawhorn Livestock Farm, Inc. as a defendant would not prejudice the Taylor Defendants, the only parties that object. The nature and timing of Plaintiffs' proposal to add McLawhorn Livestock Farm, Inc. is not prejudicial to any party—no discovery has occurred. *Farrar & Farrar Dairy, Inc.*, 2007 WL 4118519, at *3–4 (citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)). Here, Plaintiffs' claims against all Defendants arise from a common nucleus of facts centered on one swine CAFO, the facility. The claims have been asserted against that facility and its past and present owners and operators; adding McLawhorn Livestock Farm, Inc., like correcting the caption to name the Taylor Defendants in their proper capacity, merely clarifies the past and present ownership over the facility. Conversely, not

4

having the McLawhorn Livestock Farm, Inc. in the action would prejudice Plaintiffs' ability to litigate and recover on their alleged causes of action.

## CONCLUSION

For the foregoing reasons, and because it comports with the interests of justice, Plaintiffs respectfully move the Court for leave to file a Second Amended Complaint to name McLawhorn Livestock Farm, Inc. as a defendant in this action.

Dated: November 28, 2012

Respectfully submitted,

| | |
|---|---|
| /s/ Michael T. Leigh | /s/ Kelly H. Foster |
| Bethany A. Davis Noll, NY State Bar No. 4541116 | Kelly H. Foster, OK State Bar No. 17067 |
| Michael T. Leigh, NY State Bar No. 4873394 | Waterkeeper Alliance |
| Johanna N. Skrzypczyk, NY State Bar No. 4918371 *(of counsel)* | P.O. Box 4483 |
| Debevoise & Plimpton LLP | Tulsa, OK 74159 |
| 919 Third Avenue | (918) 619-9073 |
| New York, NY 10022 | kfoster@waterkeeper.org |
| (212) 909-6000 | *Counsel for Plaintiffs Waterkeeper* |
| badavisn@debevoise.com | *Alliance, Inc. and Neuse Riverkeeper* |
| mtleigh@debevoise.com | *Foundation* |
| jnskrzypczyk@debevoise.com | |
| *Counsel for Plaintiff NCEJN* | /s/ Stanley B. Green |
| | Stanley B. Green, NC State Bar No. 25539 |
| | Lee Knight Caffery. NC State Bar No. 34767 |
| | Strauch Fitzgerald & Green |
| | 530 North Trade Street, Suite 303 |
| | Winston-Salem, NC 27101 |
| | (336) 725-8688 |
| | sgreen@sfandglaw.com |
| | lcaffery@sfandglaw.com |
| | *Local Civil Rule 83.1 Counsel* |
| | *Counsel for All Plaintiffs* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law and is admitted to practice in the state of North Carolina, is attorney for plaintiffs, and is a person of such age and discretion as to be competent to serve process.

That on the 28th day of November he served a copy of the foregoing Memorandum of Law in Support of Plaintiffs' Motion for Leave to File a Second Amended Complaint via electronic filing through the Eastern District of North Carolina CM/ECF system, which will send notification of such filing to the following parties:

Donalt J. Eglinton
Frank H. Sheffield
Amy P. Wang
Smith & Ward, P.A.
P.O. Box 867
New Bern, NC  28563
*Counsel for Defendants Donald Taylor and Annie Taylor, individually, and d/b/a Taylor Finishing*

John W. King
Stubbs & Perdue, P.A.
P.O. Box 1654
New Bern, NC  28563
*Counsel for Defendants McLawhorn Livestock Farm, Inc., Justin McLawhorn, and Aaron McLawhorn*

Lars P. Simonsen
Simonson Law Firm, P.A.
P.O. Box 848
Edenton, NC  27932
*Counsel for Defendants McLawhorn Livestock Farm, Inc., Justin McLawhorn, and Aaron McLawhorn*

 /s/   Stanley B. Green
Stanley B. Green, NC State Bar No. 25539
Strauch Fitzgerald & Green
530 North Trade Street, Suite 303
Winston-Salem, NC  27101
(336) 725-8688
sgreen@sfandglaw.com
*Local Civil Rule 83.1 Counsel*
*Counsel for All Plaintiffs*