**United States District Court**
**Eastern District of North Carolina – Eastern Division**

North Carolina Environmental Justice
Network, Neuse Riverkeeper Foundation,
Inc., and Waterkeeper Alliance, Inc.,

                            Plaintiffs,

            v.

Mr. Donald Taylor and Ms. Annie Taylor,
individually and d/b/a Taylor Finishing,
Mr. Justin T. McLawhorn, and Mr. Aaron
McLawhorn,

                          Defendants.

**Civil Action No. 4:12-cv-00154**

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ANNIE TAYLOR'S MOTION TO DISMISS

DEBEVOISE & PLIMPTON LLP
Bethany A. Davis Noll
Michael T. Leigh
Johanna N. Skrzypczyk *(of counsel)*
919 Third Avenue
New York, NY 10022
*Counsel for Plaintiff*
*North Carolina Environmental*
*Justice Network*

WATERKEEPER ALLIANCE, INC.
Kelly H. Foster
P.O. Box 4483
Tulsa, OK 74159
*Counsel for Plaintiffs Waterkeeper*
*Alliance, Inc. and Neuse Riverkeeper*
*Foundation*

STRAUCH, FITZGERALD & GREEN
Stanley B. Green
Lee Knight Caffery
530 North Trade Street, Suite 303
Winston-Salem, NC 27101
*Local Civil Rule 83.1 Counsel*
*Counsel for All Plaintiffs*

December 3, 2012

# TABLE OF CONTENTS

Page

Introduction ..................................................................................................................1

Nature of the Case ..........................................................................................................1

Statement of Relevant Facts ...........................................................................................3

Standard of Review .........................................................................................................6

Argument .........................................................................................................................6

      I.      Plaintiffs' Notice Letter Contained Sufficient Information From
            Which Recipients Could Identify Annie Taylor As a Potential
            Defendant in a CWA and RCRA Citizen Suit, and Thus Was
            Adequate as a Matter of Law.. ...................................................................7

      II.     Annie Taylor's Actions Upon Receipt of Plaintiffs' Notice Letter
            Demonstrate that the Contents of the Letter Were Sufficient to
            Permit Recipients to Identify Her as a Potential Defendant in a
            CWA and RCRA Citizen Suit. ..................................................................14

Conclusion .....................................................................................................................18

# TABLE OF AUTHORITIES

**STATUTES & REGULATIONS**

Fed. R. Civ. P. 12 ................................................................................................................2, 6

Fed. R. Civ. P. 15 ........................................................................................................................2

33 U.S.C. § 1251 .........................................................................................................................8

33 U.S.C. § 1311 .........................................................................................................................2

33 U.S.C. § 1342 .........................................................................................................................2

33 U.S.C. § 1362 .........................................................................................................................2

33 U.S.C. § 1365 ......................................................................................................................1, 8

42 U.S.C. § 6945 .........................................................................................................................2

42 U.S.C. § 6972 ...........................................................................................................1, 2, 6, 8, 9

49 U.S.C. § 6902 .........................................................................................................................8

40 C.F.R. § 135.2 ........................................................................................................................9

40 C.F.R. § 135.3 ........................................................................................................................8

40 C.F.R. § 254.3 .....................................................................................................................8, 9

**CASES**

*Allied Towing Corp. v. Great Eastern Petroleum Corp.*, 642 F. Supp. 1339
    (E.D. Va. 1986) ................................................................................................................10, 14

*Assateague Coastkeeper v. Hudson Farm*, 727 F. Supp. 2d 433 (D. Md. 2010) ......................9, 14

*Bd. of County Comm'rs of the County of La Plata, Colo. v. Brown Group Retail,*
    *Inc.*, 598 F. Supp. 2d 1185 (D. Colo. 2009) .............................................................................9

*Bettis v. Town of Ontario*, 800 F. Supp. 1113 (W.D.N.Y. 1992) ................................................13

*City of Newburgh v. Sarna*, 690 F.Supp.2d 136 (S.D.N.Y. 2010) ...............................................13

*Evans v. B.F. Perkins Co.*, 166 F.3d 642 (4th Cir. 1999) .............................................................6

*Friends of the Earth v. Gaston Copper Recycling Corp.*, 629 F.3d 387
(4th Cir. 2011)..............................................................................................................6, 9, 10

*Frontier Recovery, LLC v. Lane County*, 727 F. Supp. 2d 968 (D. Or. 2010) ..............................9

*Hallstrom v. Tillamook*, 493 U.S. 20 (1990)..........................................................................6, 9, 14

*KFD Enter., Inc., v. City of Eureka*, No. 08-4571, 2011 WL 1654443
(N.D. Cal. Apr. 28, 2011) ...................................................................................................9

*Purvis v. Douglasville Dev. LLC*, No. 06-cv-0415-WSD, 2006 WL 3709610
(N.D. Ga. Nov. 9, 2006)..............................................................................................10, 11

*Two Rivers Terminal, L.P. v. Chevron USA, Inc.*, 96 F. Supp. 2d 426
(M.D. Pa. 2000) ..............................................................................................10, 11, 14, 15

*Walls v. Waste Resource Corp.*, 761 F.2d 311 (6th Cir. 1985)....................................................15

## INTRODUCTION

Plaintiffs North Carolina Environmental Justice Network ("NCEJN"), Neuse Riverkeeper

Foundation, Inc. ("NRF"), and Waterkeeper Alliance, Inc. ("Plaintiffs"), by and through their

undersigned attorneys, submit this Memorandum of Law in Opposition to the Motion to Dismiss

filed by Defendant Annie Taylor on November 9, 2012, ECF No. 49.

## NATURE OF THE CASE

Plaintiffs filed this action against Defendants Donald Taylor and Annie Taylor,

individually and d/b/a Taylor Finishing (collectively, "Taylor Defendants"), as well as other

parties, pursuant to the citizen suit provisions of the Clean Water Act ("CWA"), 33 U.S.C.

§ 1365, and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972. The

Amended Complaint seeks to remedy pollution and endangerment to human health and the

environment in the Neuse River Basin caused by the past and ongoing illegal management,

disposal, and discharge of swine waste from a large concentrated animal feeding operation

("CAFO"), formerly known as "McLawhorn Livestock Farm (Banks)" and currently known as

"Taylor Finishing" (the "Facility").

Plaintiffs allege in the Amended Complaint that, *inter alia*, the Facility and its current

representatives, agents, owners, and operators, Donald and Annie Taylor, have caused and are

continuing to cause the release of pollutants, including nitrogen, phosphorus, and bacteria, onto

the lands and into waters on and surrounding the Facility.[1] Amended Complaint (hereinafter

"Am. Compl.") ¶¶ 1, 64, ECF No. 25. Plaintiffs seek declaratory judgment, injunctive relief,

civil penalties, and costs against the Taylor Defendants for illegally discharging pollutants

---

[1]    Plaintiffs also assert claims against the Facility's past owners, agents, and operators, Aaron and Justin T.
       McLawhorn for violations of RCRA. Only the claims against the Taylor Defendants, and in particular Annie
       Taylor, are discussed in this memorandum.

without a permit required by the CWA, 33 U.S.C. §§ 1311, 1342, and 1362; violating the RCRA

prohibition against open dumping of swine waste, 42 U.S.C. §§ 6945 and 6972; and for treating,

storing, and disposing of swine waste in a manner that creates an imminent and substantial

endangerment to human health and the environment in violation of RCRA, 42 U.S.C. § 6972.

Defendant Annie Taylor seeks dismissal of the Amended Complaint[2] against her pursuant

to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that this Court lacks

subject matter jurisdiction. Def's. Mot. Dismiss, ECF No. 48. In support of her Motion,

Defendant Annie Taylor claims (*i*) that she never received Plaintiffs' Notice Letter; (*ii*) that

Plaintiffs' Notice Letter contained insufficient information from which she or the applicable

government agencies could identify her as a person responsible for the alleged violations; and

(*iii*) that she "cannot be charged" with actual or constructive notice of Plaintiffs' intent to sue.

Def.'s Mem. Supp. Mot. Dismiss 5–9, ECF No. 49 (hereinafter "A. Taylor Mem.").

Contrary to these assertions, on January 11, 2011, Plaintiffs addressed their intent to sue

to the known owner, Donald Taylor, as well as the Site Manager and Managing Agent of the

Facility for the past and ongoing violations of the CWA and RCRA alleged in the initial and

amended Complaints. Ex. A to Am. Compl., ECF No. 25-1 (hereinafter "Notice Letter").

Despite the fact that Annie Taylor's name was not on the Notice Letter, Annie Taylor knew she

was an owner, site manager, and/or managing agent of the Facility and, in that capacity, she

received Plaintiffs' Notice Letter more than seventeen months prior to Plaintiffs' filing of the

initial Complaint on July 27, 2012. At the time that Annie Taylor received the Notice Letter

---

[2]    The initial Complaint was filed against Taylor Finishing, Inc. and Donald Taylor on July 27, 2012. Comp.,
ECF No. 1. On August 31, 2012, Plaintiffs filed an Amended Complaint, pursuant to Rule 15(a), naming
Donald and Annie Taylor individually and d/b/a Taylor Finishing. Am. Compl., ECF No. 30. On November
28, 2012, Plaintiffs moved for leave to file a Second Amended Complaint to add the newly revived
McLawhorn Livestock Farm, Inc.—through which the prior owners operated the Facility—as a named
defendant in this action. Def's. Mot. for Leave to File Second Am. Compl., ECF No. 51.

2

alleging past and ongoing violations of the CWA and RCRA, Annie Taylor had owned and been operating the Facility for nearly two months.

After receiving Plaintiffs' Notice Letter, Donald and Annie Taylor sent Plaintiffs a letter in which they acknowledged Plaintiffs' intent to file suit against each of them under the CWA and RCRA, stated that as new owners of the Facility they had taken steps to clean up the Facility, and requested that the parties engage in negotiations to resolve Plaintiffs' issues with the Facility in the absence of litigation. Plaintiffs and the Taylor Defendants then engaged in lengthy, and ultimately unsuccessful, settlement negotiations in an attempt to resolve Plaintiffs' claims. Because Defendant Annie Taylor received notice of Plaintiffs' intent to sue for the violations of the CWA and RCRA contained in the Amended Complaint, her Motion to Dismiss should be denied.

### STATEMENT OF RELEVANT FACTS[3]

Ownership of the single swine CAFO at issue in this action was transferred from the prior owners to the Taylor Defendants on or about November 23, 2010. Notice Letter 1.[4] At the time Plaintiffs learned of the transfer of ownership, they had already served notice on the prior owners. *Id.*; Ex. B. to Am. Compl. ECF No. 25-2. On January 11, 2011, based upon information and belief that the Facility had been transferred to Donald Taylor, Plaintiffs served their Notice Letter by certified mail addressed to Donald Taylor at his mailing address as owner of the McLawhorn Livestock Farms (Banks). Notice Letter 4. At the time of Plaintiffs' January 11,

---

[3]     Given the Court's familiarity with the facts of this case, Plaintiffs focus here only on key facts concerning Defendant Annie Taylor. Plaintiffs incorporate and rely on additional facts as outlined in their Memorandum in Opposition to Defendant Donald Taylor's Motion to Dismiss, ECF No. 38, and their Memorandum in Opposition to Defendants Justin T. McLawhorn and Aaron McLawhorn's Motion to Dismiss, ECF No. 42.

[4]     Cited pages to the Notice Letter sent to the Taylor Defendants on January 11, 2011 refer to the page of the ECF-filed exhibit.

2011 Notice Letter, and for some time afterward, the Facility was still referred to in North Carolina Department of Environment and Natural Resources records as the "McLawhorn Banks" Facility. *E.g.*, Ex. 3 to Pls.'s Memo. Opp. to Def. Donald Taylor's Mot. Dismiss, ECF No. 39-3 (hereinafter "D. Taylor"). Plaintiffs had no knowledge of how, who, or what corporate entity was operating the Facility, and therefore Plaintiffs served notice addressed to the new owner, Donald Taylor, and the site manager and managing agent. Notice Letter 4.

The Notice Letter expressly referenced in several places that Plaintiffs were serving notice of intent to sue for past and ongoing violations of the CWA and RCRA at the Facility on Donald Taylor in his capacity as the new owner of the Facility. *Id.* at 1 ("Accordingly, please find enclosed a Notice of Intent to sue the McLawhorn Banks Facility addressed to you as the current owner of the Facility."); 4 (stating that Plaintiffs intended "to sue McLawhorn Livestock Farm (Banks) . . . now under your ownership" for violations of the CWA and RCRA); & 5 ("According to county records, ownership of the McLawhorn Banks operation transferred to Mr. Donald E. Taylor on November 23, 2010."). That Annie Taylor also was involved as an owner, operator, and/or manager of the Facility was unknown to Plaintiffs at that time, and thus she was not addressed by name in the Notice Letter. Nonetheless, the Notice Letter informed Donald and Annie Taylor, as owners, operators, and/or managers of the Facility, of Plaintiffs' intent to sue for past and ongoing violations of the CWA and RCRA at the Facility described in detail in the letter.

On January 28, 2011, Defendants Donald and Annie Taylor sent Plaintiffs a letter, signed by both parties, that acknowledged receipt of the Notice Letter on January 18, 2011 and sought to initiate settlement negotiations to resolve the issues identified in the letter in the absence of litigation. D. Taylor Ex. 6, ECF 39-6. The Taylors' letter stated:

> In your letter, you have notified us of your intent to file a citizen suit under Section 505(a) of the CWA and Section 7002 of the SWDA. In your letter, you also stated that should we wish to pursue negotiations in the absence of litigation, we should initiate said negotiations within 20 days . . . . This letter is to serve as notice that we would like to resolve this dispute in the absence of litigation. We would like to have a meeting in person to fully understand the issues you have with the Facility and to explain steps we are taking to clean up and improve the Facility from previous management standards. This meeting can be defined as the negotiations mentioned in the letter you sent to us . . . . Also, it should be understood that we are speaking only for ourselves (Donald & Annie Taylor) in this matter and have had no contact with the former owners of the Facility regarding this issue . . . .

*Id.* at 1–2. Following receipt of this letter, on April 1, 2011 Plaintiffs and their counsel met in person with Donald and Annie Taylor, as well as other agents and representatives of the Facility, to begin settlement negotiations in hopes of resolving Plaintiffs' concerns without resort to litigation.[5] D. Taylor Ex. 7, ECF No. 39-7. When those settlement negotiations ultimately failed, Plaintiffs filed suit against Taylor Finishing, Inc. and Donald Taylor on July 27, 2012, under the belief that those were the proper parties against whom claims should be alleged. Compl., ECF No. 1.

By letter, counsel for the Taylor Defendants then informed Plaintiffs that the Facility was not operated by a corporate entity and that the named defendant "Taylor Finishing, Inc." did not exist. D. Taylor Ex. 2, ECF No. 39-2. Plaintiffs also learned for the first time that the Facility is owned, operated, and managed jointly by Donald and Annie Taylor. Plaintiffs therefore amended the complaint to clarify that they are proceeding against both Donald and Annie Taylor, individually and doing business as "Taylor Finishing." Am. Compl. ¶ 2. Plaintiffs reserved their

---

[5] Plaintiffs and the agents and representatives of the Facility present at that meeting explicitly agreed that the substance of those pre-suit negotiations will remain confidential. D. Taylor Ex. 7, ECF No. 39-7.

right to proceed against Taylor Finishing, Inc., or any other entity associated with the Facility, should they learn in discovery that one exists. *Id.*

## STANDARD OF REVIEW

Defendant Annie Taylor moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the Amended Complaint for lack of subject matter jurisdiction on grounds (*i*) that she never received Plaintiffs' Notice Letter; (*ii*) that Plaintiffs' Notice Letter contained insufficient information from which she or the applicable government agencies could identify her as a person responsible for the alleged violations; and (*iii*) that she "cannot be charged" with actual or constructive notice of Plaintiffs' intent to sue. In examining whether the Court has jurisdiction, the Court may take the Amended Complaint and any materials outside the pleadings as evidence of whether jurisdiction exists, and should grant a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).[6]

## ARGUMENT

Defendant Annie Taylor asserts that she "received no written notice of Plaintiffs' intent to sue her, prior to being named as a defendant in the Amended Complaint filed on August 31,

---

[6]     Defendant Annie Taylor moves under Rule 12(b)(1) and asserts that Plaintiffs failed to "comply with the operative statutory and regulatory notice requirements for a citizen suit under the CWA and RCRA and, therefore, have failed to properly invoke the jurisdiction of the Court." A. Taylor Mot., ECF No. 48; A. Taylor Mem. 3. Neither the Supreme Court nor the Fourth Circuit, however, has expressly decided whether providing adequate notice in citizen suits is jurisdictional. *Hallstrom v. Tillamook*, 493 U.S. 20, 31 (1990) ("[W]e need not determine whether § 6972(b) is jurisdictional."); *Friends of the Earth v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 399 (4th Cir. 2011) ("Because we conclude that Gaston's defense was timely raised, we need not determine whether the mandatory notice requirement of § 1365(b)(1)(A) is jurisdictional in the strict sense of the term.") (internal quotations omitted). Both courts explicitly declined to decide whether the adequacy of the contents of a CWA or RCRA pre-suit notice are a procedural or jurisdictional prerequisite. In any event, the court need not resolve whether this is a jurisdictional inquiry, because the Notice Letter informed Defendant Annie Taylor of the alleged violations and gave her and Defendant Donald Taylor an opportunity to come into compliance with the law.

6

2012." A. Taylor Mem. 3, 4, 7, ECF No. 49. She also contends that in any event, Plaintiffs'

Notice Letter "does not provide sufficient information to permit Annie Taylor or the applicable

federal and state agencies to identify her as a person responsible for the alleged violations." *Id.*

at 7, 8. Lastly, she contends that she "cannot be charged" with actual or constructive notice of

Plaintiffs' intent to sue. *Id.* at 9. Defendant Annie Taylor's assertions are proved to be without

merit by the face of Plaintiffs' Notice Letter, as well as her actions following receipt of the

Notice Letter.

I.      **Plaintiffs' Notice Letter Contained Sufficient Information From Which Recipients
        Could Identify Annie Taylor As a Potential Defendant in a CWA and RCRA Citizen
        Suit, and Thus Was Adequate as a Matter of Law.**

        Defendant Annie Taylor contends that she never received Plaintiffs' Notice Letter, and

that, in any event, Plaintiffs' Notice Letter contained insufficient information as a matter of law

from which a recipient could identify her as a potential defendant in Plaintiffs' threatened citizen

suit. A. Taylor Mem. 3–4, 7, 8. To the contrary, Plaintiffs addressed a detailed Notice Letter to

the new owner, site manager, and managing agent of facility, in accordance with the applicable

CWA and RCRA statutory and regulatory requirements. Plaintiffs' Notice Letter was addressed

to Donald Taylor, the known owner, "as the current owner of the facility," as well as the "Site

Manager" and "Managing Agent" of the Facility; referred to the recent change in ownership by

which Annie Taylor became affiliated with the Facility; and stated that notice was being

provided to the "current owner" of the Facility. Notice Letter 1. The Notice Letter contained

ample detail concerning the activities and pollutants alleged to be causing ongoing CWA and

RCRA violations. Notice Letter 10–12. Contrary to Defendant Annie Taylor's assertions,

Plaintiffs are not required to address her by name in their pre-suit notice, nor "direct potential

claims to her activities." A. Taylor Mem. 5–6, 8.

Both the CWA and RCRA authorize citizen suits for enforcement of their provisions by private citizens in order to effectuate the respective Congressional purposes of the laws to restore and maintain the integrity of the nation's waters and to protect human health and the environment from solid and hazardous waste. *See e.g.*, 33 U.S.C. §1251; 49 U.S.C. § 6902. The CWA authorizes citizen suits "against any person . . . who is alleged to be in violation of (A) an effluent standard or limitation . . . or (B) an order issued by the [EPA] Administrator or State with respect to such standard or limitation." 33 U.S.C. § 1365(a)(1). RCRA provides for two types of citizen suits. The first type of suit, under Section 6972(a)(1)(A), allows citizens to enforce a permit, standard, or other regulation. 42 U.S.C. § 6972(a)(1)(A). The second type of suit, under Section 6972(a)(1)(B), allows citizens to seek abatement of activities that may pose an imminent and substantial endangerment to human health or the environment. 42 U.S.C. § 6972(a)(1)(B). Plaintiffs claims against the Taylor Defendants fall under all three of these citizen-suit provisions.

Prior to filing a citizen suit under the CWA or RCRA, Plaintiffs are required to provide pre-suit notice of the alleged violations to the EPA, the State in which the violation occurs, and the alleged violators. 33 U.S.C. § 1365(b); 42 U.S.C. § 6972(b). To assert a CWA or RCRA Section (a)(1)(A) claim, Plaintiffs must give sixty days notice of their alleged violations. 33 U.S.C. § 1365(b); 42 U.S.C. § 6972(b). The contents of either notice must provide "sufficient information to permit the recipient to identify" the standards that have been violated, the activity alleged to constitute a violation, the person responsible for the alleged violation, and the date or dates of the alleged violation. 40 C.F.R. § 135.3(a); 40 C.F.R. § 254.3(a). If the alleged violator is an individual or corporation, Plaintiffs must serve notice on the federal and state agencies, and,

8

under the CWA, the "owner or managing agent" of a facility, and under the RCRA, the "owner or site manager" of a facility. 40 C.F.R. § 135.2(a)(1); 40 C.F.R. § 254.3(a).

To assert a RCRA endangerment claim under Section 6972(a)(1)(B), Plaintiffs must comply with the general notice provisions of 42 U.S.C. § 6972(b)(2)(A). That section provides that"[n]o action may be commenced . . . prior to ninety days after the plaintiff has given *notice of the endangerment* to" the relevant government authorities and the alleged violator. 42 U.S.C. § 6972(b)(2)(A) (emphasis added). There are no specific regulations regarding the contents or service of the notice for a Section (a)(1)(B) imminent and substantial endangerment claim. *See KFD Enter., Inc., v. City of Eureka*, No. 08-4571, 2011 WL 1654443, at *2 (N.D. Cal. Apr. 28, 2011) (finding 40 C.F.R. § 254.3(a) inapplicable to (a)(1)(b) claim, and that plaintiff did not need to identify a violation of a particular permit, regulation, order, or other violation); *Frontier Recovery, LLC v. Lane County*, 727 F. Supp. 2d 968, 973 (D. Or. 2010) (noting that 40 CFR § 254.3(a) applies to claims for "permit and rule violations"); *Bd. of County Comm'rs of the County of La Plata, Colo. v. Brown Group Retail, Inc.*, 598 F. Supp. 2d 1185, 1197 (D. Colo. 2009) ("Unlike Section 6972(a)(1)(A), Section 6972(a)(1)(B) does not have a corresponding regulation indicating the minimum requirements of the notice letter.").

Both the Supreme Court and the Fourth Circuit have held that the purpose of requiring pre-suit notice is to balance the benefit of citizen enforcement of environmental laws with the need to avoid excessive private civil litigation. *See Hallstrom v. Tillamook County*, 493 U.S. 20, 29 (1990); *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 629 F.3d 387, 399 (4th Cir. 2011). To achieve that legislative purpose, pre-suit notice of a citizen suit must include sufficient information to (*i*) allow the government to assume responsibility for enforcement of environmental laws against an alleged violator, and (*ii*) provide the alleged violator with an

9

opportunity to comply with environmental laws, both of which would obviate the need for private litigation. *See id.* Neither the statutes nor the implementing regulations require specific words and instead require only that the contents of the notice letter be specific enough to achieve the legislative purpose.

Federal courts consistently have acknowledged that plaintiffs need not have perfect knowledge in order to satisfy the pre-suit notice requirements. *See Gaston*, 629 F.3d at 401 (holding that "[t]he sufficiency of the plaintiffs' notice letter [issued in July 1992] must be assessed based on the facts that existed in July 1992, not on facts that developed several months later"); *Assateague Coastkeeper v. Hudson Farm*, 727 F. Supp. 2d 433, 441–42 (D. Md. 2010) (holding that Plaintiffs are not required to provide notice of information uniquely known to Defendants "[o]nce Defendants were on notice that the Hudson Farm CAFO was allegedly discharging pollutants in the form of poultry manure into a water source, they, not Plaintiffs, had the information to determine from where specifically within the CAFO the discharge may have been coming and to correct the problem"). In addition, citizen suit plaintiffs do not have to make clear with granular specificity who might be sued for what in a notice of intent to sue on alleged violations of the CWA and RCRA. *See Purvis v. Douglasville Dev. LLC*, No. 1:06-cv-0415-WSD, 2006 WL 3709610, at *5 (N.D. Ga. Nov. 9, 2006); *Two Rivers Terminal, L.P. v. Chevron USA, Inc.*, 96 F. Supp. 2d 426, 431 (M.D. Pa. 2000).

A pragmatic view regarding the sufficiency of notice under the CWA and RCRA enjoys strong support from recent case law. In *Gaston*, the Fourth Circuit cautioned against taking "an overly technical application of regulatory [notice] requirements," and instead looked to whether the contents of pre-suit notice adequately informed the targeted defendants of their status of alleged violators. 629 F.3d at 399–400. Similarly, in *Two Rivers*, the court held that service of

the notice letter on a parent corporation constituted sufficient service on the parent's subsidiary also named in the suit, but to which notice was not separately sent. *See* 96 F. Supp. 2d 426, 431 (M.D. Pa. 2000). The court likewise rejected an overly technical application of the notice regulations, holding that the statute requires only notice—not any particular kind of notice—and the fact that the subsidiary actually received notice well before the suit was filed demonstrated that the manner of the notice provided by plaintiffs was legally adequate. *See id.* at 431–32. The court in *Purvis* concluded that notice was sufficient as to each defendant, even though the notice letter included the names of ten different potential violators without specifying which potential violator was alleged to be responsible for which specific alleged violation. *See* 2006 WL 3709610, at *5. The court found that "the notice letter puts Defendant on notice that it could be responsible for the entirety of the specified conduct alleged to violate the CWA, and that it should investigate its conduct . . . if it wished to avoid a lawsuit. The statute and its implementing regulations require no more." *Id.*

Here, Plaintiffs' Notice Letter was specific enough to inform Annie Taylor that she was a potential defendant in a citizen suit. It was also specific enough to alert her of the endangerment Plaintiffs allege to exist based on past and ongoing activities at the Facility. Plaintiffs' notice was addressed to Donald Taylor (her co-owner and the known owner) and the "Site Manager and Managing Agent" of the Facility. It specifically referenced the change in ownership, stated to Donald Taylor that notice was being provided to him as the new owner of the facility that Plaintiffs intended to sue, and included a violation date that fell directly within the Taylors' period of ownership. Notice Letter 1, 5. Thus, the Notice Letter informed Annie Taylor—as owner, operator, and/or manager of the Facility—as well as the applicable government agencies

of Plaintiffs' intent to sue for ongoing and continuing violations of the CWA and RCRA at the Facility described in detail in the letter.

That Annie Taylor's name did not appear on the Notice Letter is legally immaterial. The notice provisions of the CWA and RCRA do not require that plaintiffs have perfect information at the time of the notice letter, and do not require that the owners, site managers, and managing agents of a Facility receiving notice be named specifically. Rather, addressing the letter to the "Site Manager and Managing Agent"; explicitly stating that notice was being provided to the "current owner"; including a date of violation within the Taylor Defendants' period of ownership; and alleging that the Facility was designed and operated such that violations and endangerment would continue, was specific enough to constitute sufficient information from which Defendant Annie Taylor could identify herself as a potential defendant in a citizen suit, and alert her to the alleged violations and endangerment caused by past and ongoing activities at the Facility.

Moreover, as was made clear to Plaintiffs after they filed their initial complaint, and contrary to Plaintiffs' understanding at the time, "Taylor Finishing" is not a separate corporate entity; the Taylor Defendants and the Facility are one and the same. D. Taylor Ex. 2, ECF No. 39-2. Neither Donald Taylor nor Annie Taylor have disputed this fact. The only reasonable understanding that Donald and Annie Taylor could have had upon receipt of Plaintiffs' Notice Letter was that Plaintiffs intended to sue the Facility and the individuals doing business first as McLawhorn Livestock Farm, Inc., and later as "Taylor Finishing." Defendant Annie Taylor may not use the lack of a corporate entity as a procedural shield against her personal liability under the CWA and RCRA; her ability to do so would undermine the entire purpose of each statute's citizen-suit provision. Ultimately, Defendant Annie Taylor's claim that the content of the Notice

Letter was insufficient to permit her to identify herself as a potential violator of the CWA and RCRA is incorrect, and serves as an attempt to circumvent the private enforcement mechanism that Congress established to remedy environmental violations and curtail future harm.

The cases cited by Defendant Annie Taylor do not lend any support to her claims. In *City of Newburgh v. Sarna*, the plaintiff seeking to file a citizen suit completely failed to acknowledge a particular defendant in the notice letter or send a copy to the defendant's address. 690 F.Supp.2d 136, 144 (S.D.N.Y. 2010). In *Bettis v. Town of Ontario*, a *pro se* plaintiff similarly failed to refer to a number of defendants in the notice letter, and failed to serve those defendants with any notice letter whatsoever. 800 F. Supp. 1113, 1116-18 (W.D.N.Y. 1992). The court noted that "some of the more technical departures from the [CWA's] requirements could perhaps be forgiven if the notice requirements as a whole had been substantially complied with," but that "[d]efendants were simply not apprised of any allegation that they had violated CWA" and they "never received a notice of any kind." *Id.* at 1118 (letters were not sent via certified mail and none of the defendants were personally served, most of the alleged violators did not receive any letters and the letters did not contain the full name, address and telephone number of the person giving notice). Here, Plaintiffs served notice on Donald Taylor, as owner of the facility, of Plaintiffs' intent to sue the Facility that Annie Taylor knew she co-owned and operated. The Taylors are the only parties that know what Annie Taylor's role is in the Facility. The letter was also addressed to the "Site Manager and Managing Agent" of the Facility, titles that mirror CWA and RCRA notice requirements, and had to have described Annie Taylor to her. Plaintiffs' Notice Letter explicitly referenced the change in ownership, and stated that notice was being provided to the "current owner."

Thus, Plaintiffs' Notice Letter was adequate as a matter of law to achieve the congressional goal of requiring pre-suit notice in order to potentially obviate the need for private litigation by (*i*) allowing "Government agencies to take responsibility for enforcing environmental regulations" and (*ii*) providing Annie Taylor "an opportunity to bring [herself] into complete compliance with the Act[.]" *Hallstrom*, 493 U.S. at 29 (internal quotations omitted).

II. **Annie Taylor's Actions Upon Receipt of Plaintiffs' Notice Letter Demonstrate that the Contents of the Letter Were Sufficient to Permit Her to Identify Herself as a Potential Defendant in a CWA and RCRA Citizen Suit.**

Defendant Annie Taylor's assertion that she never received notice is disingenuous and discredited by her January 28, 2011 letter to Plaintiffs acknowledging receipt of their Notice Letter. More importantly, Annie Taylor's assertion that Plaintiffs' Notice Letter contained insufficient information from which she or the government could identify her as a potential defendant is belied by the contents of her January 28, 2011 letter to Plaintiffs.[7]

While "constructive" notice by citizen suit defendants cannot substitute for the provision of adequate pre-suit notice to potential defendants, the actions of recipients of a notice letter serve as evidence of whether the contents of the notice were sufficient to permit the recipients to identify the alleged violation and violators, and thus whether the notice letter was adequate as a matter of law. *See Assateague*, 727 F. Supp. 2d at 441; *Two Rivers Terminal*, 96 F. Supp. 2d at 432. Moreover, even when notice is addressed to the wrong individual, the CWA and RCRA citizen suit notice requirements are met so long as a defendant receives actual notice. *See Allied Towing Corp. v. Great Eastern Petroleum Corp.*, 642 F. Supp. 1339, 1347 (E.D. Va. 1986)

---

[7] The government did not need Annie Taylor's name in order "to take responsibility for enforcing environmental regulations." *Hallstrom*, 493 U.S. at 29.

(rejecting defendant's assertion that the court was deprived of jurisdiction because notice was addressed to the wrong individual, as "actual notice is all that is required" and "defendants have not been prejudiced by this [alleged defect . . . since actual notice was received].") (internal quotations omitted); *Two Rivers Terminal*, 96 F. Supp. 2d at 432 (holding that notice to subsidiary was adequate although it was only served on the parent corporation where the notice letter made its way to the subsidiary and it had actual notice as shown by the subsidiaries participation in the cleanup discussions). *Walls v. Waste Resource Corp.*, 761 F.2d 311, 316 (6th Cir. 1985), cited by Annie Taylor, does not support a contrary conclusion. In that case, Plaintiffs had argued that knowledge of the conditions at the site, *i.e.* "constructive notice" not actual notice, provided adequate notice of the suit, despite the fact that that no attempt was made to serve any type of notice on the Defendants. *See Two Rivers Terminal*, 96 F. Supp. 2d at 432. That is not the argument here.

Upon information and belief that the Facility at issue had been transferred to a new owner, Plaintiffs served a Notice Letter on Donald Taylor on January 11, 2011. Shortly thereafter, Plaintiffs received a letter dated January 28, 2011 and signed by both Donald and Annie Taylor that stated, *inter alia*:

- "We are responding to your letter sent to us dated 1/11/11 and received by us 1/18/11." D. Taylor Ex. 6, ECF No. 39-6.

- "[Y]ou have notified us of your intent to file a citizen suit under Section 505(a) of the CWA and Section 7002 of SWDA." *Id.*

- "In your letter, you also stated that should we wish to pursue negotiations in the absence of litigation, we should initiate said negotiations within 20 days." *Id.*

- "This letter is to serve as notice that we would like to resolve this issue in the absence of litigation." *Id.*

- "We would like to have a meeting in person to fully understand the issues you have with the facility and to explain steps we are taking to clean up and improve

the facility from previous management standards. This meeting can be defined as the negotiations mentioned in the letter you sent to us." *Id.*

- "[W]e are speaking only for ourselves (Donald & Annie Taylor) in this matter and have had no contact with the former owners of the Facility regarding this issue." *Id.*

- "This letter is not an admission of guilt[.]" *Id.*

Moreover, Annie Taylor was present at the April 1, 2011 meeting that served to initiate pre-suit settlement negotiations, further evidencing that the Notice Letter she received contained sufficient information to alert her of her status as a potential defendant. D. Taylor Ex. 7, ECF No. 39-7.

Thus, it is simply not credible for Defendant Annie Taylor to assert that the Taylors understood that the Facility was the "person" responsible for the alleged violations and not themselves. The Taylors' letter, and their subsequent initiation of pre-suit settlement negotiations, demonstrates that both Donald and Annie Taylor (*i*) received Plaintiffs' Notice Letter, (*ii*) understood notice to be directed at them, and (*iii*) identified Annie Taylor, along with Donald Taylor, as potential defendants in a CWA and RCRA citizen suit. It also affirmatively establishes that Annie Taylor received actual notice as a result of Plaintiff's Notice Letter and understood that she would be sued if the violations were not addressed. The fact that Annie Taylor received Plaintiffs' Notice Letter demonstrates that her argument on the present motion is merely that Plaintiffs' notice was inadequate because her name did not appear on the Notice Letter; a technical specificity not required by CWA or RCRA notice provisions.

In sum, the Taylor Defendants' January 28, 2011 letter to Plaintiffs demonstrates that Plaintiffs' Notice Letter fully complied with the legal requirements and goals for CWA and RCRA notice letters. It contained sufficient information for Annie Taylor to identify herself as a responsible party and provided her with an opportunity to comply with the law. Contrary to

Annie Taylor's argument on this motion, she had the opportunity to identify herself as a responsible party, and, in fact, did identify herself as a responsible party. Defendant Annie Taylor not only had the opportunity to respond, she engaged in negotiations to cure any violations and resolve her liability for the violations at the Facility. Defendant Annie Taylor's motion to dismiss should therefore be denied.

## CONCLUSION

Because Plaintiffs sent Defendant Annie Taylor a pre-suit Notice Letter that contained sufficient information from which recipients could identify her as a potential defendant in a CWA and RCRA citizen suit, Plaintiffs Notice Letter was adequate as a matter of law and the Court should deny her motion to dismiss.

Dated: December 3, 2012

Respectfully Submitted,


  /s/   Bethany A. Davis Noll
Bethany A. Davis Noll, NY State Bar No. 4541116
Michael T. Leigh, NY State Bar No. 4873394
Johanna N. Skrzypczyk, NY State Bar No. 4918371 (*of counsel*)
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000
badavisn@debevoise.com
mtleigh@debevoise.com
jnskrzypczyk@debevoise.com
*Counsel for Plaintiff NCEJN*

  /s/   Kelly H. Foster
Kelly H. Foster, OK State Bar No. 17067
Waterkeeper Alliance
P.O. Box 4483
Tulsa, OK 74159
(918) 619-9073
kfoster@waterkeeper.org
*Counsel for Plaintiffs Waterkeeper Alliance, Inc.; Neuse Riverkeeper Foundation*

  /s/   Stanley B. Green
Stanley B. Green, NC State Bar No. 25539
Lee Knight Caffery. NC State Bar No. 34767
Strauch Fitzgerald & Green
530 North Trade Street, Suite 303
Winston-Salem, NC 27101
(336) 837-1064
sgreen@sfandglaw.com
lcaffery@sfandglaw.com
*Local Civil Rule 83.1*
*Counsel for All Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an attorney at law and is admitted to practice in the Eastern District of North Carolina pursuant to local rules, is attorney for plaintiffs, and is a person of such age and discretion as to be competent to serve process.

That on the 3rd day of December he served a copy of the foregoing Memorandum of Law in Opposition to Defendant Annie Taylor's Motion to Dismiss via electronic filing through the Eastern District of North Carolina CM/ECF system, which will send notification of such filing to the following parties:

Donalt J. Eglinton
Frank H. Sheffield
Amy P. Wang
Smith & Ward, P.A.
P.O. Box 867
New Bern, NC 28563
*Counsel for Defendants Donald Taylor*
*and Annie Taylor, individually, and d/b/a*
*Taylor Finishing*

John W. King
Stubbs & Perdue, P.A.
P.O. Box 1654
New Bern, NC 28563
*Counsel for Defendants McLawhorn*
*Livestock Farm, Inc., Justin McLawhorn,*
*and Aaron McLawhorn*

Lars P. Simonsen
Simonson Law Firm, P.A.
P.O. Box 848
Edenton, NC 27932
*Counsel for Defendants McLawhorn*
*Livestock Farm, Inc., Justin McLawhorn,*
*and Aaron McLawhorn*

 /s/   Michael T. Leigh
Michael T. Leigh, NY State Bar No. 4873394
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000
mtleigh@debevoise.com
*Counsel for Plaintiff NCEJN*