IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION FILE NO. 4:12-cv-154-D

| | | |
|---|---|---|
| NORTH CAROLINA ENVIRONMENTAL JUSTICE NETWORK, NEUSE RIVERKEEPER FOUNDATION, INC., and WATERKEEPER ALLIANCE, INC., Plaintiffs | ) ) ) ) ) ) | |
| v. | ) ) | DEFENDANTS DONALD TAYLOR'S AND ANNIE TAYLOR'S ANSWER TO SECOND AMENDED COMPLAINT |
| MR. DONALD TAYLOR and MS. ANNIE TAYLOR, individually and d/b/a Taylor Finishing, MCLAWHORN LIVESTOCK FARM, INC., MR. JUSTIN T. MCLAWHORN, and MR. AARON MCLAWHORN, Defendants | ) ) ) ) ) ) ) ) | |

Defendants Donald Taylor and Annie Taylor, individually and d/b/a Taylor

Finishing (referred to collectively as the "Taylors"), answering the Second Amended Complaint

of Plaintiffs North Carolina Environmental Justice Network ("NCEJN"), Neuse Riverkeeper

Foundation, Inc. ("NRF"), and Waterkeeper Alliance, Inc. ("Waterkeeper") (referred to

collectively as "Plaintiffs"), say and aver:

**FIRST DEFENSE**

The numbered paragraphs below correspond to the paragraph numbers in

Plaintiffs' Second Amended Complaint, and the Taylors respond as follows:

PRELIMINARY STATEMENT

1.    The Taylors deny the allegations contained in Paragraph 1.

2.    Paragraph 2 contains descriptive information to which no response is

required.  To the extent that a response is required, the Taylors admit, upon information and

belief, that Plaintiffs filed Plaintiffs' Second Amended Complaint, adding McLawhorn Livestock

Farms, Inc., as a Defendant, with the consent of the McLawhorn Defendants. Except as admitted, the Taylors deny the allegations contained in Paragraph 2.

3.      Paragraph 3 contains descriptive information to which no response is required. To the extent that a response is required, the Taylors admit that Plaintiffs purport to bring this citizen suit action under federal law as asserted in the first sentence of Paragraph 3, and that Plaintiffs seek the relief sought under the statutes cited in subparagraphs 3a., 3b., and 3c. of Paragraph 3. The Taylors deny that the Plaintiffs are entitled to bring citizens suit claims and that Plaintiffs are entitled to any relief under federal law. Except as admitted, the Taylors deny the allegations contained in Paragraph 3 (and its subparts). Further, the Taylors specifically deny that "Defendant Facility," against which Plaintiffs purport to assert claims, exists as a legal entity.

## JURISDICTION AND VENUE

A.      JURISDICTION

4.      The Taylors admit that they reside, have their principal place of business, and conduct ongoing business activities within the Eastern District of North Carolina, as alleged in Paragraph 4. Except as admitted, the Taylors deny the allegations contained in Paragraph 4.

5.      Paragraph 5 constitutes legal conclusions to which no response is required. To the extent a response is required, the Taylors deny the allegations contained in Paragraph 5.

6.      Paragraph 6 constitutes legal conclusions to which no response is required. To the extent a response is required, the Taylors deny the allegations contained in Paragraph 6.

7.      The Taylors admit that by letter dated January 11, 2011, Plaintiffs notified Defendant Donald Taylor of Plaintiffs' intent to sue Defendants McLawhorn Livestock Farms, Inc., Aaron McLawhorn, and Justin T. McLawhorn (collectively, the "McLawhorn Defendants")

and to sue the "McLawhorn Banks Facility." The Taylors deny that the notice in such letter complies with the requirements of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(b), or the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6972 (a) and (b), or that it was directed at or is effective with respect to the Taylors. The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations concerning notice provided to the McLawhorn Defendants, to the Administrator of the United States Environmental Protection Agency ("EPA"), to the North Carolina Department of Environment & Natural Resources ("DENR"), or to the North Carolina Department of Agriculture and Consumer Services Division of Soil & Water Conservation and, therefore, deny such allegations. Except as admitted, the Taylors deny the allegations contained in Paragraph 7.

8. The Taylors admit that neither the EPA nor the State of North Carolina has commenced any proceedings against the Taylors for violating any provision of any state or federal law, including the CWA, as alleged in Paragraph 8. The Taylors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8 and, therefore, deny such allegations. Except as admitted, the Taylors deny the allegations contained in Paragraph 8.

9. The Taylors admit that neither the EPA nor the State of North Carolina has commenced any proceedings against the Taylors for violating any provision of any state or federal law, including RCRA, as alleged in Paragraph 9. The Taylors lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 and, therefore, deny such allegations. Except as admitted, the Taylors deny the allegations contained in Paragraph 9.

B.    VENUE

10.    The allegations contained in Paragraph 10 constitute legal conclusions to which no response is required.  To the extent a response is required, the Taylors admit that venue is proper in the Eastern Division of this Court.  Except as admitted, the Taylors deny the allegations contained in Paragraph 10.

11.    The allegations contained in Paragraph 11 constitute legal conclusions to which no response is required.  To the extent a response is required, the Taylors admit that venue is appropriate in the Eastern Division of this Court.  Except as admitted, the Taylors deny the allegations contained in Paragraph 11.

PARTIES

A.    PLAINTIFF NORTH CAROLINA ENVIRONMENTAL JUSTICE NETWORK

12.    The Taylors admit that Plaintiff NCEJN is purporting to sue on behalf of alleged members, as alleged in Paragraph 12, but deny that such Plaintiff has standing to bring such claims.

13.    The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 13 and, therefore, deny such allegations.

14.    The Taylors deny the allegations contained in Paragraph 14.

15.    The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 15 and, therefore, deny such allegations.

16.    The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations concerning the membership and activities of

NCEJN in Paragraph 16, including subparagraphs a. – f., and, therefore, deny such allegations. The Taylors deny the remaining allegations in Paragraph 16.

17.    The Taylors deny the allegations contained in Paragraph 17.

18.    The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 18 and, therefore, deny such allegations.

    B.    PLAINTIFF NEUSE RIVERKEEPER FOUNDATION, INC.

19.    The Taylors admit that Plaintiff NRF is purporting to sue on behalf of alleged members, as alleged in Paragraph 19, but deny that such Plaintiff has standing to bring such claims.

20.    The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations concerning the membership and activities of NRF in Paragraph 20, including subparagraphs a. – f., and, therefore, deny such allegations.  The Taylors deny the remaining allegations in Paragraph 20.

21.    The Taylors deny the allegations contained in Paragraph 21.

22.    The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 22 and, therefore, deny such allegations.

    C.    PLAINTIFF WATERKEEPER ALLIANCE, INC.

23.    The Taylors admit that Plaintiff Waterkeeper is purporting to sue on behalf of alleged members, as alleged in Paragraph 23, but deny that such Plaintiff has standing to bring such claims.

24.     The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 24 and, therefore, deny such allegations.

25.     The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations concerning the membership and activities of the Waterkeeper in Paragraph 25 and, therefore, deny such allegations.  The Taylors deny the remaining allegations in Paragraph 25.

26.     The Taylors deny the allegations contained in Paragraph 26.

27.     The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 27 and, therefore, deny such allegations.

D.     DEFENDANTS

28.     The Taylors deny the allegations contained in Paragraph 28.  The Taylors specifically deny that any entity known as "Defendant Facility" or McLawhorn Livestock Farm (Banks) exists and deny that the Taylors have any business relationship with any such entities or with any of the McLawhorn Defendants.

29.     The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 29 and, therefore, deny such allegations.

30.     The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 30 and, therefore, deny such allegations.

31.     The Taylors deny the allegations contained in Paragraph 31.

32.     The Taylors deny the allegations contained in Paragraph 32.

33.     The Taylors admit the allegations contained in Paragraph 33.

<u>FACTUAL ALLEGATIONS</u>

A.     POLLUTION FROM SWINE WASTE

34.     The Taylors deny the allegations contained in Paragraph 34.

35.     The Taylors admit that it has been reported that under certain circumstances algal blooms may have environmental effects on surface waters. Except as admitted, the Taylors deny the allegations contained in Paragraph 35.

36.     The allegations contained in Paragraph 36 constitute descriptive information to which no response is required. To the extent a response is required, the Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 36 and, therefore, deny such allegations.

B.     NEUSE RIVER BASIN

37.     The allegations contained in Paragraph 37 constitute descriptive information to which no response is required. To the extent a response is required, the Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 37 and, therefore, deny such allegations.

38.     The allegations contained in Paragraph 38 constitute descriptive information to which no response is required. To the extent a response is required, the Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 38 and, therefore, deny such allegations.

39. The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 39 and, therefore, deny such allegations.

40. The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 40 and, therefore, deny such allegations.

41. The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 41 and, therefore, deny such allegations.

## C. DEFENDANT FACILITY'S SITE DESCRIPTION AND WASTE DISPOSAL PRACTICES

42. The Taylors admit that, since November 23, 2010, they have owned a farm in Jones County, North Carolina, and that such farm is located in the Neuse River Basin. Except as admitted, the Taylors deny the allegations contained in Paragraph 42. The Taylors specifically deny that "Defendant Facility," against which Plaintiffs purport to assert claims, exists as a legal entity.

43. The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 43 and, therefore, deny such allegations.

44. The Taylors deny the allegations contained in Paragraph 44.

45. The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 45 and, therefore, deny such allegations.

46.     The Taylors admit that no NPDES Permit has been issued for the farm owned by them in Jones County, North Carolina, and that no such Permit is required. Except as admitted, the Taylors deny the allegations contained in Paragraph 46.

47.     The Taylors admit that the farm owned by them in Jones County is traversed by drainage ditches and that the Neuse River empties into the Pamlico Sound. Except as admitted, the Taylors deny the allegations contained in Paragraph 47.

48.     The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 48 and, therefore, deny such allegations.

49.     The Taylors deny the allegations contained in Paragraph 49.

50.     The Taylors deny the allegations contained in Paragraph 50

51.     The Taylors deny the allegations contained in Paragraph 51.

52.     The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 52 and, therefore, deny such allegations.

53.     The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 53 and, therefore, deny such allegations. The Taylors specifically deny that they have any responsibility for activities that occurred on the farm at issue in Jones County, North Carolina, at any time before they acquired it on November 23, 2010.

54.     The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 54 and, therefore, deny such allegations. The Taylors specifically deny that they have any responsibility for activities that

occurred on the farm at issue in Jones County, North Carolina, at any time before they acquired it on November 23, 2010.

55. The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 55 and, therefore, deny such allegations. The Taylors specifically deny that they have any responsibility for activities that occurred on the farm at issue in Jones County, North Carolina, at any time before they acquired it on November 23, 2010.

56. The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 56 and, therefore, deny such allegations. The Taylors specifically deny that they have any responsibility for activities that occurred on the farm at issue in Jones County, North Carolina, at any time before they acquired it on November 23, 2010.

57. The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 57 and, therefore, deny such allegations. The Taylors specifically deny that they have any responsibility for activities that occurred on the farm at issue in Jones County, North Carolina, at any time before they acquired it on November 23, 2010.

58. The Taylors do not have sufficient information upon which to form a belief as to the truthfulness of the allegations in Paragraph 58 and, therefore, deny such allegations. The Taylors specifically deny that they have any responsibility for activities that occurred on the farm at issue in Jones County, North Carolina, at any time before they acquired it on November 23, 2010, including (in particular) but not limited to, on January 28, 2010, and March 11, 2010.

<u>CLAIMS</u>

A.     COUNT ONE:  DEFENDANT FACILITY AND DEFENDANTS TAYLORS
       HAVE AND CONTINUE TO DISCHARGE POLLUTANTS WITHOUT AN
       NPDES PERMIT IN VIOLATION OF SECTION 505 OF THE CWA

59.     The Taylors re-allege and incorporate by reference herein their responses to Paragraphs 1 through 58 of Plaintiffs' Second Amended Complaint as if they were fully set forth.

60.     The allegations contained in Paragraph 60 constitute a legal conclusion to which no answer is required.  To the extent a response is required, the Taylors deny the allegations contained in Paragraph 60.

61.     The Taylors deny the allegations contained in Paragraph 61.

62.     The Taylors deny the allegations contained in Paragraph 62.

63.     The Taylors deny the allegations contained in Paragraph 63.

64.     The Taylors deny the allegations contained in Paragraph 64.

65.     The Taylors deny the allegations contained in Paragraph 65.

66.     The Taylors deny the allegations contained in Paragraph 66.

67.     The Taylors deny the allegations contained in Paragraph 67.

68.     The Taylors deny the allegations contained in Paragraph 68.

69.     The Taylors deny the allegations contained in Paragraph 69.

70.     The Taylors deny the allegations contained in Paragraph 70.

B.  COUNT TWO:  DEFENDANT FACILITY AND DEFENDANTS
    TAYLORS HAVE VIOLATED AND CONTINUE TO VIOLATE THE RCRA
    PROHIBITION AGAINST OPEN DUMPING

71.    The Taylors re-allege and incorporate by reference herein their responses
to Paragraphs 1 through 70 of Plaintiffs' Second Amended Complaint as if they were fully set
forth.

72.    The allegations contained in Paragraph 72 constitute a legal conclusion to
which no response is required.  To the extent a response is required, the Taylors deny the
allegations contained in Paragraph 72.

73.    The Taylors deny the allegations contained in Paragraph 73.

74.    The allegations contained in Paragraph 74 constitute a legal conclusion to
which no response is required.  To the extent a response is required, the Taylors deny the
allegations contained in Paragraph 74.

75.    The Taylors deny the allegations contained in Paragraph 75.

76.    The Taylors deny the allegations contained in Paragraph 76.

77.    The Taylors deny the allegations contained in Paragraph 77.

78.    The Taylors deny the allegations contained in Paragraph 78.

79.    The Taylors deny the allegations contained in Paragraph 79.

80.    The Taylors deny the allegations contained in Paragraph 80.

81.    The Taylors deny the allegations contained in Paragraph 81.

82.    The Taylors deny the allegations contained in Paragraph 82.

83.    The Taylors deny the allegations contained in Paragraph 83.

84.    The Taylors deny the allegations contained in Paragraph 84.

C.     COUNT THREE:  DEFENDANTS' PAST AND PRESENT WASTE DISPOSAL
PRACTICES POSE AN IMMINENT AND SUBSTANTIAL
ENDANGERMENT TO HEALTH OR THE ENVIRONMENT

85.     The Taylors re-allege and incorporate by reference herein their responses
to Paragraphs 1 through 84 of Plaintiffs' Second Amended Complaint as if they were fully set
forth.

86.     The allegations contained in Paragraph 86 constitute a legal conclusion to
which no response is required.  To the extent a response is required, the Taylors deny the
allegations contained in Paragraph 86.

87.     The Taylors deny the allegations in Paragraph 87.  The Taylors
specifically deny that any entity known as "Defendant Facility," against which Plaintiffs assert
such allegations, exists as a legal entity.

88.     The Taylors state that the allegations contained in Paragraph 88 of
constitute a legal conclusion to which no response is required.  To the extent a response is
required, the Taylors deny the allegations contained in Paragraph 88.

89.     The Taylors do not have sufficient information upon which to form a
belief as to the truthfulness of the allegations in Paragraph 89 and, therefore, deny such
allegations.

90.     The Taylors deny the allegations of Paragraph 90.  The Taylors operate
the farm owned by them in Jones County in accordance with the Certificate of Coverage
authorizing the operation of an animal waste management system as specified in their Certified
Animal Waste Management Plan and approved by the State of North Carolina on February 4,
2011, which document speaks for itself.

91.     The Taylors deny the allegations contained in Paragraph 91.

92.     The Taylors admit that it has been reported that under certain circumstances *Pfiesteria piscicida* may be deadly to fish and may cause human health problems, but deny that *Pfiesteria piscicida* has been linked to or is attributable to the operation by the Taylors of the farm owed by them in Jones County, North Carolina.  Except as admitted, the Taylors deny the allegations contained in Paragraph 92.

93.     The Taylors deny the allegations contained in Paragraph 93.

94.     The Taylors deny the allegations contained in Paragraph 94.

95.     The Taylors deny the allegations contained in Paragraph 95.

96.     The Taylors deny the allegations contained in Paragraph 96.

97.     The Taylors deny the allegations contained in Paragraph 97.

98.     *ADDED*:  Except as expressly admitted herein, the Taylors deny the allegations contained in Plaintiffs' Second Amended Complaint.

## SECOND DEFENSE

Plaintiffs' Second Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted against the Taylors because, among other reasons, Plaintiffs cannot maintain claims under RCRA for the same activities that Plaintiffs allege are subject to the CWA, which the Taylors specifically deny.  42 U.S.C. § 6905.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part and this Court lacks subject matter jurisdiction due to Plaintiffs' failure to provide notice to the Taylors that they were the person or persons responsible for the violations alleged in Plaintiffs' January 11, 2011, letter to Defendant Donald Taylor prior to the initiation of this lawsuit.  Plaintiffs' attempt to give notice to the

Taylors was defective and not in strict compliance with the statutory and regulatory requirements of the CWA and RCRA and, therefore, Plaintiffs' Second Amended Complaint should be dismissed.

## FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part for failure to satisfy the mandatory condition precedent for each claim under the CWA and RCRA that adequate and sufficient notice be provided to each of the Taylors that they were the person or persons responsible for the violations alleged in Plaintiffs' January 11, 2011, letter to Defendant Donald Taylor prior to the initiation of this lawsuit. Such failure of Plaintiffs to satisfy the specific statutory requirements mandates the dismissal of the suit. Hallstrom v. Tillamook County, 493 U.S. 20, 31 (1989).

## FIFTH DEFENSE

Plaintiffs' claims are barred because the alleged violations, which the Taylors specifically deny, occurred prior to the filing of Plaintiffs' Second Amended Complaint, there are no continuous or intermittent violations of the CWA or RCRA by the Taylors, and no violations are likely to occur in the future.

## SIXTH DEFENSE

Plaintiffs' claims are moot because the alleged violations, which the Taylors specifically deny, occurred prior to the filing of Plaintiffs' Second Amended Complaint, have not occurred subsequent to the filing of Plaintiffs' Second Amended Complaint, and are not likely to occur in the future.

## SEVENTH DEFENSE

The Taylors have complied with all federal, state, and local environmental and other applicable standards and regulations in the operation of the farm owned by them in Jones County, including the Certificate of Coverage approved by DENR authorizing the operation of

the animal waste management system specified in the Certified Animal Waste Management Plan required by state law.

## EIGHTH DEFENSE

Plaintiffs lack standing under Article III of the U.S. Constitution to assert the claims set forth in Plaintiffs' Second Amended Complaint against the Taylors under the CWA and RCRA because neither Plaintiffs nor its alleged members have been directly or adversely affected by any alleged action or violation by the Taylors.

## NINTH DEFENSE

Plaintiffs' Second Amended Complaint fails to assert cognizable claims against the Taylors for cleanup and remediation costs under the CWA and RCRA.

## TENTH DEFENSE

Plaintiffs' claims are barred because the Taylors have not violated the law, they have complied with all applicable permitting requirements under the CWA, and they are not required by the CWA to obtain a NPDES Permit.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred because it is not a violation of law, nor is a permit required, for pollutants to leave land if they consist of return flows from irrigated agriculture. 33 U.S.C. §§ 1342, 1362. To the extent Plaintiffs' allegations in the Second Amended Complaint relate to alleged stormwater run-off from the farm currently owned by the Taylors in Jones County, North Carolina, those claims are not actionable because "agricultural stormwater discharges" are specifically excluded from the definition of "point source" in 33 U.S.C. § 1362(14), and therefore are not prohibited under the CWA.

## TWELFTH DEFENSE

Plaintiffs have failed to plead, and cannot prove, sufficient facts to establish irreparable harm or entitlement to the requested injunctive relief.

## THIRTEENTH DEFENSE

Plaintiffs have failed to plead, and cannot prove, sufficient facts to establish entitlement to the requested declaratory relief.

## FOURTEENTH DEFENSE

In consideration of the factors outlined in 33 U.S.C. § 1319(d), Plaintiffs are not entitled to the imposition of civil penalties, as requested, under the CWA.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred by waiver and laches.

## SIXTEENTH DEFENSE

Some or all of Plaintiffs' claims do not lie against the Taylors because the Taylors only became the owners and operators of the farm in Jones County, North Carolina, which is the subject of Plaintiffs' claims, on November 23, 2010, and the Taylors are not responsible for any action taken on or with respect to such farm prior to that date.

## SEVENTEENTH DEFENSE

Plaintiffs are not entitled to a trial by jury under the citizen suit provisions of the CWA and RCRA, and Plaintiffs' jury demand, therefore, should be stricken.

## EIGHTEENTH DEFENSE

Plaintiffs have failed to allege, and cannot prove, sufficient facts to establish any entitlement to an award of attorneys' fees or other fees or costs incurred by Plaintiffs in this case.

## NINETEENTH DEFENSE

The Taylors reserve the right to assert any additional defenses deemed appropriate after further investigation and discovery.

WHEREFORE, the Taylors pray for relief as follows:

1.	Plaintiffs' Second Amended Complaint be dismissed, with prejudice, and taken for naught as to the Taylors;

2.	Plaintiffs have and recover nothing from the Taylors;

3.	The Taylors have and recover the costs of this action, including attorneys' fees as allowed by law; and,

4.	The Taylors have and recover such other and further relief as the Court deems just and proper.

This the 9th day of May, 2013.

*/s/ Amy P. Wang*
Amy P. Wang
N.C. State Bar I.D. No.:  023322
email: apw@wardandsmith.com
Donalt J. Eglinton
N.C. State Bar I.D. No.:  010314
email:  dje@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 867
New Bern, NC  28563-0867
Telephone:  252.672.5400
Facsimile:  252.672.5477
Attorneys for Defendants Donald Taylor and
  Annie Taylor

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2013, I electronically filed DEFENDANTS

DONALD TAYLOR'S AND ANNIE TAYLOR'S ANSWER TO SECOND AMENDED

COMPLAINT with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following:  Michael T. Leigh, Johanna N. Skrzypczyk, Kelly H.

Foster, Stanley B. Green, Lee Knight Caffery, John W. King, Jr., and Lars P. Simonsen.

<div style="margin-left: 40%;">

*/s/ Amy P. Wang*
Amy P. Wang
N.C. State Bar I.D. No.:  023322
email: apw@wardandsmith.com
For the firm of
Ward and Smith, P.A.
Post Office Box 867
New Bern, NC  28563-0867
Telephone:  252.672.5400
Facsimile:  252.672.5477
Attorneys for Defendants Donald Taylor and
  Annie Taylor

</div>