UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CV-00154-D

| | |
|---|---|
| NORTH CAROLINA ENVIRONMENTAL ) <br> JUSTICE NETWORK, NEUSE ) <br> RIVERKEEPER FOUNDATION, INC., ) <br> and WATERKEEPER ALLIANCE, INC., ) <br>         Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MR. DONALD TAYLOR, MS. ANNIE ) <br> TAYLOR, individually and d/b/a Taylor ) <br> Finishing, MCLAWHORN LIVESTOCK ) <br> FARM, INC., MR. JUSTIN T. ) <br> MCLAWHORN, and MR. AARON ) <br> MCLAWHORN, ) <br>         Defendants. ) | **DEFENDANTS JUSTIN T. MCLAWHORN'S, AARON MCLAWHORN'S AND MCLAWHORN LIVESTOCK FARM, INC.'S ANSWER** |

The Defendants, McLawhorn Livestock Farm, Inc., Justin T. McLawhorn and Aaron McLawhorn (the "McLawhorn Defendants"), answer the Plaintiffs' Second Amended Complaint as follows:

## PRELIMINARY STATEMENT

1. The allegations contained in paragraph 1 are denied.

2. Paragraph 2 contains descriptive information to which no response is required. To the extent that a response is required, the McLawhorn Defendants admit that they consented to Plaintiffs' second amendment of their complaint. Except as admitted, the allegations contained in paragraph 2 are denied.

3. Paragraph 3 contains descriptive information to which no response is required. To the extent a response is required, the allegations contained in paragraphs 3(a) and (b) are not directed to the McLawhorn Defendants, and no response is required of them. To the extent the McLawhorn Defendants fall within the ambit of the term "Defendant Facility," and in response

1

to the allegations contained in paragraph 3(c), these Defendants admit that Plaintiffs purport to bring this suit pursuant to the cited statutes. The McLawhorn Defendants deny that the Plaintiffs are entitled to seek the relief sought under the cited statutes. Except as admitted, the McLawhorn Defendants deny the allegations contained in Paragraph 3 and its subparts. The McLawhorn Defendants specifically deny that the "Defendant Facility," against which the Plaintiffs purport to assert claims, exists as a legal entity.

## JURISDICTION AND VENUE

A. **JURISDICTION**

4. As to the allegations contained in paragraph 4, it is admitted that Justin T. and Aaron McLawhorn reside within the Eastern District of North Carolina, and that McLawhorn Livestock Farm, Inc.'s principal place of business and substantial business activities occurred and were conducted within the Eastern District of North Carolina. Except as expressly admitted, the allegations contained in paragraph 4 are denied.

5. The allegations contained in paragraph 5 are denied.

6. The allegations contained in paragraph 6 are denied.

7. As to the allegations contained in paragraph 7, it is admitted that by letter dated December 22, 2010, the Plaintiffs notified Defendant Aaron McLawhorn and Defendant McLawhorn Livestock Farms, Inc. of Plaintiffs' intent to sue the "McLawhorn Banks Facility." It is further admitted that by letter dated January 11, 2011, Defendants Aaron McLawhorn and McLawhorn Livestock Farm, Inc. were copied with a letter addressed to Defendant Frank Taylor notifying Mr. Taylor of Plaintiffs' intent to sue the "McLawhorn Banks Facility." It is further admitted that by letter dated April 25, 2012, the McLawhorn Defendants were notified of Plaintiffs' intent to sue the "McLawhorn Banks Facility." The McLawhorn Defendants deny that

the notice in such letters complies with the requirements of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(b), or the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6972(a) and (b), or that it was effective as to the McLawhorn Defendants. The McLawhorn Defendants do not have sufficient information upon which to form a belief as to the truth of the allegations concerning notice provided to the Taylor defendants, to the Administrator of the United States Environmental Protection Agency ("EPA"), to the North Carolina Department of Environment & Natural Resources ("DENR"), or to the North Carolina Department of Agriculture and Consumer Services Division of Soil & Water Conservation, and therefore deny such allegations. Except as admitted, the McLawhorn Defendants deny the allegations contained in paragraph 7.

8. As to the allegations contained in paragraph 8, it is admitted that neither the EPA nor the State of North Carolina has commenced any proceedings against the McLawhorn Defendants for violating any provision of any state or federal law, including the CWA, with the exception of certain past civil penalty assessments by the State of North Carolina. Except as admitted herein, the allegations contained in paragraph 8 are denied.

9. As to the allegations contained in paragraph 9, it is admitted that neither the EPA nor the State of North Carolina has commenced any proceedings against the McLawhorn Defendants for violating any provision of any state or federal law, including the RCRA, with the exception of certain past civil penalty assessments by the State of North Carolina. Except as admitted herein, the allegations contained in paragraph 9 are denied.

    **B.**    **VENUE**

10. As to the allegations contained in paragraph 10, Plaintiffs have asserted no claims against the McLawhorn Defendants under the Clean Water Act (CWA). The allegations

contained in paragraph 10 therefore are not directed to the McLawhorn Defendants, and constitute legal conclusions, and no response is required of them. If a response is required, the allegations are denied.

11. As to the allegations contained in paragraph 11, it is admitted that the Eastern District of North Carolina is the proper venue for this case, as the McLawhorn Defendants reside or have their principal place of business within the District. It is denied that the McLawhorn Defendants are responsible for any of the violations, disposals, acts, and omissions alleged by Plaintiffs. Except as expressly admitted, the allegations contained in paragraph 11 are denied.

## PARTIES

A. **PLAINTIFF NORTH CAROLINA ENVIRONMENTAL JUSTICE NETWORK**

12. The McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of the allegations contained in paragraph 12, and those allegations are therefore denied.

13. The McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of the allegations contained in paragraph 13, and those allegations are therefore denied.

14. The allegations contained in paragraph 14 are denied.

15. As to the allegations contained in paragraph 15, it is expressly denied that the McLawhorn Defendants have engaged in any unlawful conduct. As to the remaining allegations contained in Paragraph 15, the McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of those allegations, and those allegations are therefore denied.

16. As to the allegations contained in paragraph 16, the McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of the allegations concerning the membership and activities of NCEJN contained in paragraph 16, and those allegations are therefore denied. Except as expressly admitted, the McLawhorn Defendants deny the allegations contained in Paragraph 16.

17. The allegations contained in paragraph 17 are denied.

18. The McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of the allegations contained in paragraph 18, and those allegations are therefore denied.

    **B.**     **PLAINTIFF NEUSE RIVERKEEPER FOUNDATION, INC.**

19. The McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of the allegations contained in paragraph 19, and those allegations are therefore denied.

20. As to the allegations contained in paragraph 20, the McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of the allegations concerning the membership and activities of Neuse Riverkeeper Foundation, Inc., contained in paragraph 20, and those allegations are therefore denied. Except as expressly admitted, the McLawhorn Defendants deny the allegations contained in Paragraph 20.

21. The allegations contained in paragraph 21 are denied.

22. The McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of the allegations contained in paragraph 22, and those allegations are therefore denied.

    **C.**     **PLAINTIFF WATERKEEPER ALLIANCE, INC.**

23. The McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of the allegations contained in paragraph 23, and those allegations are therefore denied.

24. The McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of the allegations contained in paragraph 24, and those allegations are therefore denied.

25. As to the allegations contained in paragraph 25, the McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of the allegations concerning the membership and activities of the Waterkeeper Alliance, Inc., contained in paragraph 25, and those allegations are therefore denied. Except as expressly admitted, the McLawhorn Defendants deny the allegations contained in Paragraph 25.

26. The allegations contained in paragraph 26 are denied.

27. The McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of the allegations contained in paragraph 27, and those allegations are therefore denied.

**D. DEFENDANTS**

28. As to the allegations contained in paragraph 28 it is admitted that Defendants Donald Taylor and Annie Taylor own the real property upon which the facility at issue is operated. Except as expressly admitted, the McLawhorn Defendants deny the allegations contained in Paragraph 28.

29. As to the allegations contained in paragraph 29, it is admitted that Defendant McLawhorn Livestock Farm, Inc. is a legal entity incorporated in the State of North Carolina, and that this corporation operated a farm on the lands at issue until those lands were sold on

November 23, 2010. Except as expressly admitted, the McLawhorn Defendants deny the allegations contained in Paragraph 29.

30. As to the allegations contained in paragraph 30, it is admitted that Defendants Aaron McLawhorn's and Justin T. McLawhorn's mailing address is 5903 Highway 17S, New Bern, NC 28562, and that Defendant McLawhorn Livestock Farm, Inc.'s mailing address is 5909 Highway 17S, New Bern, NC 28562. It is further admitted that Aaron McLawhorn is the registered agent for, and a shareholder of, McLawhorn Livestock Farm, Inc. Except as expressly admitted, the McLawhorn Defendants deny the allegations contained in Paragraph 30.

31. As to the allegations contained in paragraph 31, it is admitted that Defendants Donald Taylor and Annie Taylor purchased the real property at issue on November 23, 2010. It is denied that Defendants Donald Taylor and Annie Taylor purchased the real property from the McLawhorn Defendants. As to the remaining allegations in paragraph 31, the McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of those allegations, and those allegations are therefore denied.

32. The allegations contained in paragraph 32 are denied.

33. As to the allegations in paragraph 33, it is denied that Defendants Justin T. McLawhorn and Aaron McLawhorn are "persons" within the meaning of Section 502 of the CWA, 33 U.S.C. § 1362(5), or Section 1005 of RCRA, 42 U.S.C. § 6903(15) as applied to this case and the Plaintiffs' claims asserted herein. The remaining allegations contained in paragraph 33 are admitted.

## FACTUAL ALLEGATIONS

A. **POLLUTION FROM SWINE WASTE**

34. The allegations contained in paragraph 34 are denied.

35. The McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of the allegations contained in paragraph 35, and those allegations are therefore denied.

36. The McLawhorn Defendants are without knowledge and sufficient information to form a belief as to the truth of the allegations contained in paragraph 36, and those allegations are therefore denied.

### B. NEUSE RIVER BASIN

37. The McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 37, and those allegations are therefore denied.

38. The McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 38, and those allegations are therefore denied.

39. The McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 39, and those allegations are therefore denied.

40. The McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 40, and those allegations are therefore denied.

41. The McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 41, and those allegations are therefore denied.

### C. DEFENDANT FACILITY'S SITE DESCRIPTION AND WASTE DISPOSAL PRACTICES

42. As to the allegations contained in paragraph 42 it is admitted that the farmland at issue in this case is located in the Neuse River Basin. Except as admitted, the remaining allegations contained in paragraph 42 are denied.

43. The McLawhorn Defendants lack knowledge and sufficient information to form a belief as to the truth of the allegations contained in paragraph 43, and those allegations are therefore denied.

44. The allegations contained in paragraph 44 are denied.

45. As to the allegations contained in Paragraph 45, it is admitted that in or about July 1998, July 2007, and October 2009, North Carolina's Department of Environment and Natural Resources issued or renewed Certificate of Coverage number AWS520002 under state General Permit AWG100000. It is further admitted that General Permit AWG100000 is the best evidence of the terms and conditions of that permit and said permit speaks for itself. Except as expressly admitted, the allegations contained in paragraph 45 are denied.

46. As to the allegations contained in paragraph 46, it is admitted that the McLawhorn Defendants have not applied for and do not possess a federal NPDES permit for the farm at issue in this case, and that no such permit is required of them. Except as expressly admitted, the allegations contained in paragraph 46 are denied.

47. As to the allegations contained in paragraph 47, it is admitted that the farmland at issue is traversed by manmade farm ditches and that the Neuse River empties into the Pamlico Sound. Except as admitted, the allegations contained in paragraph 47 are denied.

48. As to the allegations contained in paragraph 48, it is admitted that the farmland at issue is underlain by groundwater. The McLawhorn Defendants lack knowledge and sufficient

information to form a belief as to the truth of the remaining allegations contained in paragraph 48, and those allegations are therefore denied.

49. The allegations contained in paragraph 49 are directed at the "Defendant Facility," not the McLawhorn Defendants, and no response is required of them. If a response is required, the allegations are denied.

50. The allegations contained in paragraph 50 are directed at the "Defendant Facility," not the McLawhorn Defendants, and no response is required of them. If a response is required, the allegations are denied.

51. The allegations contained in paragraph 51 are denied.

52. The McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 52, and those allegations are therefore denied.

53. The McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 53, and those allegations are therefore denied.

54. The McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 54, and those allegations are therefore denied.

55. The McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 55, and those allegations are therefore denied.

56. The McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 56, and those allegations are therefore denied.

57. The McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 57, and those allegations are therefore denied.

58. The allegations contained in paragraph 58 are directed at the "Defendant Facility," not the McLawhorn Defendants, and no response is required of them. If a response is required, the allegations are denied.

## CLAIMS

A. **COUNT ONE**

59-70. The allegations contained in paragraphs 59 through 70 of the Plaintiffs' complaint are not directed at the McLawhorn Defendants, and no response is required of them. If a response is required, the McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 59-70, and those allegations are therefore denied. The McLawhorn Defendants expressly deny that Plaintiffs have any legal basis for a Citizen Suit under the CWA against the McLawhorn Defendants, since the McLawhorn Defendants are not engaged in any operations at the farm at issue, and have not been engaged in any operations since November 23, 2010. As such, Plaintiffs cannot truthfully allege any current or ongoing violations of the CWA by the McLawhorn Defendants.

B. **COUNT TWO**

71-84. The allegations contained in paragraphs 71 through 84 of the Plaintiffs' complaint are not directed at the McLawhorn Defendants, and no response is required of them. If a response is required, the McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 71-84, and those allegations are therefore denied. The McLawhorn Defendants expressly deny that Plaintiffs have any legal basis for a Citizen Suit under 42 U.S.C. § 6972(a)(1)(A) against the McLawhorn Defendants, since the McLawhorn Defendants are not engaged in any operations at the farm at issue, and have not been engaged in any operations since November 23, 2010. As such, Plaintiffs cannot truthfully allege any current or ongoing "open dumping" by the McLawhorn Defendants.

  **C.**  **COUNT THREE**

  85.  The McLawhorn Defendants re-state and re-allege herein the foregoing responses.

  86.  As to the allegations contained in paragraph 86, it is admitted that 42 U.S.C. § 6972(a)(1)(B) is the best evidence of the contents of that statute, and said statute speaks for itself. Except as expressly admitted, the McLawhorn Defendants deny the allegations contained in Paragraph 86.

  87.  The allegations contained in paragraph 87 are directed at the "Defendant Facility," not the McLawhorn Defendants, and no response is required of them. If a response is required, the allegations contained in paragraph 87 are denied.

  88.  The allegations contained in paragraph 88 are denied.

  89.  The allegations contained in paragraph 89 are denied.

  90.  The allegations contained in paragraph 90 are not directed at the McLawhorn Defendants, and no response is required of them. If a response is required, the McLawhorn

Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in paragraph 90, and those allegations are therefore denied.

91. The allegations contained in paragraph 91 are denied.

92. As to the allegations contained in paragraph 92, the McLawhorn Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations, and those allegations are therefore denied.

93. The allegations contained in paragraph 93 are denied.

94. The allegations contained in paragraph 94 are denied.

95. The allegations contained in paragraph 95 are not directed at the McLawhorn Defendants, and no response is required of them. If a response is required, the allegations contained in paragraph 95 are denied.

96. The allegations contained in paragraph 96 are denied.

97. The allegations contained in paragraph 97 are denied.

In further answer and defense of the Plaintiffs' claims, the McLawhorn Defendants plead the following:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:
### STANDING

The Plaintiffs lack standing under Article III of the United States Constitution to bring their claims against the McLawhorn Defendants, in that Plaintiffs have not suffered an injury in fact, the Plaintiffs' alleged injuries are not fairly traceable to the challenged action of the McLawhorn Defendants, and it is not likely that Plaintiffs' alleged injury will be redressed by a favorable decision of this Court.

## SECOND AFFIRMATIVE DEFENSE:
## SUBJECT MATTER JURISDICTION

Plaintiffs' claims are barred in whole or in part and this Court lacks subject matter jurisdiction due to Plaintiffs' failure to provide notice to the McLawhorn Defendants that they, individually or collectively, were the person or persons responsible for the violations alleged in Plaintiff's purported notice letters prior to the initiation of this lawsuit, and to Plaintiff's failure to provide such notice that would have allowed the McLawhorn Defendants, individually or collectively, to know what actions could be taken, beyond those already taken, to avert this lawsuit. Plaintiffs' attempt to give notice to the McLawhorn Defendants was defective and not in strict compliance with the statutory and regulatory requirements of the CWA and RCRA.

## THIRD AFFIRMATIVE DEFENSE
## FAILURE OF MANDATORY CONDITION PRECEDENT

Plaintiffs' claims are barred in whole or in part for failure to satisfy the mandatory condition precedent for each claim under the CWA and RCRA that adequate and sufficient notice be provided to each of the McLawhorn Defendants that they were the person or persons responsible for the violations alleged in Plaintiffs' purported notice letters prior to the initiation of this lawsuit.

## FOURTH AFFIRMATIVE DEFENSE
## INTEGRATION

Plaintiffs cannot maintain claims under RCRA for the same activities that Plaintiffs allege are subject to the CWA. 42 U.S.C. § 6905.

## FIFTH AFFIRMATIVE DEFENSE
## LACHES AND WAIVER

The Plaintiffs' claims against the McLawhorn Defendants are barred by the doctrine of laches and waiver as a result of the fact that Plaintiffs have unreasonably delayed the pursuit or

prosecution of their claims against the McLawhorn Defendants, and, as a result of such delay, the McLawhorn Defendants have been prejudiced in their ability to defend the claims, or otherwise take appropriate action to avert the Plaintiffs' suit.

## SIXTH AFFIRMATIVE DEFENSE
### MOOTNESS

The Plaintiffs' claims against the McLawhorn Defendants have been rendered moot as a result of the fact that the McLawhorn Defendants are no longer directly or indirectly involved in the operation or management of the farming operation and issue, and have no ownership interest in the farmland at issue. All of the alleged violations by the McLawhorn Defendants, all of which the McLawhorn Defendants deny, are wholly past violations, are not continuing, and are not capable of repetition in the future.

## SEVENTH AFFIRMATIVE DEFENSE
### UNCLEAN HANDS

To the extent the Plaintiffs seek equitable remedies in this lawsuit, their claims are barred by the doctrine of unclean hands.

WHEREFORE, the McLawhorn Defendants respectfully request that:

1. The Plaintiffs have and recover nothing of the McLawhorn Defendants.

2. That Plaintiffs demand for a jury trial be stricken on the grounds that Plaintiffs have no right to a jury trial under the citizen suit provisions of CWA and RCRA.

3. The Plaintiffs' requests for declaratory and injunctive relief be denied.

3. Plaintiffs be assessed the cost of this action, including the McLawhorn Defendants' attorneys fees and costs (including expert witness fees), pursuant to RCRA, 42 U.S.C.A. § 6972(e) and such costs and fees allowed by law.

4. The Court award such other and further relief as the Court deems just and proper.

This 3rd day of September, 2013.

            */s/ Lars P. Simonsen*
            Lars P. Simonsen
            N. C. Bar No. 17602
            SIMONSEN LAW FIRM, P.C.
            Post Office Box 848
            Edenton, NC 27932
            Telephone: (252) 482-2175
            Facsimile: (252) 482-1355
            E-mail: lars@simonsenlawfirm.com
            *Attorney for Defendants Justin T. Mclawhorn,*
            *Aaron McLawhorn and McLawhorn Livestock*
            *Farms, Inc.*

            */s/ John W. King, Jr.*
            JOHN W. KING, Jr.
            N.C. State Bar No. 9306
            STUBBS & PERDUE, P.A.
            Post Office Box 1654
            New Bern, North Carolina 28563-1654
            Telephone: (252) 633-2700
            Facsimile: (252) 633-9600
            Email: jking@stubbsperdue.com
            *Attorney for Defendants Justin T. Mclawhorn,*
            *Aaron McLawhorn and McLawhorn Livestock*
            *Farms, Inc.*

# CERTIFICATE OF SERVICE

I, John W. King, Jr. Post Office Box 1654, New Bern, North Carolina 28563, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 3rd day of September, 2013, I served copies of the foregoing pleading on the parties shown below as indicated. I certify under penalty of perjury that the foregoing is true and correct.

This 3rd day of September, 2013

/s/ John W. King, Jr.
JOHN W. KING, Jr.
N.C. State Bar No. 9306
STUBBS & PERDUE, P.A.
Post Office Box 1654
New Bern, North Carolina 28563-1654
Telephone: (252) 633-2700
Facsimile: (252) 633-9600
Email: jking@stubbsperdue.com
*Attorney for Defendants Justin T. Mclawhorn, Aaron McLawhorn and McLawhorn Livestock Farms, Inc.*

*Via CM/ECF:*

Bethany Davis Noll
Michael T. Leigh
Johanna N. Skrzypczy
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
*Attorneys for Plaintiff North Carolina Environmental Justice Network*

Stanley B. Green
Lee Knight Caffery
Strauch Fitzgerald & Green, P.C.
530 North Trade Street, Suite 303.
Winston-Salem, NC 27101
*Attorney for Plaintiffs North Carolina Environmental Justice Network, Waterkeeper Alliance, Inc. and Neuse Riverkeeper Foundation, Inc.*

Amy P. Wang
Frank H. Sheffield, Jr.
Donalt J. Eglinton
Ward and Smith, P.A.
P. O. Box 867
New Bern, NC 28563-0867
*Attorney for Defendant Donald Taylor*

Kelly H. Foster
Waterkeeper Alliance
P. O. Box 4483
Tulsa, OK 74159
*Attorney for Plaintiffs Waterkeeper Alliance Inc., and Neuse River Foundation, Inc.*