IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-154-D

| | |
|---|---|
| NORTH CAROLINA ENVIRONMENTAL )<br>JUSTICE NETWORK, NEUSE )<br>RIVERKEEPER FOUNDATION, INC., )<br>and WATERKEEPER ALLIANCE, INC., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DONALD TAYLOR and )<br>ANNIE TAYLOR, individually and )<br>d/b/a TAYLOR FINISHING, )<br>JUSTIN T. MCLAWHORN, and )<br>AARON MCLAWHORN, )<br>)<br>Defendants. ) | **ORDER** |

On January 14, 2015, Magistrate Judge Gates issued a Memorandum and Recommendation and Order ("M&R and Order") [D.E. 148]. In that M&R and Order, Judge Gates ordered that plaintiffs' motion to compel [D.E. 93] be allowed in part and denied in part, that defendants' motion to strike [D.E. 139] be denied as moot, and recommended that plaintiffs' motion for relief pursuant to Rule 56(d) [D.E. 143] be denied, but that the pending motions for summary judgment [D.E. 125, 128, 131] be denied without prejudice. On January 23, 2015, defendants filed a joint motion and memorandum for reconsideration and clarification of the M&R and Order [D.E. 150, 151]. On February 6, 2015, plaintiffs responded in opposition to defendants' motion for reconsideration [D.E. 152]. On February 23, 2015, the Taylor defendants filed a supplemental joint motion and memorandum for reconsideration and clarification, a motion to expedite [D.E. 153, 154], and a reply to plaintiffs' response [D.E. 155]. On March 12, 2015, plaintiffs responded in opposition to the supplemental motion for reconsideration [D.E. 157]. On March 30, 2015, the Taylor defendants replied [D.E. 158].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R and Order, and the record. The court is satisfied that there is no clear error in the M&R and Order. The court has reviewed de novo the portions of the M&R and Order to which defendants objected. The court adopts the M&R and Order [D.E. 148] and overrules the objections.

Defendants' joint motion for reconsideration and clarification [D.E. 150] and the Taylor defendants' supplemental motion for reconsideration [D.E. 153] are DENIED. Defendants' motion to strike [D.E. 143], defendants' motion to expedite [D.E. 153], and plaintiffs' motion to reconsider [D.E. 119] are DISMISSED as moot.

Before filing any more discovery-related or schedule-related motions, the party shall notify Magistrate Judge Gates's chambers via written communication copied to the opposing party. If warranted, Judge Gates will hold a hearing (in person or by telephone) to resolve the discovery or scheduling issue and then file any order on the docket.

SO ORDERED. This _13_ day of April 2015.

JAMES C. DEVER III
Chief United States District Judge