IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION NO: 4:12-CV-00154-D

| | |
|---|---|
| NORTH CAROLINA ENVIRONMENTAL JUSTICE NETWORK, NEUSE RIVERKEEPER FOUNDATION, INC., and WATERKEEPER ALLIANCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MR. DONALD TAYLOR AND MS. ANNIE TAYLOR, INDIVIDUALLY and d/b/a TAYLOR FINISHING, MCLAWHORN LIVESTOCK FARM, INC., MR. JUSTIN T. MCLAWHORN, and MR. AARON MCLAWHORN, <br><br> Defendants. | CONSENT DECREE |

The following Consent Decree is entered into by and between Plaintiffs Neuse Riverkeeper

Foundation, Inc. n/k/a Sound Rivers, Inc. ("Sound Rivers") and Waterkeeper Alliance, Inc.

("Waterkeeper") and Defendants Donald Taylor and Annie Taylor, individually and d/b/a Taylor

Finishing (collectively the "Taylor Defendants"). The entities and persons entering into this

Consent Decree are each an individual "Party" and collectively the "Parties."

**RECITALS**

WHEREAS, on August 31, 2012 Plaintiffs filed an Amended Complaint against the

Defendants in the United States District Court for the Eastern District of North Carolina, Case No.

4:12-CV-00154-D, alleging violations of the substantive requirements of the Clean Water Act, 33

U.S.C. § 1365 ("Clean Water Act" or "CWA") and the Resource Conservation and Recovery Act,

42 U.S.C. § 6972 ("Resource Conservation and Recovery Act" or "RCRA");

1

WHEREAS, the Defendants deny any and all of Plaintiffs' allegations and claims as set forth in the Complaint;

WHEREAS, this matter was automatically stayed on June 3, 2015 pursuant to the automatic stay provisions of the Bankruptcy Code after the Taylor Defendants declared bankruptcy and filed notice of bankruptcy proceedings with this Court;

WHEREAS, Plaintiffs and the Taylor Defendants have entered into a Settlement Agreement (attached hereto as Exhibit A), and that Agreement was submitted to the Bankruptcy Court for approval on March 23, 2018;

WHEREAS, the Bankruptcy Court for the Eastern District of North Carolina entered an order approving the Settlement Agreement on April 20, 2018 (attached hereto as "Exhibit A");

WHEREAS, notice of that settlement in the bankruptcy proceedings was received by the Environmental Protection Agency ("EPA") and Department of Justice ("DOJ") on April 16, 2018;

WHEREAS, the Taylor Defendants' filed their Amended Plan of Reorganization on April 4, 2018;

WHEREAS, the Parties have agreed that it is in the Parties' mutual interest to enter into a Consent Decree setting forth the terms and conditions appropriate for resolving Plaintiff's allegations set forth in the Complaint without further proceedings, and Plaintiffs and Taylor Defendants have consented to the entry of this Consent Decree and Order without trial of any issues, and hereby stipulate that, in order to settle the claims alleged in the Complaint this Consent Decree should be entered;

NOW THEREFORE, it is hereby stipulated and agreed by the Parties, and ORDERED, ADJUDGED, and DECREED by this Court as follows:

## CONSENT DECREE

2

1.     The above RECITALS are incorporated into and shall become a part of this Consent Decree.

## I. JURISDICTION

2.     For purposes of entry of this Consent Decree, the Parties agree this Court has jurisdiction over the subject matter and the Parties in this action pursuant to Section 505(a) of the CWA, 33 U.S.C. § 1365(a), and Section 7002(a) of the RCRA, 42 U.S.C. § 6972(a).

3.     Venue is proper in the Eastern District of North Carolina pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. § 1365(c)(1), because this is the judicial district in which the Defendants are located. The Complaint states claims upon which relief may be granted pursuant to Section 505(a)(1) of the CWA, 33 U.S.C. § 1365(a)(1), and Section 7002(a) of the RCRA, 42 U.S.C. § 6972(a).

4.     Plaintiffs have standing to bring this action.

5.     Plaintiffs have complied with 33 U.S.C. § 1365(c)(3) and met the notice requirements therein.

6.     The Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Consent Decree for the life of the Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree.

## II. LODGING AND APPROVAL OF DECREE

7.     Pursuant to Section 505(c)(3) of the CWA, 33 U.S.C. § 1365(c)(3), this Consent Decree will be lodged with the Court and presented to the U.S. Attorney General and U.S. Environmental Protection Agency for review and comment as required by law. Plaintiffs shall cause to be served a copy of this Decree upon the Attorney General, the Administrator of the EPA, and the Regional Administrator of EPA Region 4. Once Plaintiffs receive notice of the dates upon

3

which the EPA and the Attorney General have received the proposed Consent Decree, Plaintiffs shall inform the Court of the dates of service and inform the Court whether the EPA or the Attorney General objects or otherwise desires to intervene. As long as the Court is informed that neither the EPA nor the Attorney General objects or otherwise seeks to intervene in this matter, this Decree may be entered by the Court. No consent judgment shall be entered in an action in which the United States is not a party prior to the forty-five (45) days following receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator. 33 U.S.C. § 1365(c)(3).

## III. APPLICABILITY AND BINDING EFFECT

8.      This Consent Decree shall apply and be binding upon the Parties hereto, and their successors, managers, owners, assigns, affiliates, agents, predecessors, officers, directors, employees, members, and representatives. To the extent that federal law (including federal principles of *res judicata*) allows, this Consent Decree shall be considered binding upon all persons and entities who may hereafter file a citizen suit against the Taylor Defendants regarding claims that are the subject of this Consent Decree. However, this Consent Decree shall not be construed to limit the authority of the United States or the State of North Carolina to take whatever action it deems necessary to enforce the laws of the United States or of the State of North Carolina.

## IV. EFFECTIVE DATE

9.      The Effective Date of this Consent Decree shall be the date upon which the Court enters this Decree or grants a motion to enter this Consent Decree, whichever occurs first, as recorded on the Court's docket.

## V. TERMS AND INTEGRATION

4

10.     All terms of the Settlement Agreement, signed and dated by all parties as of March 23, 2018, are hereby incorporated into this Consent Decree as though fully set forth herein. The Settlement and Release Agreement is attached hereto as "Exhibit B."

11.     No term of the Settlement Agreement or this Consent Decree shall be deemed or construed as an admission of liability by the Taylor Defendants in this matter.

12.     This Consent Decree constitutes the final and complete agreement and understanding among the Parties with respect to the settlement embodied herein. This Consent Decree supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein, except that the Settlement Agreement dated March 23, 2018 shall remain effective between the Parties and this Consent Decree shall not interfere or conflict with the Order of the Bankruptcy Court related to this matter.

## VI.  COSTS AND ATTORNEYS FEES

13.     Each Party shall bear their own costs and attorneys' fees in this matter. This Consent Decree makes no findings of liability under the CWA or RCRA, and no costs or fees shall be awarded to any party under the fee shifting provisions of those statutes.

## VII.  SIGNATURES

14.     Each undersigned representative of the Parties certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

15.     This Consent Decree may be signed in counterparts and its validity shall not be challenged on that basis.

## VIII.  FINAL JUDGMENT

5

16.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the claims alleged by Plaintiffs against the Taylor Defendants.

17.     On the Effective Date of this Consent Decree, this matter shall be dismissed with prejudice. The Court shall retain jurisdiction to ensure that the terms of this Consent Decree are satisfied.

18.     The Court hereby finds that:

a.   This Consent Decree has been negotiated in good faith and at arm's length;

b.   This Consent Decree is fair, reasonable, and in the best interests of the Parties and in the public interest;

c.   This Consent decree is consistent with the goals of the Clean Water Act and the Resource Conservation and Recovery Act.

This the **13** day of **August**, 2018.

The Honorable James C. Dever III
Chief United States District Judge

[*SIGNATURE PAGE FOLLOWS*]

6

AGREED TO AND ACCEPTED BY:

**Waterkeeper Alliance, Inc.**

/s/ Stanley B. Green

By:
Title: Counsel of Record for Plaintiffs
Date: 6/29/18

**Neuse Riverkeeper Foundation, Inc.
n/k/a Sound Rivers, Inc.**

/s/ Stanley B. Green

By:
Title: Counsel of Record for Plaintiffs
Date: 6/29/18

**Donald E. Taylor, individually and d/b/a
Taylor Finishing**

Donald E. Taylor

Date:  5 - 22 - 2018

**Annie T. Taylor, individually and d/b/a
Taylor Finishing**

Annie T Taylor

Date: 5/22/2018

APPROVED AS TO FORM AND SUBSTANCE:

/s/ Stanley B. Green

Stanley B. Green
Strauch Green & Mistretta, P.C.
911 Paverstone Drive, Suite F
Raleigh, NC 27615
Phone: (704) 564-9878
Fax: (336) 725-8867
Email: sgreen@sgandm.com
*Attorney for Plaintiffs Waterkeeper
Foundation, Inc. and Sound Rivers, Inc.*

/s/ David J. Haidt

David J. Haidt
Ayers & Haidt, PA
Post Office Box 1544
New Bern, NC 28563
Phone: (252) 638-2955
Fax: (252) 638-3293
Email: davidhaidt@embarqmail.com
*Attorney for Defendants Donald Taylor and
Annie Taylor*

7

Exhibit A

**SO ORDERED.**

**SIGNED this 20 day of April, 2018.**

*Stephani W. Humrickhouse*

**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### NEW BERN DIVISION

In the Matter of:                           Case No.:
**DONALD E. TAYLOR,**                  **15-02730-5-SWH**
**ANNIE T. TAYLOR,**                    Chapter 11
    Debtors.

### ORDER APPROVING COMPROMISE AND SETTLEMENT OF CLAIMS, PLAN OBJECTIONS AND OBJECTIONS TO CLAIMS UNDER BANKRUPTCY RULE 9019

THIS MATTER, coming on before the Bankruptcy Court upon the Motion of Debtor seeking an Order approving the Settlement and Release Agreement with Waterkeeper Alliance, Inc. and Sound Rivers, Inc., and it appearing that good cause exists,

IT IS THERFORE ORDERED, ADJUDGED AND DECREED that the Motion for Order Approving Compromise and Settlement of Claims, Plan Objection and Objections to Claims is hereby GRANTED pursuant to Bankruptcy Rule 9019 and the executed Settlement and Release Agreement attached to the Motion is hereby **APPROVED**.

END OF DOCUMENT

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

Exhibit B

In the Matter of:
**DONALD E. TAYLOR,**
**ANNIE T. TAYLOR,**
Debtors.

Case No.:
**15-02730-5-SWH**
Chapter 11

### MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT OF CLAIMS, PLAN OBJECTION AND OBJECTIONS TO CLAIMS

NOW COME Donald E. Taylor and Annie T. Taylor (the "Debtors"), by and through undersigned counsel, and hereby move the Court (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, for the entry of an Order approving the compromise and settlement of all claims and controversies, including pending objections to claims filed in the above-captioned case, by and between the Debtors and Waterkeeper Alliance, Inc. and Sound Rivers, Inc. In support thereof, the Debtors show unto the Court as follows:

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 151, 157, and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the court has jurisdiction pursuant to 28 U.S.C. §§151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984, by the United States District Court for the Eastern District of North Carolina.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1408.

3.      On or about May 14, 2015, the Debtors filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. Prior to the filing of the petition, on July 27, 2012 Neuse Riverkeeper Foundation, Inc. (now known as "Sound Rivers, Inc." and hereinafter referred to as "Sound Rivers") and Waterkeeper Alliance, Inc. ("Waterkeeper Alliance") commenced a civil action under the citizen suit provisions of the Federal Water Pollution Control Act, as amended, 33 U.S.C.

1

§ 1365, and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(A), (hereinafter the "Lawsuit") against the Debtors individually and d/b/a Taylor Finishing, Justin T. McLawhorn, and Aaron McLawhorn for alleged violations of federal environmental laws. Collectively, the Debtors, Waterkeeper Alliance and Sound Rivers shall be referred to as the "Parties."

4.       Asserting claims and remedies set forth in the Lawsuit, Waterkeeper Alliance filed three proofs of claim in the bankruptcy proceeding ("Proofs of Claim Nos. 17, 18 and 19") on September 14, 2015 and Sound Rivers filed two proofs of claim ("Proofs of Claim Nos. 20 and 21) on the same date. The Debtors filed objections (the "Claim Objections") to each of these claims on October 8, 2015 and said Claim Objections are pending before the Court.

5.       The Debtors filed their Plan of Reorganization ("Plan") and Disclosure Statement on July 6, 2016. Waterkeeper Alliance and Sound Rivers filed their objections (the "Plan Objection") to the Plan and Disclosure Statement on August 19, 2016. The Plan and objections thereto, including the Plan Objection, are currently pending before the Court.

6.       As a result of lengthy negotiations, the Parties reached a compromise (the "Compromise") to settle all controversies and issues between and among the Parties relating to the claims asserted in the Lawsuit and this bankruptcy proceeding, including the Plan Objection and Claim Objections.

7.       To memorialize the Compromise, the Parties have drafted and executed a Settlement and Release Agreement effective as of March 23, 2018. A true and accurate copy of the Settlement and Release Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

2

8.    In considering the terms of the Compromise, the Parties have taken into consideration existing factual and legal disputes, including the strengths and weaknesses of the Parties' positions, the equities involved, the information available to the Parties and the costs and risks of litigation.

9.    The Debtors believe that the proposed Compromise and settlement is fair and reasonable, and that approval of the terms set forth in the Settlement and Release Agreement is in the best interest of the bankruptcy estate.

Wherefore, the Debtors pray to the Court as follows:

1.    For an Order from the Court granting the Compromise according to the terms as set forth in the Settlement and Release Agreement; and

2.    For such other and further relief as the Court deems just and proper.

DATED:  March 23, 2018

AYERS & HAIDT, P.A.

/s/ David J. Haidt
By:  David J. Haidt
N.C. State Bar No. 22092
Attorneys for the Debtors
Post Office Box 1544
New Bern, North Carolina  28563
(252) 638-2955 telephone
(252) 638-3293 facsimile
davidhaidt@embarqmail.com

3

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### NEW BERN DIVISION

In the Matter of:                                                    Case No.:
**DONALD E. TAYLOR,**                                    **15-02730-5-SWH**
**ANNIE T. TAYLOR,**                                        Chapter 11
    Debtors.

### NOTICE OF DEBTORS' MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT OF CLAIMS, PLAN OBJECTION AND OBJECTIONS TO CLAIMS

    NOTICE IS HEREBY GIVEN that the Debtors, by and through their undersigned counsel, have filed a Motion for Order Approving Compromise and Settlement of Claims, Plan Objection and Objections to Claims, arising from controversies between the Debtors and Waterkeeper Alliance, Inc. and Sound Rivers, Inc.

    Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

    If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before **April 13, 2018** unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at: **Clerk, United States Bankruptcy Court, Post Office Box 791, Raleigh, NC 27602.**

    **If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.** You must also mail a copy to the undersigned as well as the additional parties shown on the attached Certificate of Service.

    If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

    If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

    DATE OF NOTICE:  March 23, 2018

                     AYERS & HAIDT, P.A.

                     */s/ David J. Haidt*
                     By:  David J. Haidt
                     N.C. State Bar No. 22092
                     Attorneys for the Debtors
                     Post Office Box 1544
                     New Bern, North Carolina  28563
                     (252) 638-2955 telephone
                     (252) 638-3293 facsimile
                     davidhaidt@embarqmail.com

<u>CERTIFICATE OF SERVICE</u>

I, David J. Haidt, Post Office Drawer 1544, New Bern, North Carolina 28563, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on the 23rd day of March, 2018, a member of my office staff served copies of the foregoing Motion and Notice of Motion on the parties listed by electronic service and/or regular mail, postage prepaid.

I certify under penalty of perjury that the foregoing is true and correct.

EXECUTED ON:   March 23, 2018

BY:    */s/ David J. Haidt*
DAVID J. HAIDT
N.C. State Bar No. 22092

TO:

Bankruptcy Administrator (VIA CM/ECF)

Stanley B. Green, Esq. (VIA CM/ECF)
Attorney for Waterkeeper Alliance, Inc. and Sound Rivers, Inc.

See attached Exhibit "A"

## SETTLEMENT AND RELEASE AGREEMENT

WHEREAS, on July 27, 2012, Neuse Riverkeeper Foundation, Inc. (currently known as "Sound Rivers, Inc.") and Waterkeeper Alliance, Inc. (collectively, "Plaintiffs"), commenced a civil action under the citizen suit provisions of the Federal Water Pollution Control Act, as amended, 33 U.S.C. § 1365, and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(A), (hereinafter "Civil Case") against Mr. Donald Taylor and Ms. Annie Taylor ("Taylor Defendants") individually and d/b/a Taylor Finishing (formerly known as McLawhorn Livestock Farm (Banks)), McLawhorn Livestock Farm, Inc. (also known as McLawhorn Livestock Farms (Banks)), Mr. Justin T. McLawhorn, and Mr. Aaron McLawhorn (collectively "McLawhorn Defendants") for alleged violations of federal environmental laws. Plaintiffs filed their Amended Complaint on April 25, 2013;

WHEREAS, Plaintiffs' Civil Case alleges, *inter alia,* that the Taylor Defendants, Taylor Finishing (hereinafter "Facility"), McLawhorn Livestock Farm, Inc., and the McLawhorn Defendants (collectively "Defendants") caused the release of pollutants, including nitrogen, phosphorus and bacteria, onto the lands and into waters surrounding the Facility, which is located in the coastal plain of North Carolina within the Neuse River Basin. Plaintiffs further alleged that Defendants have caused, and/or continue to cause, illegal discharges of pollutants without a permit, illegal open dumping of swine waste, and/or illegal treatment, storage, and disposal of swine waste, creating an imminent and substantial endangerment to human health and the environment in violation of the CWA and/or RCRA;

WHEREAS, Plaintiffs' Complaint seeks (1) a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys' and expert witness' fees from the Taylor Defendants for alleged repeated violation of the CWA through continuously

1

discharges of pollutants into the waters of the United States from the Facility without a National Pollution Discharge Elimination System ("NPDES") permit, 33 U.S.C. §§ 1311(a), 1342, 1362(14); (2) a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys' and expert witness' fees, from the Taylor Defendants for alleged repeated violations of the prohibition in RCRA, Section 4005(a), 42 U.S.C. § 6945(a), against the open dumping of solid waste in the form of swine waste; and (3) a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys' fees and expert witness' fees, from the McLawhorn Defendants and Taylor Defendants for alleged contributions to the past and present treatment, storage, and disposal of solid waste that may present an imminent and substantial endangerment to the health and/or environment in violation of 7002(a)(1)(B) of RCRA 42 U.S.C. § 6972(a)(1)(B);

WHEREAS, Defendants have generally denied the allegations set forth the Complaint and deny that they are liable for violations of the CWA and RCRA;

WHEREAS, on May 14, 2015, the Taylor Defendants filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code and currently operate as debtors-in-possession, Bankruptcy Court for the Eastern District of North Carolina - Case No. 15-02730-5-SWH, ("Bankruptcy Proceeding"). On June 3, 2015, District Court Judge Dever entered an Order staying all proceedings in the Lawsuit pursuant to 11 U.S.C. § 362 as it received Debtors' filing on May 18, 2015. On October 25, 2017, the Taylor Defendants and Plaintiffs (hereafter the "Parties") announced to the Bankruptcy Court that they had reach a settlement in principle upon terms read into the record before the Bankruptcy Court. The Taylor Defendants and Plaintiffs agreed that their settlement will be subject to approval of the Bankruptcy Court and incorporated in the Reorganization Plan for the purpose of effectuating a global resolution and settlement of

2

the Civil Case and all claims and controversies asserted by the Plaintiffs against the Taylor Defendants or existing between the Parties in the Bankruptcy Proceeding and in District Court;

WHEREAS, the Parties agree, without final adjudication of the issues of fact or law, that settlement of this matter is fair, reasonable and in the public interest, and stipulate that in order to resolve the claims set forth in Plaintiff's Amended Complaint, this Settlement Agreement is in the best interests of the Parties thereto;

WHEREAS, settlement of these claims does not constitute an admission of liability by Defendants, nor does settlement constitute an acknowledgement by Defendants that the Facility posed or poses a threat to human health or the environment. Further, settlement of these claims does not constitute an admission by Plaintiffs that the Facility is in compliance with the CWA or RCRA, nor does it constitute an acknowledgement by Plaintiffs that the Facility does not pose a threat to human health or the environment; and

WHEREAS, Plaintiffs and Taylor Defendants agree that it is in the interest of the public, the Parties, and judicial economy to resolve the claims in this lawsuit without further litigation.

NOW, THEREFORE, the Parties hereby agree as follows:

## I.    APPLICATION AND SCOPE

1.    **Binding Nature:** The provisions of this Settlement Agreement shall apply to, and be binding upon, the Parties, as well as their officers, directors, employees, successors, and assigns.

2.    **Effective Date:** This Settlement Agreement, and all of the provisions herein, shall become effective, binding and enforceable upon the Bankruptcy Court's entry of an Order approving its terms in accordance with 33 U.S.C. ¶ 1365(c)(3).

## II.    DEFINITIONS

3

3.    The following definitions shall apply to this Settlement Agreement:

a.    "Sludge" means solid, semi-solid, liquid or slurry residue generated during the treatment or storage of animal waste.

b.    "Design Volume" means the design minimum treatment volume as described in U.S. Department of Agriculture North Carolina Practice Standard 359.

c.    "Offsite" means land application areas located outside of the Facility boundaries reflected on Exhibit 1.

d.    "Lagoon" means a confined body of water to hold animal byproducts including bodily waste from animals or a mixture of waste with feed, bedding, litter or other agricultural materials.

e.    "Lagoon 1" means the smallest lagoon located on the western side of the confinement barns.

f.    "Lagoon 2" means the lagoon located on the northeastern side of the confinement barns.

g.    "Lagoon 3" means the lagoon located on the southeastern side of the confinement barns.

h.    "Facility's Permit" means Permit AWS 520002 issued to the Taylor Defendants by the North Carolina Department of Environmental Quality, including their Certified Animal Waste Management Plan, and subsequent permits governing the operation of the animal waste management system of the Taylor Defendants by any permitting agency.

i.    "Reorganization Plan" means the Plan of Reorganization filed by the Taylor Defendants in the U.S. Bankruptcy Court for the Eastern District of North Carolina,

4

New Bern Division, Case No. 15-02730-5-SWH [Doc. No. 223] (July 6, 2016) and modifications thereto.

j.   "Plaintiffs" shall mean the Plaintiff organizations, parent corporations and subsidiaries, together with their respective officers, members, agents, employees, predecessors, successors and assigns.

### III.   SETTLEMENT TERMS

4.   **Annual Facility Lagoon Inspection and Survey:** As required by the terms of the Facility Permit, the Taylor Defendants shall conduct periodic inspections (at least on an annual basis) of sludge levels and complete a sludge survey to evaluate sludge levels in relation to lagoon design volume. The Taylor Defendants shall create and retain complete records of all sludge inspections and surveys.

5.   **Lagoon Sludge Removal:** The Taylor Defendants shall remove sludge from the Facility Lagoons as necessary to ensure that sludge levels do not exceed 50% of the design volume for the respective lagoon. Additionally, the Taylor Defendants shall remove sludge from Taylor Finishing Lagoon 1 within eighteen (18) months after the effective date of this Settlement Agreement, in a manner previously approved by the State of North Carolina. Sludge shall be removed all Facility Lagoons as necessary to ensure that sludge levels do not exceed 50% of the design volume for the respective lagoon based on the results of the annual sludge surveys.

6.   **Land Application of Sludge:** The Taylor Defendants shall ensure that all sludge removed from Facility Lagoons is taken off site for land application, applied at agronomic rates and in accordance with the terms of the Facility's permit.

5

7.    **Offsite Land Application Areas:** The Taylor Defendants shall continue to use offsite land application areas for management of swine waste to the same extent, or greater than, than they have during the course of the Bankruptcy Proceeding, and shall conduct all land application in accordance with the terms of the Facility permit.

8.    **Compliance with Permit:** The Taylor Defendants shall operate the Facility in accordance with the terms of the Facility's permit.

9.    **Facility Reorganization Plan:** The Taylor Defendants will modify their Bankruptcy Reorganization Plan to remove any language that is intended, or could be interpreted, to relieve the Taylor Defendants of liability for future violations (meaning post-petition violations) of state or federal environmental laws  Additionally, the Taylor Defendants will recognize this Settlement Agreement as part of their Reorganization Plan and shall comply with the terms of the Reorganization Plan and this Settlement Agreement.  The Taylor Defendants are released from liability to Plaintiffs for violations of federal law only to the extent provided by Section VII of this Settlement Agreement.

10.    **Public Statements:** The Parties agree to issue a joint press release upon the approval of this Settlement Agreement by the Bankruptcy Court, provided the language is mutually agreeable to the Parties. The Parties agree that future public statements by all Parties regarding this settlement, directly or through a third party including, but not limited to, the NC Farm Families organization, will be consistent with the spirit and intent of the Settlement Agreement and the joint press release.

11.    **Withdrawal of Appeal on Expert Discovery Order:**  Within ten (10) days after the approval of this Settlement Agreement, Plaintiffs will withdraw their appeal of the

6

Bankruptcy Court's September 12, 2017 Order regarding expert discovery [Bankruptcy Proceeding - Docket #330].

12.   **Sampling Testing and Aerial Photography:** Plaintiffs agree that they will not take water samples from: (1) any stream, ditch, or other body of water that is adjacent to the Facility, including a prohibition on taking samples from the Ben Banks Road bridge, or (2) from any stream, ditch, or other body of water that is adjacent to and adjoining the Weyerhauser property and the Facility, for a three-year period beginning on the approval date of this Settlement Agreement. Plaintiffs further agree they will not engage in soil testing on any land or soil that is adjacent to the Facility or on the Weyerhauser property adjacent to the Facility, nor will Plaintiffs engage in low altitude photography related to the Facility for the same three-year period beginning on the effective date of this Settlement Agreement. This Paragraph 12 shall not apply should the Debtors sell the Facility to a third-party.

13.   **Attorney Fees, Expert Fees and Other Costs:** Plaintiffs and Defendants agree that all Parties to this Settlement Agreement will bear their own attorney fees, expert fees or any other costs or expenses directly or indirectly associated with the Civil Case and the Bankruptcy Proceeding, and that no Party will seek to recover their fees, expenses and/or costs associated with the Civil Case and Bankruptcy Proceeding from any other Party.

14.   **Enforcement of Settlement Agreement:** No automatic stay or discharge injunction in the Bankruptcy Proceeding shall prevent the filing of motions to enforce this Settlement Agreement. The Parties may seek enforcement of the terms of this Settlement Agreement in Bankruptcy Court.

### IV.   NOTIFICATIONS

7

15.   All notifications, submittals, reports, and other information required by this Settlement Agreement shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other parties in writing.

As to Waterkeeper Alliance:

Daniel Estrin
180 Maiden Lane
Suite 603
New York, NY 10038

Will Hendrick
976 Martin Luther King, Jr., Blvd., Suite P
Chapel Hill, NC 27517

As to Sound Rivers

Heather Deck
108 Gladden Street
Washington, NC 27889

As to the Taylor Defendants:

David J. Haidt
307 Metcalf Street
New Bern, NC 28563

## V.     CONTINUING JURISDICTION

16.   **Continuing Jurisdiction**: Notwithstanding the dismissal of the Civil Case, the Bankruptcy Court shall retain jurisdiction to resolve any disputes arising under the Settlement Agreement and for issuing such further orders or directions as may be necessary or appropriate to construe, implement, modify, or enforce the terms of this Settlement Agreement.

## VI.    EFFECT OF SETTLEMENT, CONSENT DECREE AND RELEASE

8

17.    **Plaintiffs' Release of Claims:** Unless otherwise reserved in this Settlement Agreement, the Parties agree that this Settlement Agreement resolves all claims in the Civil Case, as well as all claims and actions against the Taylor Defendants in the Bankruptcy Proceeding. The Parties agree that upon entry of this Settlement Agreement, Plaintiffs release and covenant not to sue Defendants, their family members, their parent corporations, subsidiaries, predecessors, or successors and their respective attorneys, agents, directors, officers, and employees with respect to any and all contentions, claims, causes of action, suits, or demands of any kind whatsoever, including attorney fees, expert costs, or other litigation expenses, whether in law or equity, known or unknown, that Plaintiffs brought, or could have brought prior to the effective date of this Settlement Agreement, whether related to the Taylor Defendants, or Plaintiffs' investigation and litigation of the matters raised in the Civil Case and/or the Bankruptcy Proceeding.

18.    **Defendants' Release of Claims:** Unless otherwise reserved in this Settlement Agreement, the Parties agree that this Settlement Agreement resolves all claims in the Civil Case, as well as all of all claims and actions against Plaintiffs in the Bankruptcy Proceeding, including all motions against Plaintiffs, including but not limited to the Motion for Sanctions for violation of 11 U.S.C. § 362. The Parties agree that upon Bankruptcy Court approval of this Settlement Agreement, the Taylor Defendants and their directors, officers and employees release and covenant not to sue Plaintiffs, their parent corporations, subsidiaries, predecessors, or successors and their respective attorneys, agents, directors, officers, and employees with respect to any and all contentions, claims, causes of action, suits, or demands of any kind whatsoever, including attorney fees, expert costs, or other litigation expenses, whether in law or equity, known or unknown, that Defendants brought,

9

or could have brought, prior to the effective date of this Settlement Agreement, relating to the Facility, Plaintiffs' investigation and litigation in this matter, Plaintiffs' Amended Complaint, and/or the Bankruptcy Proceeding.

19. **Claims for Continuing Violations of Environmental Laws at Facility:** Plaintiffs agree that they will not file any new citizen suit against the Taylor Defendants relating to the Facility for three years after the effective date of this Settlement Agreement. After the expiration of that three-year period, the Bankruptcy Court will serve as a gatekeeper for an additional four-year period to review any new citizen suit against the Taylor Defendants that Plaintiffs intend to file regarding the Facility. During this four-year period, Plaintiffs therefore acknowledge and agree that in addition to required statutory notifications to appropriate federal and state agencies, Plaintiffs shall also be required to notify the Bankruptcy Court which may take any and all action that it is authorized to take under governing laws, including Section 105 of the Bankruptcy Code, 11 U.S.C. § 105, in a manner to be established by the Bankruptcy Court.

20. **Voluntary Dismissal:** Based upon the representations and commitments herein and upon 45 days prior notice to the Attorney General of the United States and the Administrator of the EPA pursuant to 33 U.S.C. 1365(c)(3), Plaintiffs' Civil Case shall be DISMISSED WITH PREJUDICE pursuant to entry of a Consent Decree by Judge Dever in District Court which shall attach this Settlement and Release Agreement    and Plaintiffs shall withdraw their monetary claims in the Bankruptcy Proceeding together with pending objections to the Taylor Defendants' Reorganization Plan. The Bankruptcy Court approves the filing of the Consent Decree in the District Court and also approves a Rule 41(a)

10

Stipulation of Dismissal with respect to remaining parties remaining in the District Court Action and such filings (and those related to them) shall not be subject to 11 U.S.C. § 362.

21.   **No Waiver of Rights:** By entering into this Settlement Agreement, Plaintiffs do not waive any right they have to bring suit against Defendants three years after the effective date of this Settlement Agreement, subject to the requirements of Paragraph 19 herein. Further, by entering into this Settlement Agreement, Defendants do not waive any claim or defenses they may have in any action brought by the Plaintiffs three years after the effective date of this Settlement Agreement. Plaintiffs and Taylor Defendants agree that, other than issues related to implementation of this Settlement Agreement reserved for the Bankruptcy Court herein, any new suit shall be brought in a separate action in District Court and not pursuant to this Settlement Agreement.

## VII.   MODIFICATION

22.   **Entire Agreement:** This Settlement Agreement constitutes the entire agreement of Plaintiffs and Defendants regarding the matters currently pending in the Civil Case and Bankruptcy Proceeding. Neither prior drafts of the Settlement Agreement nor any other prior statements, agreements or understandings, oral or written, shall be used in any action involving the interpretation or enforcement of this Settlement Agreement.

23.   **Modifications:** This Settlement Agreement shall not be modified except by express written agreement of all Parties. Any modification agreed to by all Parties shall not be effective or enforceable in the absence of a Bankruptcy Court order approving the modification.

## VIII.   DISPUTE RESOLUTION

11

24.    **Dispute Resolution:**  Plaintiffs and Defendants agree to provide opposing counsel for all Parties written notice of any dispute related to compliance with this Settlement Agreement at least thirty days prior to filing any request for relief with the Bankruptcy Court. During that thirty-day time period, and prior to seeking relief from any Bankruptcy Court, Plaintiffs and Defendants agree to attempt to resolve any disputes regarding this Settlement Agreement that may arise by agreement. This period may be extended by written agreement of the Parties. Nothing in this paragraph is intended to preclude the parties, or their representatives, from engaging in informal communications to attempt to resolve any potential disputes. Any petition to the Bankruptcy Court seeking resolution of a dispute after the thirty-day informal dispute resolution process shall be initiated by filing a motion asking the Bankruptcy Court to resolve the dispute that (1) describes the nature of, and basis for, the dispute, (2) sets forth the steps taken to resolve it informally and the results, (3) proposes a resolution, and (4) states that the party filing the motion has made a diligent, good faith effort to resolve the dispute informally. Within fifteen days after receipt of the motion, the other parties to the dispute shall file their response, which may include an alternative for resolution and/or a counter motion for enforcement of the Settlement Agreement. The Bankruptcy Court's ruling on the dispute shall be binding, final and non-appealable regarding the matter submitted for resolution.

## IX.    BREACH

25.    **Remedy for Breach:** Plaintiffs and Defendants agree that any party may file a motion to enforce the Settlement Agreement and/or any related court order in Bankruptcy Court. The remedy for breach of this Settlement Agreement shall be an order enforcing the terms of the Settlement Agreement. However, remedies for failure to comply with a court order

12

directing compliance with the Settlement Agreement are determined by the discretion of the court.

## X.    SEVERABILITY

26.   **Severability and Court Acceptance:** Wherever possible, each provision of this Settlement Agreement shall be interpreted in such a manner as to be effective and valid. If subsequent to approval by the Bankruptcy Court any provision of this Settlement Agreement is determined to by prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or any the remaining provisions this Settlement Agreement.

## XI. ASSIGNABILITY

27.   The obligations of the Defendant Taylors under Part III, Paragraphs 4,5,6,7, and 8 of this Settlement Agreement shall be binding upon future owners of the Facility. Otherwise, this Settlement Agreement shall not be assignable to any third party that operates or owns the Facility without the express prior written consent of all Parties.

## XII. SIGNATORIES

28.   Each undersigned representative of the Plaintiffs and Defendants certifies that he or she is fully authorized to enter into and execute the terms and conditions of this Settlement Agreement, and to legally bind such respective party to this Settlement Agreement. The terms of this Settlement Agreement apply to, are binding upon, and inure to the benefit of Plaintiffs and Defendants, as well as their successors, assigns, and designees.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK; SIGNATURE PAGES FOLLOW*]

13

IN WITNESS WHEREOF, each of the undersigned has executed this Agreement as of the date indicated below.

**FOR THE PLAINTIFFS:**

**Waterkeeper Alliance, Inc.**

By: Daniel E. Estrin
Title: General Counsel & Advocacy Director
Date: March 23, 2018

**Neuse Riverkeeper Foundation, Inc.**
**n/k/a Sound Rivers, Inc.**

By:
Title:
Date:

14

IN WITNESS WHEREOF, each of the undersigned has executed this Agreement as of the date indicated below.

**FOR THE PLAINTIFFS:**

**Waterkeeper Alliance, Inc.**

By: _____
Title:
Date:

**Neuse Riverkeeper Foundation, Inc.
n/k/a Sound Rivers, Inc.**

By: Heather E. J. Deck
Title: Executive Director
Date: 3-22-18

14

**FOR THE TAYLOR DEFENDANTS:**

**Donald E. Taylor, individually and d/b/a
Taylor Finishing**

Donald E. Taylor

Date: 3 . 23 - 20 18

**Annie T. Taylor, individually and d/b/a
Taylor Finishing**

Annie T Taylor

Date: 3/23/2018

[*END OF DOCUMENT*]

15